IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMY HAMM ) | |
| ) | |
|     Plaintiff, ) | |
| ) | Case No. 2:20-cv-1515 |
| v. ) | |
| ) | District Judge Susie Morgan (Sect. E) |
| ACADIA HEALTHCARE CO., INC.; ) | |
| RED RIVER HOSPITAL, LLC; AND ) | Magistrate Judge Donna Phillips |
| OCHSNER-ACADIA, LLC ) | Currault (Division 2) |
| ) | |
|     Defendants. ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER**

Plaintiff's pending Motion to Amend Scheduling Order, R. Doc. 175, does not meet the required good cause standard and attempts to make numerous changes to the scheduling order for which she does not provide any legitimate explanation at all. Plaintiff bases her entire motion on the importance of setting deadlines for Rule 23 class certification. *Id.* at 4–6. Yet, her motion and proposed order also unilaterally and without justification moves or reopens several other crucial deadlines that would prejudice Defendants. In particular, Plaintiff proposes a scheduling order that: (1) revives the deadline to amend the pleadings, which passed nearly two years ago; (2) sets a deadline for decertification of August 9, 2023; (3) pushes the deadline for expert discovery from May 12, 2023 to January 12, 2024; (4) pushes the deadline for discovery from June 13, 2023 to March 12, 2024; (5) sets a dispositive motion deadline for March 12, 2024; and (6) delays trial by at least a year. *Id.* Because Plaintiff fails to provide good cause for doing so, Defendants respectfully request that the Court deny the motion.

1

Courts determine whether to amend a scheduling order under the good cause standard outlined in Federal Rule of Civil Procedure 16. *See* Fed. R. Civ. P. 16(b)(4). Four factors aid courts in determining whether a movant has shown good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir. 2003). Courts consider these four factors in totality and do "not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 U.S. Dist. LEXIS 95667, *3 (N.D. Tex. Oct. 13, 2009), *aff'd*, 679 F.3d 323 (5th Cir. 2012). For several reasons, these factors weigh against amending the scheduling order.

***First***, Plaintiff's argument that moving discovery deadlines is warranted because Defendants have delayed responding to Plaintiff's written requests is incorrect. As detailed in Defendants' contemporaneously filed response in opposition to Plaintiff's Motion to Compel, Defendants have worked in good faith to resolve any discovery disputes with Plaintiff without the need for Court involvement. Throughout this lawsuit, Defendants have timely responded to 99 Requests for Admission, 49 Interrogatories, and 107 Requests for Production and have also produced over 8,000 pages of documents. R. Doc. 32; 36; 36-3; 36-4; 38. In contrast, Plaintiff has repeatedly delayed this case with meritless discovery motions and improper discovery conduct. R. Doc. 179 at 2–5.

***Second***, Plaintiff's request to push discovery comes amidst their own delay. Defendants served reasonable written discovery requests to the opt-in plaintiffs on February 7, 2023. Plaintiff, however, has failed to fully respond, employing a meritless Motion for Protective Order to cause further delay. R. Doc. 168; 168-1; 168-2; 170. Moreover, her most recent wave of

discovery requests were served only a couple of weeks ago even though they could have been served months ago. R. Doc. 179 at 4. Courts throughout the Fifth Circuit routinely deny proposed amendments to discovery deadlines where, as here, the moving party does "not establish[] that it exercised due diligence in attempting to meet the [original] scheduling order deadlines or that it was unable to meet the deadlines despite exercising due diligence." *Conceal City, L.L.C. v. Looper Law Enforcement, LLC*, 2013 U.S. Dist. LEXIS 154426, *17–18 (N.D. Tex. Oct. 28, 2013); *see also id.* at *8 ("Even assuming that some of the four factors weigh in favor of amending the scheduling order, the court in its discretion can decline to amend the scheduling order when the party seeking the amendment offers no explanation for [her] failure to meet a deadline."). Here, Plaintiff provides no reason for her own delays.

*Third*, Plaintiff never raised with Defendants any of the concerns underlying her motion until last month. Where a party fails to explain its reason for "waiting until this late date" to file such a motion, courts in the Fifth Circuit are want to grant any amendments to the scheduling order. *HDRE Bus. Partners Ltd. Grp., LLC v. Rare Hospitality Int'l, Inc.*, 2012 U.S. Dist. LEXIS 201007, *4–5 (W.D. La. Nov. 20, 2012) (denying party's motion to amend where party "could have long ago requested" the scheduling order relief requested); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (affirming denial of motion to amend scheduling order where movant "offered no explanation for her untimely request").

*Fourth*, Plaintiff fails to provide any reason, let alone good cause, for several of its requests. For example, Plaintiff attempts to revive pleading deadlines for the apparent purpose of of adding more parties to the litigation, yet she fails to address such a request in her motion at all. Courts throughout the Fifth Circuit deny motions to amend where a moving party fails to explain reasons for amending parts of a scheduling order. *See Fahim*, 551 F.3d at 348; *Federico v. State*

3

*Farm Gen. Ins. Co.*, 2008 U.S. Dist. LEXIS 110850, *5–6 (E.D. La. Dec. 15, 2008); *Wilson v. State Farm Fire & Cas. Co.*, 2007 U.S. Dist. LEXIS 93453, *6 (E.D. La. Dec. 19, 2007).

**Fifth**, delaying discovery deadlines and trial would prejudice Defendants, who are eagerly seeking to move forward with this litigation in a timely and efficient manner. *See Conceal City, L.L.C.*, 2013 U.S. Dist. LEXIS 154426 at *10 (denying motion to amend where doing so would prejudice Defendants who are "seeking to get to trial on its action").

For the foregoing reasons, Plaintiff fails to provide any valid reason—let alone good cause—for unilaterally amending the scheduling order. Defendants therefore respectfully request that Plaintiffs' motion, R. Doc. 175, be denied.

Respectfully submitted:

/s/ *Philip J. Giorlando*
Philip J. Giorlando (La. Bar No. 38234)
BREAZEALE, SACHSE & WILSON, LLP
First Bank & Trust Tower, Suite 1500
909 Poydras Street
New Orleans, LA 70112
Phone: 504-680-5244
philip.giorlando@bswllp.com

Andrew S. Naylor (admitted *pro hac vice*)
Frederick L. Conrad III (admitted *pro hac vice*)
HOLLAND & KNIGHT, LLC
Nashville City Center
511 Union Street, Suite 2700
Post Office Box 198966
Nashville, Tennessee 37219-8966
Phone: 615-244-6380
andy.naylor@hklaw.com
trip.conrad@hklaw.com

*Counsel for Defendants Acadia Healthcare Co., Inc., Red River Hospital, LLC; and Ochsner-Acadia, LLC*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Opposition to Plaintiff's Motion to Amend Scheduling Order has been served via CM/ECF to all listed counsel for Plaintiffs, including:

Joseph C. Peiffer (La. Bar No. 26459)
Daniel Centner (La. Bar No. 33055)
PEIFFER WOLF CARR KANE & CONWAY, APLC
1519 Robert C. Blakes, Sr. Drive
New Orleans, Louisiana 70130
Tel: 504-523-2434
JPeiffer@pwcklegal .com
DCentner@pwcklegal.com

Carolyn H. Cottrell (CA Bar No. 166977) (admitted *pro hac vice*)
Ori Edelstein (CA Bar No. 265409) (admitted *pro hac vice*)
SCHNEIDER WALLACE COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com

*Counsel for Plaintiff*

on this the 2nd day of May, 2023.

/s/ *Philip J. Giorlando*