UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AMY HAMM, on behalf of herself and all others similarly situated | * | CIVIL ACTION |
| | * | NO. 20-1515 |
| VERSUS | | |
| | * | SECTION "E" (2) |
| ACADIA HEALTHCARE CO., INC., ET AL. | | |

## ORDER AND REASONS

Before me is Defendants Acadia LaPlace Holdings, LLC and Ochsner-Acadia, LLC's ("Defendants") Motion to Compel Responses to Notices of Deposition.  ECF No. 215.  Plaintiffs timely filed an Opposition Memorandum.  ECF No. 216.  Defendants sought leave and filed a Reply Memorandum.  ECF Nos. 217, 219.  No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendants' motion is DENIED WITHOUT PREJUDICE for the reasons stated herein.

## I.    BACKGROUND

### A.   Relevant Case History

On May 22, 2020, Plaintiff Amy Hamm brought suit on behalf of herself and all other similarly situated individuals who have worked for Defendants Acadia Healthcare Company, Inc., Red River Hospital, LLC, and Ochsner-Acadia, LLC, seeking payment for all hours worked, including overtime and meal periods.  ECF Nos. 1, 69 ¶¶ 1,4,7.  On July 13, 2022, the Court conditionally certified the collective action consisting of all current and former hourly, non-exempt employees directly involved with patient care at any facility owned/operated by Defendants during the three year period before and through resolution this case.  ECF No. 129 at 1, 11.  The collective

1

action notice period closed on December 27, 2022, with 67 opt-ins.  ECF No. 161-1 at 1-2.  Plaintiff did not file a motion for Rule 23 certification.  ECF No. 171-1.  After agreeing that the Rule 23 class certification decision must be made before proceeding with other issues in this hybrid FLSA collective/Rule 23 class action, the court amended the scheduling order to add deadlines related to Rule 23 class certification and FLSA decertification, as well as to add a deadline to file amended pleadings.  ECF Nos. 182, 188, 189.  Any motion for Rule 23 class certification or FLSA decertification must be filed and served no later than January 10, 2024.  ECF No. 193 at 2-3.

On May 3, 2023, the district court issued an Order instructing Plaintiff to provide written discovery responses from the 46 opt-in plaintiffs who had not yet responded to Defendants' discovery requests within fourteen days.  On May 30, 2023, Defendants moved to dismiss the claims of the opt-in plaintiffs who had still not provided responses.  ECF No. 190.  The district court ordered Plaintiffs to provide all outstanding discovery responses from the opt-in Plaintiffs on or before July 18, 2023, and indicated that any Plaintiff who failed to comply with their discovery obligations would be dismissed without prejudice.[1]  ECF No. 204.  Defendants filed a status report on July 19, 2023 identifying which Plaintiffs timely responded, which Plaintiffs served untimely responses, and which Plaintiffs failed to respond whatsoever.  ECF No. 207.  On July 21, 2023, the district court dismissed without prejudice the 37 Plaintiffs who failed to respond, reducing the number of opt-in plaintiffs to 29.[2]

---

[1] In this July 12, 2023 Order and Reasons, Judge Morgan indicated that representative sampling is not warranted in this action given the relatively small number of opt-in plaintiffs.  ECF No. 204 at 7.
[2] Defendants indicate that Joy Wilson, who was initially an opt-in, is now a named Plaintiff.  ECF No. 215-1 at 1 n.1.

**B.   The Motion to Compel**

Defendants now seek to compel the depositions of 19 of the remaining 29 opt-in Plaintiffs[3] who allegedly have refused to provide dates to appear for a deposition or failed to appear for deposition without explanation after providing a date.  ECF No. 215.  Defendants indicate that they issued deposition notices on a rolling basis[4] as opt-in Plaintiffs served their discovery responses, but despite repeated reminders and requests for dates from defense counsel and promises to comply by Plaintiffs' counsel, Defendants have only been able to take three substantive depositions and schedule seven other depositions,[5] and the discovery deadline is December 8, 2023.  ECF No. 215-1 at 3-5.  Defendants argue that Plaintiffs' failure to respond to the notices of deposition is prejudicial and denies them information and evidence relevant to their defenses.  *Id*. at 6.  Defendants further aver that courts in the Fifth Circuit and across the country routinely compel dilatory plaintiffs in FLSA cases to perform discovery obligations, Plaintiffs were explicitly informed of their discovery obligations on the opt-in notice, and any individual who consents to join an action under Section 216(b) of the FLSA, 29 U.S.C. § 216(b), is subject to discovery in the case as a party-plaintiff.  *Id*.  Defendants thus request this Court compel Plaintiff to provide deposition dates for the remaining opt-in Plaintiffs who have not responded and

---

[3] Defendants seek to compel responses to deposition notices by opt-in Plaintiffs (1) Shaleah Ferrygood; (2) Winnesha Harrison; (3) Carmesha Harris; (4) Darria Moore; (5) Nichelle Akins; (6) Wilbert Marcell; (7) Tanya Charles-Morris; (8) Constance Schexnayder; (9) Julia Johnson; (10) Natasha Johnson; (11) Sabena Stevenson; (12) Tara Carr; (13) Quincy Barnett; (14) Eshantti Smith-Trask; (15) Phylecia Reid; (16) Julius Boudoin III; and (17) Freddie Jones and participation in deposition (after failing to appear for noticed depositions) by (1) Michelle Joseph and  (2) Ebonie Jones.

[4] Defendants issued deposition notices to sets of opt-in Plaintiffs on May 12, 2023, May 23, 2023, and July 20, 2023.

[5] Defendants have deposed Nadia Hart, Bettina Schreiner, and Kiana Washington-Gauff and scheduled the depositions of (1) Shawntell Stockman; (2) Keyana Marquez; (3) Marquita Abbate; (4) Tracy Cook; (5) Cassandra Bailey; (6) Maggie Rogers; and (7) Erin Forney.

"explicitly warn Plaintiffs that any opt-in plaintiffs who fail to respond by that date are subject to dismissal." *Id*. at 1-2, 6-7.

Plaintiffs oppose the motion, arguing that it fails procedurally and substantively because the motion was filed after undue delay, Defendants failed to comply with this Court's meet and confer requirements, and individualized deposition discovery is "not required to develop the information relevant to the parties' claims and defenses." ECF No. 216.  Plaintiffs suggest that Defendants' reading of Rule 30 is untenable as same would entitle each plaintiff 10 depositions regardless of redundancy, hence strict adherence to the Federal Rules of Civil Procedure would allow for unreasonable results, such as entitling Plaintiffs to nearly 300 depositions.  *Id*. at 1, 7. The parties began discussing FLSA opt-in depositions several months ago but failed to reach agreement as Plaintiffs oppose collective-wide depositions and Defendants refuse to cap their depositions at 15.  *Id*. at 2.  As such, Plaintiffs argue, the motion to compel should be denied as untimely.  *Id*. at 3-4.

Plaintiffs also assert that individualized deposition discovery is not required in FLSA actions and courts regularly limit the number of depositions in collective actions.  *Id*. at 5-7.   In support of this assertion, Plaintiffs attach an order issued in *Clark v. Centene Corp.*, Civil No. 12-174 (W.D. Tex. May 22, 2014), an FLSA collective action involving five main plaintiffs and twenty-five opt in plaintiffs wherein the court permitted depositions of up to 10 opt-in plaintiffs but ordered defense counsel to warn defendants of the expenses associated with such discovery. ECF No. 216-6.   Plaintiffs further claim that depositions of over half the collective will not prejudice Defendants given that this case involves one mental-health facility with four wings, which sections often share staff.  *Id*. at 7.

In reply, Defendants attribute the delay in filing the motion to Plaintiffs' failure to cooperate in good faith and dispute the assertion that the parties failed to meet and confer. ECF No. 219. Defendants also dispute the argument that individualized deposition discovery is not required to develop the information relevant to claims and defenses and assert that this argument is contrary to applicable caselaw and this Court's prior discovery rulings. *Id*. at 3. Defendants note that the opt-in classes in the cases cited by Plaintiffs were much larger and faced logistical issues that are not present in this case. *Id*. at 3-4. Defendants also clarify that the total number of opt-in plaintiffs who have failed to respond to deposition notices is now 16, as Plaintiffs provided a deposition date for Wilbert Marcell after the motion was filed. *Id*. at 4.

## II.   APPLICABLE LAW AND ANALYSIS

### A.   Rule 37's Meet and Confer Requirement

In connection with a discovery motion, Rule 37(a)(1) of the Federal Rules of Civil Procedure requires:

> The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

To ensure compliance with this Rule, this Court expressly requires the parties to provide detailed information in the required Rule 37 certification.[6] These instructions further direct that the "meet and confer [must be] either in person or by telephone, not simply via email exchange."[7]

Defendants fail to attach a Rule 37 certification to their motion to compel, and Plaintiffs assert that the parties did not engage in a good faith meet-and-confer before the motion was filed. Defendants dispute the contention, asserting that the parties conferred about collective-wide

---

[6] *Motions & Oral Argument, The Honorable Donna Phillips Currault*, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, http://www.laed.uscourts.gov/judges-information/judge/honorable-donna-phillips-currault (last visited October 21, 2023).
[7] *Id.*

depositions via telephone and email exchange.  The failure to engage in a fulsome meet and confer on each disputed issue prior to filing a discovery motion constitutes sufficient reason in itself to deny the motion.[8]  However, in the interests of expediency and judicial economy, the court may address the matter notwithstanding that failure.

### B.  Rule 30(a)(2)'s Presumptive 10-Deposition Limit

Rule 30(a)(2)(A)(i) limits the number of depositions that may be taken without leave of court:  "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . if the parties have not stipulated to the deposition and . . . the deposition would result in more than 10 depositions being taken [by any party]."  FED. R. CIV. P. 30(a)(2).  Rule 26(b)(1)'s relevance and proportionality standards must be analyzed in deciding whether to allow additional depositions, as well as Rule 26(b)(2)(C)'s direction that the court limit discovery when (a) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (b) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (c) the discovery is outside of the scope of Rule 26(b)(1).[9]

Courts generally require the party seeking leave to show "why each of the requested depositions concerns an issue material to the case and why each deposition is not unreasonably cumulative or duplicative . . . ."[10]  Further, the movant must justify the necessity of the depositions

---

[8] *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014) (stating the Rule 37 certification is a prerequisite); *see also Greer v. Bramhall*, 77 F. App'x 254, 255 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying motion to compel for failing to follow Rule 37); *D.H. Griffin Wrecking Co., Inc. v. 1031 Canal Dev., L.L.C.*, No. 20-1051, 2020 WL 8265341, at *3 (E.D. La. Apr. 16, 2020) (citing cases).

[9] *United States v. RES Holdings*, No. 11-739, 2012 WL 4369658 (E.D. La. Sept. 24, 2012).

[10] *Egana v. Blair's Bail Bonds, Inc.*, No. 17-5899, 2019 WL 8277616, at *1 (E.D. La. Jan. 23, 2019) (citing *Am. Elec. Power Co. v. Affiliated FM Ins. Co.*, No. 02-1133, 2005 WL 8155306 at *3 (M.D. La. June 21, 2005)).

already taken in the case.[11]   The "mere fact that more than ten persons may have discoverable information does not mean that taking more than ten depositions makes sense."[12]   If the case involves complex facts or claims[13] or when the witness is employed by the defendant or is not required to provide information informally,[14] courts have allowed altered the 10 deposition limit to allow the discovery.

## C.  Depositions in Post-Conditional Certification FLSA Cases

The Federal Rules do not contain an exception to Rule 30(a)(2)'s presumptive 10 depositions absent leave of court for collective actions, class actions, or any other cases in which there are more than 10 plaintiffs.[15]   As such, rule 30(a)(2)'s limitations "apply to class actions and FLSA collective actions, regardless of the size of the number of plaintiffs."[16]

---

[11] *DeGraw v. Gualtieri*, No. 18-2116, 2019 WL 5423317, at *4 (M.D. Fla. Oct. 23, 2019) (citing *F.D.I.C. v. Nason Yeager Gerson White & Lioce, P.A.*, No. 2:13-cv-208, 2014 WL 1047245, at *2 (M.D. Fla. Mar. 17, 2014); *Bituminous Fire & Marine Ins. Corp. v. Dawson Land Dev. Co., Inc.*, No. 3:02-cv-793, 2003 WL 22012201, at *1 (M.D. Fla. Feb. 13, 2003) (stating that a party seeking to exceed the presumptive number of depositions must make a particularized showing of why the discovery is necessary); *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 483 (N.D. Tex. 2001) (finding that otherwise a party could indirectly circumvent the cap on depositions by exhausting the maximum allotted number to take those that she could not justify under the Rule 26(b)(2) standards, and then seeking leave to exceed the limit in order to take depositions that she could substantiate)).

[12] *Egana*, 2019 WL 8277616 at *2 (citing *Lebron v. Ensco Offshore Co.*, No. 12-1901, 2013 WL 3967165, at *1 (W.D. La. July 31, 2013)); *see also Jones v. Cannizzaro*, No. 18-503, 2019 WL 8888002, at *4 (E.D. La. Oct. 23, 2019) (denying leave to take 14th deposition on topic that movant had ample opportunity to obtain information by discovery and should have already been addressed by 13 depositions to date, rendering the deposition cumulative or duplicative).

[13] *See, e.g.*, *Res Holdings*, 2012 WL 4369658, at *2 ("[T]he complex facts involved in this case warrant an extension of the typical ten-deposition limit."); *L.W. v. Lackawanna Cty.*, No. 3:14-CV-01610, 2015 WL 2384229, at *1 (M.D. Pa. May 19, 2015) (finding that plaintiffs satisfied particularized showing required by Rules 30(a)(2)(A) and (26)(b)(2) in complex case); *Laryngeal Mask Co. Ltd. v. Ambu A/S*, No. 3:07-CV-01988, 2009 WL 10672436, at *4 (granting additional depositions because "[t]his is a complex case, involving a number of corporate plaintiffs and defendants as well as complicated factual and legal issues . . . ."); *Corey Airport Servs., Inc. v. City of Atlanta*, No. 1:04-CV-3243-CAP, 2007 WL 9717220, at *2 (N.D. Ga. Feb. 20, 2007) (allowing more than 15 depositions because of "highly complex" underlying facts and numerous defendants); *Genentech, Inc. v. Insmed Inc.*, 442 F. Supp. 2d 838, 848 (N.D. Cal. 2006) (allowing five additional depositions as part of discovery on willfulness, as "[p]laintiffs had no control over how many firms provided opinions to Defendants and how many of Defendants' employees were privy to the opinions").

[14] *See, e.g.*, *Scott v. City of Sioux City*, 298 F.R.D. 400, 402 (N.D. Iowa 2014) (granting plaintiff's request to take a total of 21 depositions where proposed deponents were employed by defendant or not under any obligation to provide information to plaintiff); *Thykkuttathil v. Keese*, 294 F.R.D. 601, 603 (W.D. Wash. 2013) (granting additional depositions in complex matter with multiple parties on each side and where plaintiffs disclosed large number of potential witnesses).

[15] *See Johnston v. Titan Logistics & Resources*, LLC, 17-1617, 2020 WL 12631849, at *4 (W.D. Pa. Dec. 7, 2020).

[16] *Id.* at *4.

The Fifth Circuit likewise has not explicitly addressed the permissible scope of discovery in FLSA collective actions following conditional certification.[17]   The court has noted that the action proceeds as a representative action throughout discovery after the step-one conditional certification,[18] but has not addressed whether each opt-in or what percentage of opt-ins must participate in discovery.[19]   District courts differ regarding whether each opt-in plaintiff is subject to the full range of discovery or whether discovery opt-ins should be treated more like Rule 23 class members.   Some courts have ordered limited, representative discovery of named plaintiffs and opt-ins.[20]   Others have allowed individualized discovery when the number of opt-ins are few and individualized discovery is not a "tremendous burden."[21]

---

[17] *Halleen v. Belk, Inc.,* No. 16-0055, 2017 WL 1495085, at *1 (E.D. Tex. Apr. 26, 2017); *Winkler v. Sunbelt Rentals, Inc.,* No. 12-3789, 2014 WL 12596498, at *4 (N.D. Tex. July 10, 2014).

[18] *Mooney v. Aramco Servs. Co*., 54 F.3d 1207, 1214 (5th Cir. 1995), *overruled on other ground by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90-91 (2003).

[19] *Winkler*, 2014 WL 12596498, at *4.

[20] *See id.* at *1 (noting that "the Eastern District of Texas ... is one of many jurisdictions that has ordered limited, representative discovery of the named plaintiffs and opt-in plaintiffs in FLSA actions.") (quoting *Nelson v. Am. Standard, Inc.,* No. 208-390, 2009 WL 4730166, at *3 (E.D. Tex. Dec. 4, 2009)); *Repass v. TNT Crane & Rigging, Inc.,* No. 18-00107, 2021 WL 5197423, at *2 (W.D. Tex. June 11, 2021) (allowing Defendants to depose 15 out of 45 opt-ins plaintiffs and noting that  the 6 depositions already completed count towards that total); *Castellanos-Contreras v. Decatur Hotels LLC,* No. 06-4340, 2007 WL 9684059, at *10 (E.D. La. Oct. 22, 2007) (limiting depositions to 9 out of 81 opt-in plaintiffs where opt-ins were located in different countries and finding that "[i]ndividualized deposition discovery is not required to develop the information relevant to the parties' claims and defenses."); *Kervin v. Supreme Service & Specialty Co.,* No. 15-1172, 2016 WL 8257256, at *6 (E.D. La. May 24, 2016) (Roby, M.J.) (limiting depositions to 15 out of 157 opt-in plaintiffs and setting 4-hour limit for each deposition).

[21] *See Rivera v. UBM Enter., Inc.,* No. 12-496, 2014 WL 462586, at *3 (N.D. Tex. Feb. 5, 2014) (representative discovery should not be applied in a case with so few opt-in plaintiffs, sixteen in total, where plaintiffs cannot establish individualized discovery is a "tremendous burden"); *Verrett v. Pelican Waste and  Debris, LLC*. No. 20-1035, 2020 WL 12893291, at  *3-*4 (E.D. La. Aug. 5, 2020) (Roby, M.J.) (finding that discovery should proceed as to all seven FLSA plaintiffs as it was unclear that representative discovery was necessary, and plaintiffs did not present evidence that completion of individual discovery would present any undue burden beyond conclusory allegations); *Borne v. AAY Sec., LLC,* No. 17-510, 2019 WL 13210676 (E.D. Tex. July 3, 2019) (denying motion for representative discovery of 15 total opt-in plaintiffs and noting that the caselaw cited in support of representative discovery involved a "voluminous number of opt-in plaintiffs") (citing representative discovery cases involving 66, 164, 179, 1,107, 93, and 81 opt-in plaintiffs respectively); *see also Renfro v. Spartan Comput. Servs., Inc.,* No. 06-2284, 2008 WL 821950, at *3 (D. Kan. Mar. 26, 2008) (overruling objection to magistrate judge's order permitting depositions of all 27 FLSA opt-in plaintiffs because 27 noticed depositions did not raise the same efficiency concerns as cases involving "an excessive number of depositions. . . .").

Ultimately, the court must balance the interests of both sides while looking for a discovery plan that reasonably fits the particular demands of the case.[22]  In attempting to strike a proper balance, trial courts are afforded broad discretion.[23]  To determine whether to permit individual depositions of FLSA opt-in plaintiffs, courts consider the number of opt-ins,  the defendants' justification of why such individualized depositions are necessary, and the burden placed on the individual litigants and on the collective as a whole.[24]  Courts also consider whether defendants have already received individualized written discovery responses and, if so, whether same obviates the need for individual depositions.[25]

### D.  Analysis

Initially, Plaintiffs' textualist argument regarding Rule 30 (i.e., that Plaintiffs would be entitled to 300 depositions) ignores entirely the court's authority to limit discovery under Rules 26(b)(2)(C) and 26(c) and has no relevance to whether Defendants should be granted leave to depose each opt-in.

While this Court has the discretion to permit depositions in excess of the presumptive 10-

---

[22] *Winkler*, 2014 WL 12596498, at *4 (citing *Smith v. Lowe's Home Ctrs., Inc*., 236 F.R.D. 354, 357-58 (S.D. Ohio 2006) (reasoning "that limiting discovery to a statistically significant representative sampling ... will both reasonably minimize the otherwise extraordinary burden imposed on the plaintiffs and their counsel and yet afford the defendant a reasonable opportunity to explore, discover and establish an evidentiary basis for its defenses"); *Rivera v. UBM Enter., Inc.,* No. 12-496, 2014 WL 462586, at *2 (N.D. Tex. Feb. 5, 2014) (citing M. Hoffman, *Fast's Four Factors: A Solution to Similarly Situated Discovery Disputes in FLSA Collection Actions*, 49 Hous. L. Rev. 491, 506–07 (Spring 2012)) ("Lacking firm direction in how to determine whether representative discovery is appropriate in FLSA collective actions, courts typically consider two primary arguments: 1) that the discovery sought is unduly burdensome under Rule 26 and 2) that representative discovery would yield the same results as individualized discovery.").

[23] *See Jackson v. Willamette Indus., Inc.,* 992 F.2d 324 (5th Cir. 1993) ("We will afford the district court wide discretion in determining the appropriate scope of discovery."); *Sanders v. Shell Oil Co*., 678 F.2d 614, 618 (5th Cir. 1982) ("A trial court enjoys wide discretion in determining the scope and effect of discovery."); *Swales v. KLLM Transp. Servs., L.L.C.,* 985 F.3d 430, 443 (5th Cir. 2021) ("The bottom line is that the district court has broad, litigation-management discretion" in FLSA cases).

[24] *See Mikityuk v. v. Cision US Inc.,* No. 21-510, 2021 WL 5449606, at *3 (S.D.N.Y. Nov. 22, 2021) (denying request to depose all 37 opt-ins as the court was not convinced that individualized depositions were necessary or that the benefit of conducting them "would not be substantially outweighed by the burden placed on the individual litigants and the collective as a whole.").

[25] *See id.; Johnston*, 2020 WL 12631849, at *6 (finding that limiting the number of opt-in depositions would not unduly prejudice defendants where written discovery addressed topics at issue).

deposition limit, Defendants have failed to make a particularized showing of why the additional depositions are necessary in this case.[26]  Instead, Defendants merely assert that they have been "denied information and evidence relevant to their defenses due to the opt-in plaintiffs' failure to make themselves available for deposition, causing actual prejudice to their ability to litigate this case." ECF No. 215-1 at 6.  Such general assertions,[27] without more, have not convinced the court that each of the requested additional depositions are necessary.

Moreover, while both this court and Judge Morgan have allowed Defendants to obtain individualized *written* discovery from the opt-in Plaintiffs, these orders did not address depositions, which courts have noted require more time and preparation, rendering them more burdensome.[28]  Further, unlike in this motion, Defendants clearly articulated the need for each opt-in's written discovery to enable the court to properly assess their motion to compel under Rule 26. In this motion, Defendants have not articulated the need for each opt-ins individual deposition or why the individualized discovery responses from same are insufficient.[29]  This Court is obligated to "strike a balance that minimizes the burden imposed on the plaintiffs while affording the defendant a reasonable opportunity to explore, discover, and establish an evidentiary basis for its defenses."[30]  At this point, the court does not have sufficient information to determine whether

---

[26] *See Hernandex v. Hendrix Produce, Inc.,* No. 613-053, 2014 WL 12714850, at *1 (S.D. Ga. Mar. 4, 2014) (noting that particular need must be shown to exceed Rule 30(a)(2)'s ten-deposition limit and that generalized assertions of "relevancy" will not suffice.) (citations omitted).

[27] *See Potts v. Nash. Limo & Transp., LLC,* No. 14-1412, 2018 WL 2431641, at *2 (M.D. Tn. May 30, 2018) (noting that as under Rule 26, under Rule 30, the party moving for leave to conduct excess depositions must make a particularized showing, which showing cannot be based upon mere, general assertions.)

[28] *See Kervin,* 2016 WL 8257256, at *5 (noting that depositions present a "particular problem" in FLSA collective action case management as they can be overused, inefficient, too costly, and excessively time-consuming). (citation omitted).

[29] *See Peterson v. Alaska Comms. Sys. Grp., Inc.,* No. 12-0090, 2017 WL 2311952, at *3 (D. Alaska Mar. 6, 2017) (noting that the court doubts that defendants will need to take the deposition of each putative collection action member in order to mount a decertification challenge, especially given that defendant already possesses at least some of the information it seeks to gain through additional depositions, including individualized written discovery from each collective member).

[30] *Halleen,* 2017 WL 1495085, at *1 (internal quotations and citations omitted).

leave to exceed the presumptive ten-deposition limit, even via truncated, three-hour depositions, is appropriate.

## III.   <u>CONCLUSION</u>

Defendants have not made the requisite particularized showing of necessity to justify the granting of leave to depose each of the opt-ins in excess of Rule 30(a)(2)'s 10-deposition limit. Defendants must articulate the specific need for each opt-ins' deposition in order to obtain leave. Accordingly,

IT IS ORDERED that Defendants' Motion to Compel (ECF No. 215) is DENIED WITHOUT PREJUDICE to Defendants' right to re-file a request for leave supported by the necessary particularized showing required for each additional deposition requested in excess of Rule 30(a)(2)'s ten deposition limit.

New Orleans, Louisiana, this _____30th_____ day of October, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE