UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AMY HAMM, on behalf of herself and all others similarly situated | * | CIVIL ACTION |
| | * | NO. 20-1515 |
| VERSUS | | |
| | * | SECTION "E" (2) |
| ACADIA HEALTHCARE CO., INC., ET AL. | | |

**ORDER AND REASONS**

Pending before me are Defendants' Motion to Compel and For Leave to Take Additional Depositions and Plaintiffs' Motion for Leave to Conduct Additional Depositions. ECF Nos. 231, 244. The parties filed Opposition, Reply, and Surreply Memoranda.[1] No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendants' Motion (ECF No. 231) and Plaintiffs' Motion (ECF No. 244) are GRANTED for the reasons stated herein.

I.   **BACKGROUND**

Plaintiff Amy Hamm brought suit on behalf of herself and all other similarly situated individuals who have worked for Defendants Acadia Healthcare Company, Inc., Red River Hospital, LLC, and Ochsner-Acadia, LLC, seeking payment for all hours worked, including overtime and meal periods. ECF Nos. 1, 69 ¶¶ 1,4,7. On July 13, 2022, the Court conditionally certified the collective action consisting of all current and former hourly, non-exempt employees directly involved with patient care at any facility owned/operated by Defendants during the three

---

[1] ECF Nos. 246, 251, 254, 256

1

year period before and through resolution this case.  ECF No. 129 at 1, 11.  The collective action notice period closed on December 27, 2022, with 67 opt-ins.  ECF No. 161-1 at 1-2.  The court later amended the scheduling order to add deadlines related to Rule 23 class certification and FLSA decertification.  ECF Nos. 182, 188, 189.

Defendants previously moved to compel the depositions of 19 of the remaining 29 opt-in Plaintiffs[2] who either refused to provide dates for deposition or failed to appear without explanation.  ECF No. 215.  Plaintiffs opposed the motion, arguing that it failed procedurally and substantively because the motion was filed after undue delay, Defendants failed to comply with this Court's meet and confer requirements, and individualized deposition discovery is "not required to develop the information relevant to the parties' claims and defenses."  ECF No. 216.  This Court denied the motion without prejudice given Defendants' failure to make the requisite particularized showing of necessity to justify the granting of leave to depose each of the opt-ins in excess of Rule 30(a)(2)'s 10-deposition limit.  ECF No. 223.

A. **Defendants' Renewed Motion**

Defendants now re-urge their motion to compel deposition of each remaining opt-in plaintiffs despite Rule 30(a)(2)'s 10-deposition limit.  Defendants argue that all opt-ins must be deposed because the opt-in testimony provided to date reflects "materially different employment experiences, and [the opt-ins] appear to be asserting different— and even contradictory— theories for their claims."  ECF Nos. 231 at 1; 231-1 at 10.  Defendants further assert that the opt-ins who have been deposed have testified to materially different facts and theories of their claims that what

---

[2] Defendants sought to compel responses to deposition notices by opt-in Plaintiffs (1) Shaleah Ferrygood; (2) Winnesha Harrison; (3) Carmesha Harris; (4) Darria Moore; (5) Nichelle Akins; (6) Wilbert Marcell; (7) Tanya Charles-Morris; (8) Constance Schexnayder; (9) Julia Johnson; (10) Natasha Johnson; (11) Sabena Stevenson; (12) Tara Carr; (13) Quincy Barnett; (14) Eshantti Smith-Trask; (15) Phylecia Reid; (16) Julius Boudoin III; and (17) Freddie Jones and participation in deposition (after failing to appear for noticed depositions) by (1) Michelle Joseph and (2) Ebonie Jones.

they provided in their written discovery responses. ECF No. 231-1 at 11. Moreover, the possibility of interruption varies widely between opt-ins in different roles, e.g., between intake coordinators and registered Nurses. *Id*. at 12-13. Further, Defendants argue that Plaintiffs' failure to provide specific factual details in support of their claims in their written responses necessitates individualized depositions. *Id*. at 10. In support of their motion, Defendants cite two opt-ins' deposition transcripts that purportedly reflect contradictions between written discovery responses and deposition testimony. *Id*. at 11. Defendants aver that the individual depositions are not only necessary but proportional to the needs of the case given Defendants' request for brief, 2-3 hour virtual depositions. *Id*. at 11-12.

Plaintiffs oppose the motion, arguing same is "too little, too late" as Defendants were first notified that Plaintiffs opposed collective-wide depositions in May 2023 and now seek leave to "conduct the impossible" before the December 8, 2023 discovery deadline. ECF No. 246 at 1, 6-7. Plaintiffs further argue that Defendants have failed once again to articulate specific reasons justifying the request for leave to depose each of the remaining opt-ins. *Id*. at 7-8. Instead, Plaintiffs assert, the depositions cited by Defendants reflect that they already have the very information they claim they are lacking. *Id.* at 8. Plaintiffs dispute the contention that there are material inconsistencies between the written discovery responses and the deposition testimony already obtained and argue that, even if there were inconsistencies, Defendants have still failed to show any particular reason to justify any of the individuals they seek to depose. *Id.* at 9-10. Finally, Plaintiffs argue that the depositions sought are burdensome, unreasonably duplicative, and unnecessary to develop information relevant to the parties claims and defenses. *Id*. at 11-12.

In Reply, Defendants dispute the contention that they unduly delayed in bringing their motion to compel and aver that they waited, as a professional courtesy, for Plaintiffs to provide

dates for the depositions of fifteen opt-ins for whom Plaintiffs initially agreed to provide dates after being served with deposition notices six months ago, after which Defendants followed up numerous times.  ECF No. 251 at 2.  Defendants next dispute Plaintiffs' argument that additional depositions are unnecessary, asserting that applicable caselaw and this Court's prior denial of Plaintiffs' motion for protective order reject this exact argument and Defendants have provided particularized reasons reflecting the necessity of the outstanding depositions.  *Id.* at 3-4.  Defendants also dispute Plaintiffs' argument that it would be impossible to conduct 23 depositions in 9 business days, claiming that Defendants will not, as a practical matter, take each of the remaining depositions because "the vast majority of outstanding opt-in plaintiffs are simply not responding to discovery."  *Id.* at 4.  Defendants refute the argument that the depositions are cumulative and unduly burdensome and aver that they seek to depose the remaining opt-ins in the least burdensome and inexpensive way possible.  *Id.* at 4-5.  Finally, Defendants distinguish the cases cited by Plaintiffs, noting that those cases involved much larger opt-in classes containing plaintiffs who resided outside of the country.  *Id.* at 5.

Plaintiffs argue in their Surreply that Defendants expressly and repeatedly rejected Plaintiffs' offer of 15 opt-in depositions and reiterate that Defendants unduly delayed in seeking relief.  ECF No. 256.

### B. Plaintiffs' Motion for Leave to Take Additional Depositions

Plaintiffs seek leave to take three additional, three-hour depositions in excess of the presumptive 10-deposition limit, asserting that each of their thirteen proposed depositions[3]

---

[3] (1) Dustin Thiels, current Chief Executive Officer at River Place; (2) Doug Hilbun, Human Resources Director at River Place; (3) Jason Krause, current Chief Nursing Officer at River Place and 30(b)(6) representative; (4) Cassie Tarullo, Human Resources Assistant/Coordinator at River Place; (5) Felicia McCrary, former Chief Nursing Officer at River Place; (6) Ashton Storks, Behavioral Health Associate at River Place; (7). Kyla Clark, Staffing Coordinator at River Place; (8) Erica Lewis, Staff RN at River Place; (9) Brittany Conway, former Human Resources Director at

concerns issues material to the case, the requested depositions are not unreasonably duplicative or cumulative, Plaintiffs cannot obtain the information sought in a less burdensome manner, and Defendants have already disclosed the identities of and/or have ready access to the requested deponents. ECF No. 244. Plaintiffs repeat that they offered Defendants compromises, including a stipulation that each party would be permitted twelve depositions total, but Defendants rejected the offer outright. *Id* at 3-4. Plaintiffs note that, other than Tarullo (already deposed) and Joseph, Defendants expressly identified each of the proposed deponents in their amended witness and exhibit lists as "individuals likely to have discoverable information." *Id*. at 5-6 (citing ECF No. 236 at 1). Plaintiffs describe and explain the need to depose each proposed deponent, indicating that the individuals either hold different positions or worked for Defendants during different time periods. *Id*. at 6-9. Plaintiffs note that several of the proposed deponents are currently employed by Defendants and are thus "ethically 'off limits' to [Plaintiffs'] counsel" and several of the individuals already provided sworn declarations for Defendants *Id*. at 9.

In Opposition, Defendants argue that the motion is untimely and constitutes another attempt to abuse the discovery process and harass Defendants. ECF No. 254. Defendants assert that the motion should be denied because (1) Plaintiffs failed to exhaust the ten-deposition limit before seeking relief, (2) Plaintiffs have not made a particularized showing of need for the additional depositions, and (3) Plaintiffs have had ample time and opportunity to depose the requested individuals if they believed the depositions were necessary. *Id*. at 2-7.

---

River Place; (10) Kenya Fredericks, RN at River Place; (11) Jolandra Tate, Assistant Director of Nursing at River Place; (12) Regina Joseph, RN House Supervisor at River Place; and (13) Jennifer Phillips, Risk Management Coordinator at River Place.

## II. APPLICABLE LAW

### A. Rule 30(a)(2)'s Presumptive 10-Deposition Limit

Rule 30(a)(2)(A)(i) limits the number of depositions that may be taken without leave of court: "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . if the parties have not stipulated to the deposition and . . . the deposition would result in more than 10 depositions being taken [by any party]." FED. R. CIV. P. 30(a)(2). Rule 26(b)(1)'s relevance and proportionality standards must be analyzed in deciding whether to allow additional depositions, as well as Rule 26(b)(2)(C)'s direction that the court limit discovery when (a) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (b) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (c) the discovery is outside of the scope of Rule 26(b)(1).[4]

Courts generally require the party seeking leave to show "why each of the requested depositions concerns an issue material to the case and why each deposition is not unreasonably cumulative or duplicative . . . ."[5] Further, the movant must justify the necessity of the depositions already taken in the case.[6] The "mere fact that more than ten persons may have discoverable information does not mean that taking more than ten depositions makes sense."[7] If the case

---

[4] *United States v. RES Holdings*, No. 11-739, 2012 WL 4369658 (E.D. La. Sept. 24, 2012).
[5] *Egana v. Blair's Bail Bonds, Inc.*, No. 17-5899, 2019 WL 8277616, at *1 (E.D. La. Jan. 23, 2019) (citing *Am. Elec. Power Co. v. Affiliated FM Ins. Co.*, No. 02-1133, 2005 WL 8155306 at *3 (M.D. La. June 21, 2005)).
[6] *DeGraw v. Gualtieri*, No. 18-2116, 2019 WL 5423317, at *4 (M.D. Fla. Oct. 23, 2019) (citing *F.D.I.C. v. Nason Yeager Gerson White & Lioce, P.A.*, No. 13-208, 2014 WL 1047245, at *2 (M.D. Fla. Mar. 17, 2014); *Bituminous Fire & Marine Ins. Corp. v. Dawson Land Dev. Co., Inc.*, No. 02-793, 2003 WL 22012201, at *1 (M.D. Fla. Feb. 13, 2003) (stating that a party seeking to exceed the presumptive number of depositions must make a particularized showing of why the discovery is necessary); *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 483 (N.D. Tex. 2001) (finding that otherwise a party could indirectly circumvent the cap on depositions by exhausting the maximum allotted number to take those that she could not justify under the Rule 26(b)(2) standards, and then seeking leave to exceed the limit in order to take depositions that she could substantiate)).
[7] *Egana*, 2019 WL 8277616 at *2 (citing *Lebron v. Ensco Offshore Co.*, No. 12-1901, 2013 WL 3967165, at *1 (W.D. La. July 31, 2013)); *see also Jones v. Cannizzaro*, No. 18-503, 2019 WL 8888002, at *4 (E.D. La. Oct. 23, 2019)

involves complex facts or claims[8] or when the witness is employed by the defendant or is not required to provide information informally,[9] courts have allowed altered the 10 deposition limit to allow the discovery.

### B. Depositions in Post-Conditional Certification FLSA Cases

The Federal Rules do not contain an exception to Rule 30(a)(2)'s presumptive 10 depositions absent leave of court for collective actions, class actions, or any other cases in which there are more than 10 plaintiffs.[10] As such, rule 30(a)(2)'s limitations "apply to class actions and FLSA collective actions, regardless of the size of the number of plaintiffs."[11]

The Fifth Circuit likewise has not explicitly addressed the permissible scope of discovery in FLSA collective actions following conditional certification.[12] The court has noted that the action proceeds as a representative action throughout discovery after the step-one conditional certification,[13] but has not addressed whether each opt-in or what percentage of opt-ins must

---

(denying leave to take 14th deposition on topic that movant had ample opportunity to obtain information by discovery and should have already been addressed by 13 depositions to date, rendering the deposition cumulative or duplicative).
[8] *See, e.g.*, *Res Holdings*, 2012 WL 4369658, at *2 ("[T]he complex facts involved in this case warrant an extension of the typical ten-deposition limit."); *L.W. v. Lackawanna Cty.*, No. 3:14-CV-01610, 2015 WL 2384229, at *1 (M.D. Pa. May 19, 2015) (finding that plaintiffs satisfied particularized showing required by Rules 30(a)(2)(A) and (26)(b)(2) in complex case); *Laryngeal Mask Co. Ltd. v. Ambu A/S*, No. 3:07-CV-01988, 2009 WL 10672436, at *4 (granting additional depositions because "[t]his is a complex case, involving a number of corporate plaintiffs and defendants as well as complicated factual and legal issues . . . ."); *Corey Airport Servs., Inc. v. City of Atlanta*, No. 1:04-CV-3243-CAP, 2007 WL 9717220, at *2 (N.D. Ga. Feb. 20, 2007) (allowing more than 15 depositions because of "highly complex" underlying facts and numerous defendants); *Genentech, Inc. v. Insmed Inc.*, 442 F. Supp. 2d 838, 848 (N.D. Cal. 2006) (allowing five additional depositions as part of discovery on willfulness, as "[p]laintiffs had no control over how many firms provided opinions to Defendants and how many of Defendants' employees were privy to the opinions").
[9] *See, e.g., Scott v. City of Sioux City*, 298 F.R.D. 400, 402 (N.D. Iowa 2014) (granting plaintiff's request to take a total of 21 depositions where proposed deponents were employed by defendant or not under any obligation to provide information to plaintiff); *Thykkuttathil v. Keese*, 294 F.R.D. 601, 603 (W.D. Wash. 2013) (granting additional depositions in complex matter with multiple parties on each side and where plaintiffs disclosed large number of potential witnesses).
[10] *See Johnston v. Titan Logistics & Resources*, LLC, 17-1617, 2020 WL 12631849, at *4 (W.D. Pa. Dec. 7, 2020).
[11] *Id*. at *4.
[12] *Halleen v. Belk, Inc.,* No. 16-0055, 2017 WL 1495085, at *1 (E.D. Tex. Apr. 26, 2017); *Winkler v. Sunbelt Rentals*, Inc., No. 12-3789, 2014 WL 12596498, at *4 (N.D. Tex. July 10, 2014).
[13] *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995), *overruled on other ground by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90-91 (2003).

participate in discovery.[14]  District courts differ regarding whether each opt-in plaintiff is subject to the full range of discovery or whether discovery opt-ins should be treated more like Rule 23 class members.  Some courts have ordered limited, representative discovery of named plaintiffs and opt-ins.[15]  Others have allowed individualized discovery when the number of opt-ins are few and individualized discovery is not a "tremendous burden."[16]

Ultimately, the court must balance the interests of both sides while looking for a discovery plan that reasonably fits the particular demands of the case.[17]  In attempting to strike a proper

---

[14] *Winkler*, 2014 WL 12596498, at *4.

[15] *See id.* at *1 (noting that "the Eastern District of Texas ... is one of many jurisdictions that has ordered limited, representative discovery of the named plaintiffs and opt-in plaintiffs in FLSA actions.") (quoting *Nelson v. Am. Standard, Inc.,* No. 208-390, 2009 WL 4730166, at *3 (E.D. Tex. Dec. 4, 2009)); *Repass v. TNT Crane & Rigging, Inc.,* No. 18-00107, 2021 WL 5197423, at *2 (W.D. Tex. June 11, 2021) (allowing Defendants to depose 15 out of 45 opt-ins plaintiffs and noting that  the 6 depositions already completed count towards that total); *Castellanos-Contreras v. Decatur Hotels LLC*, No. 06-4340, 2007 WL 9684059, at *10 (E.D. La. Oct. 22, 2007) (limiting depositions to 9 out of 81 opt-in plaintiffs where opt-ins were located in different countries and finding that "[i]ndividualized deposition discovery is not required to develop the information relevant to the parties' claims and defenses."); *Kervin v. Supreme Service & Specialty Co.*, No. 15-1172, 2016 WL 8257256, at *6 (E.D. La. May 24, 2016) (Roby, M.J.) (limiting depositions to 15 out of 157 opt-in plaintiffs and setting 4-hour limit for each deposition).

[16] *See Rivera v. UBM Enter., Inc.,* No. 12-496, 2014 WL 462586, at *3 (N.D. Tex. Feb. 5, 2014) (representative discovery should not be applied in a case with so few opt-in plaintiffs, sixteen in total, where plaintiffs cannot establish individualized discovery is a "tremendous burden"); *Verrett v. Pelican Waste and  Debris, LLC*. No. 20-1035, 2020 WL 12893291, at  *3-*4 (E.D. La. Aug. 5, 2020) (Roby, M.J.) (finding that discovery should proceed as to all seven FLSA plaintiffs as it was unclear that representative discovery was necessary, and plaintiffs did not present evidence that completion of individual discovery would present any undue burden beyond conclusory allegations); *Borne v. AAY Sec., LLC*, No. 17-510, 2019 WL 13210676 (E.D. Tex. July 3, 2019) (denying motion for representative discovery of 15 total opt-in plaintiffs and noting that the caselaw cited in support of representative discovery involved a "voluminous number of opt-in plaintiffs") (citing representative discovery cases involving 66, 164, 179, 1,107, 93, and 81 opt-in plaintiffs respectively);  *see also Renfro v. Spartan Comput. Servs., Inc.,* No. 06-2284, 2008 WL 821950, at *3 (D. Kan. Mar. 26, 2008) (overruling objection to magistrate judge's order permitting depositions of all 27 FLSA opt-in plaintiffs because 27 noticed depositions did not raise the same efficiency concerns as cases involving "an excessive number of depositions. . . .").

[17] *Winkler*, 2014 WL 12596498, at *4 (citing *Smith v. Lowe's Home Ctrs., Inc*., 236 F.R.D. 354, 357-58 (S.D. Ohio 2006) (reasoning "that limiting discovery to a statistically significant representative sampling ... will both reasonably minimize the otherwise extraordinary burden imposed on the plaintiffs and their counsel and yet afford the defendant a reasonable opportunity to explore, discover and establish an evidentiary basis for its defenses"); *Rivera v. UBM Enter., Inc.,* No. 12-496, 2014 WL 462586, at *2 (N.D. Tex. Feb. 5, 2014) (citing M. Hoffman, *Fast's Four Factors: A Solution to Similarly Situated Discovery Disputes in FLSA Collection Actions*, 49 Hous. L. Rev. 491, 506–07 (Spring 2012)) ("Lacking firm direction in how to determine whether representative discovery is appropriate in FLSA collective actions, courts typically consider two primary arguments: 1) that the discovery sought is unduly burdensome under Rule 26 and 2) that representative discovery would yield the same results as individualized discovery.").

balance, trial courts are afforded broad discretion.[18] To determine whether to permit individual depositions of FLSA opt-in plaintiffs, courts consider the number of opt-ins, the defendants' justification of why such individualized depositions are necessary, and the burden placed on the individual litigants and on the collective as a whole.[19] Courts also consider whether defendants have already received individualized written discovery responses and, if so, whether same obviates the need for individual depositions.[20]

C. **Discovery Stipulations**

A stipulation is an agreement between counsel respecting a matter before the court. Rule 29 of the Federal Rules of Civil Procedure authorizes the parties to enter into stipulations governing discovery. FED. R. CIV. P. 29. Likewise, Rule 30(a) allows the parties to agree, by stipulation, to exceed the 10-deposition limit. FED. R. CIV. P. 30(a)(2)(A)(i). The Fifth Circuit has interpreted this rule to require a written stipulation.[21] In this case, Plaintiffs' counsel agreed to provide 15 opt-ins for deposition, and he did so in writing. *See* ECF No. 231-3 at 20. A stipulation is binding unless vacated by consent or set aside by the court.[22]

---

[18] *See Jackson v. Willamette Indus., Inc.,* 992 F.2d 324 (5th Cir. 1993) ("We will afford the district court wide discretion in determining the appropriate scope of discovery."); *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982) ("A trial court enjoys wide discretion in determining the scope and effect of discovery."); *Swales v. KLLM Transp. Servs., L.L.C.,* 985 F.3d 430, 443 (5th Cir. 2021) ("The bottom line is that the district court has broad, litigation-management discretion" in FLSA cases).

[19] *See Mikityuk v. v. Cision US Inc.,* No. 21-510, 2021 WL 5449606, at *3 (S.D.N.Y. Nov. 22, 2021) (denying request to depose all 37 opt-ins as the court was not convinced that individualized depositions were necessary or that the benefit of conducting them "would not be substantially outweighed by the burden placed on the individual litigants and the collective as a whole.").

[20] *See id.; Johnston*, 2020 WL 12631849, at *6 (finding that limiting the number of opt-in depositions would not unduly prejudice defendants where written discovery addressed topics at issue).

[21] *See In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001); *see also Riley v. Walgreen Co.*, 233 F.R.D. 496, 500 (S.D. Tex. 2005) (citing FED. R. CIV. P. 29) (Rule 29 stipulation "need not take any particular form, so long as they are in writing."); *Pescia v. Auburn Ford-Lincoln Mercury Inc.*, 177 F.R.D. 509, 510 (M.D. Ala. 1997) (refusing to enforce oral agreement regarding deposition in the absence of written stipulation).

[22] *G.I.C. Corp., v. United States,* 121 F.3d 1447, 1450 (11th Cir. 1997); *Downs v. Am. Emp. Ins. Co.,* 423 F.2d 1160, 1165 (5th Cir. 1970) (citing 9 WIGMORE, EVIDENCE, §§ 2588, 2590 (3d ed. 1940)).

### D. Sanctions

A party, a party's officer, director, or managing agent, or a person designated under Rule 30(b) (6) or 31(a)(4) who fails to appear for a properly noticed deposition is subject to sanctions. *See* FED. R. CIV. P. 37(d)(1).  The party who fails to appear must pay the reasonable expenses caused by the failure to appear, unless the failure was substantially justified, and is subject to sanctions as listed in Rule 37(b)(2)(A)(i)-(vi).  Fed. R. Civ. P. 37(d)(3).

### III.    ANALYSIS

Initially, the unprofessional vitriol, mudslinging and accusations of professional misconduct must cease.[23]  Counsel are reminded that the Eastern District of Louisiana has adopted the Louisiana Code of Professionalism, which requires counsel to conduct themselves with honesty, dignity, civility, courtesy and fairness.  Failure to comply with these obligations will not be tolerated.

### A. Defendants' Renewed Motion

This Court denied without prejudice Defendants' first motion because they failed to make the requisite particularized showing of need for each deposition.[24]  It appears that Defendants have deposed 10 individuals to date, 8 of whom are opt-in plaintiffs,[25] and seek leave to depose each of the remaining opt-ins.  Based on Plaintiffs' written stipulation, however, and the absence of any justification to allow Plaintiffs to renege on that agreement, Defendants are entitled to depose seven additional opt-ins without leave.  Thus, Defendants' motion is essentially a request for an additional 16 depositions beyond the stipulated number of 15 opt-in depositions.

---

[23] *Guidry v. Dow Chem. Co.,* No. 19-12233, 2021 WL 4460505, at *1 (E.D. La. Sept. 29, 2021) (Feldman, J.).
[24] *See* ECF No. 223.
[25] Defendants indicate in their renewed motion that 8 opt-ins had been deposed as of the date of the filing. ECF No. 231-1 at 2 n.1.  & 5 n.3 (stating Defendants have deposed opt-in plaintiffs Hart, Washington-Gauff, Schreiner, Marquez, Stockman, Bailey, Stevenson, & Johnson).  In Opposition, Plaintiffs note that Defendants have taken 10 depositions total, 8 opt-ins and 2 named plaintiffs.  ECF No. 246 at 3 n.10.

Defendants argue that the additional depositions are necessary because the opt-ins who have been deposed have "testified to different experiences with the meal break policies and practices of River Place, with some alleging automatic deductions for meal breaks while others denying [sic] that such automatic deductions never happened."[26] Defendants further assert that the opt-ins who have already been deposed have testified to materially different work experiences and theories of how their pay was improper and even contradicted their own written discovery responses, demonstrating the insufficiency of written discovery alone.[27] Defendants contend that, given their agreement to 2-3 hour virtual depositions, the depositions sought are proportional to the needs of the case and not unduly burdensome. *Id.* at 11-12.

Defendants further argue that opt-ins worked in "at least half a dozen different roles," they have distinct responsibilities, worked on three different shifts, in one of four different wings of the hospital, at different phases in the operations of the facility, and had different supervisors. *Id.* at 13. Ideally, Defendants' supporting memorandum would provide a person-by-person analysis of previous and proposed deponents, which it does not. Defendants have, however, provided enough information to establish that the proposed truncated depositions of the remaining opt-ins are warranted. Given the variety of positions, shifts, and supervisors among the opt-ins, this is not a case in which "representative discovery would yield the same results as individualized discovery."[28]

While individual opt-in depositions impose a higher burden on Plaintiffs and their counsel than would representative depositions, that burden does not outweigh the necessity of individualized testimony in light of the relatively small remaining opt-in class. Moreover, to

---

[26] ECF No. 231-1 at 1-2.
[27] *Id*. at 2.
[28] *Rivera*, 2014 WL 462586, at *2 (citation omitted).

further alleviate the burden, the depositions will be limited to two hours and must be conducted via video if more convenient for the deponents.

## B. Plaintiff's Motion for Leave to Conduct Three Additional Depositions

As of November 24, 2023, Plaintiffs had deposed nine individuals.[29] Accordingly, Plaintiffs may depose one additional person without exceeding Rule 30(a)(2)(A)(i)'s presumptive 10-deposition limit, and it appears the next deponent on their calendar is Kenya Fredricks, RN at River Place.[30] As such, Plaintiffs must obtain either Defendants consent or leave of court to depose the three remaining individuals listed, i.e., Felicia McCrary, former Chief Nursing Officer ("CNO") at River Place; Brittney Conway, former Human Resources ("HR") Director at River Place; and Regina Joseph, RN House Supervisor at River Place.[31]

In their motion, Plaintiffs acknowledge their duty to justify their prior depositions and have done so for each former deponent.[32] In support of the request to depose former CNO McCrary, Plaintiffs explain that, while current CNO Krause has already testified about meal break, time keeping, and payroll policies at River Place, Krause has only worked there since 2021.[33] McCrary can offer testimony on the same topics for the earlier portion of the class period (2017-2021), which testimony is relevant to the parties' claims and defenses regarding unpaid "on call" time and interrupted meal periods. Plaintiffs have made the requisite particularized showing of why McCrary's testimony is necessary to develop evidence regarding the enforcement of relevant

---

[29] (1) Dustin Thiels, current Chief Executive Officer at River Place; (2) Doug Hilbun, Human Resources Director at River Place; (3) Jason Krause, current Chief Nursing Officer at River Place and 30(b)(6) representative; (4) Cassie Tarullo, Human Resources Assistant/Coordinator at River Place; (5) Ashton Storks, Behavioral Health Associate at River Place; (6). Kyla Clark, Staffing Coordinator at River Place; (7) Erica Lewis, Staff RN at River Place; (8) Jolandra Tate, Assistant Director of Nursing at River Place; and (9) Jennifer Phillips, Risk Management Coordinator at River Place. See ECF No. 254 at 1 n.1.
[30] *See id.*
[31] *See* ECF No. 244 at 3.
[32] *Id*. at 6-10.
[33] *Id*. at 7.

policies as to nurses specifically from 2017-2021. Given Krause's testimony on the same topics for some portion of the relevant time period, however, McCrary's deposition will be limited to two hours and must be conducted via video, if more convenient for the deponent.

Likewise, while current HR Director Hilbun has testified about "the employee relations aspect of the business" from 2021 to date, Plaintiffs have articulated the need to explore the same topic for the 2017-2021 time period through the deposition of former HR Director Conway, particularly because Hilbun could not answer several questions about human resources issues that preceded his tenure.[34] Given the HR Directors' specific knowledge of employee relations during different time periods, McCrary's testimony is not duplicative of Hilbun's. Accordingly, Plaintiffs may depose McCrary in an abbreviated, two-hour-maximum video deposition.

As to RN House Supervisor Regina Joseph, Plaintiffs indicate that she possesses unique knowledge of timekeeping and meal break policies and practices at River Place as they apply to her position, time period worked, and the specific individuals she has supervised. Plaintiffs also note that named Plaintiff Wilson mentioned Joseph specifically, describing her as "good at enforcing facility policies" and that Joseph is currently employed by Defendants. Although Plaintiffs have deposed other employees, it does not appear as though Joseph's testimony is either duplicative or cumulative of those depositions. However, to minimize the burden of the additional deposition of Joseph, her deposition will likewise be limited to a two-hour virtual deposition.

## IV.   CONCLUSION

Plaintiffs will be held to their agreement to provide 15 opt-ins for deposition. Moreover, both parties have made the particularized showing of necessity to justify the granting of leave to depose individuals in excess of Rule 30(a)(2)'s 10-deposition limit. Plaintiffs may depose the

---

[34] *Id*. at 6-7.

three additional individuals identified, and Defendants may depose each of the remaining opt-ins. To mitigate the burden associated with additional depositions, these additional depositions will be limited to two hours and must occur via video, unless the parties agree otherwise. Accordingly,

IT IS ORDERED that Defendants' Motion (ECF No. 231) and Plaintiffs' Motion (ECF No. 244) are GRANTED.

New Orleans, Louisiana, this __30th__ day of November, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE