# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMY HAMM,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  20-1515** |
| **ACADIA HEALTHCARE CO., INC.,**<br>**ET AL.,**<br>        **Defendants** | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is Plaintiffs Amy Hamm and Joye Wilson's ("Plaintiffs") Motion for a Protective Order, Stay, and Review of Order of Magistrate Judge.[1]  Defendants Acadia Healthcare Company, Inc. et alia ("Defendants") filed an opposition.[2] For the following reasons, Plaintiffs' Motion is **DENIED** and the Order of the Magistrate Judge[3] is **AFFIRMED**.

## BACKGROUND

This is a Fair Labor Standards Act ("FLSA") case filed by Plaintiff Amy Hamm, on behalf of herself and those similarly situated. On May 22, 2020, Plaintiff Hamm filed a complaint against Defendants as parent companies of the hospitals where she was employed.[4] Plaintiff Hamm was a nurse supervisor at Red River Hospital in Wichita Falls, Texas, for roughly eight years.[5] She then served as a nurse supervisor at River Place Behavioral Health in LaPlace, Louisiana for an additional eight months.[6] At both of these locations, she alleges Defendants violated the FLSA and various state laws by failing to

---

[1] R. Doc. 259.
[2] R. Doc. 260.
[3]
[4] R. Doc. 1.
[5] R. Doc. 101-1 at pp. 3-4.
[6] *Id.*

compensate nurses and other staff for work done during off-the-clock meal breaks.[7] Plaintiff brings causes of action for violations of 29 U.S.C. § 207 for failure to pay overtime compensation for on-duty meal periods and failure to pay overtime compensation for "off-the-clock" work, among other wage-based causes of action.[8]

Plaintiff brought her complaint as both a Rule 23 class action and as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of "[a]ll current and former hourly, non-exempt employees involved with patient care, including but not limited to nursing staff, nurses, nursing assistants, nurse aides, technicians, clerks, non-exempt therapists, or other non-exempt employees with similar job duties employed at any facility operated by Defendant Acadia Healthcare Company, Inc. during the time period three years prior to the filing of the original Complaint until resolution of this action."[9] On July 13, 2022, the Court granted in part and denied in part Plaintiff's motion to certify the collective action.[10] During the opt-in period, 67 Plaintiffs opted into the FLSA collective action.[11] On July 21, 2023, the Court granted Defendants' motion to dismiss 37 opt-in plaintiffs without prejudice who failed to provide responses to written discovery.[12]

On November 7, 2023, Defendants filed a Motion to Compel and for Leave to Take Additional Depositions.[13] Defendants argued a deposition of each opt-in Plaintiff was necessary since the employment experiences of each were materially different and Plaintiffs' written discovery responses were not sufficiently specific.[14] Plaintiffs filed an

---

[7] *See* R. Doc. 69.
[8] *See* R. Doc. 1.
[9] *Id.* at ¶ 48.
[10] R. Doc. 129.
[11] R. Doc. 190-1 at pp. 2.
[12] R. Doc. 208.
[13] R. Doc. 231.
[14] R. Doc. 231-1 at 10.

opposition.[15] Defendants replied.[16] After considering the briefings, the Magistrate Judge Currault granted Defendants' Motion to Compel and for Leave to Take Additional Depositions on November 30, 2023.[17] On December 1, 2023, Plaintiffs filed the instant Emergency Motion for Protective Order, Stay, and Review of Order of Magistrate Judge.[18] Defendants filed an opposition.[19]

## LEGAL STANDARD

With the consent of the presiding district judge, a magistrate judge may adjudicate non-dispositive pre-trial motions.[20]  The magistrate judge is afforded broad discretion in resolving such motions.[21]  The district judge may reverse only if the ruling is "clearly erroneous or contrary to law."[22]  In order to meet this high standard, the district judge must be "left with a definite and firm conviction that a mistake has been committed."[23]

## LAW AND ANALYSIS

Plaintiffs argue the Magistrate Judge's Order was clearly erroneous because it 1) failed to consider the dilatory nature of Defendants' Motion to Compel; 2) failed to consider Defendants' admission that the depositions were cumulative; 3) recognized a stipulation between parties that Defendants never agreed to; and 4) did not address Defendants' failure to justify the additional depositions.

---

[15] R. Doc. 246.
[16] R. Doc. 251.
[17] R. Doc. 258.
[18] R. Doc. 259.
[19] R. Doc. 260.
[20] 28 U.S.C. § 636(b)(1)(A).
[21] *McCallon v. BP Am. Prod. Co.*, Nos. 05–0597, C/W 05–0700, 2006 WL 3246886, at *2 (E.D. La. Nov.8, 2006).
[22] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).
[23] *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 376 (E.D. La. 2012) (internal quotation marks omitted).

The Magistrate Judge is deeply familiar with the case's scheduling order and discovery timeline, as she has ruled on several discovery motions in this matter.[24] Accordingly, the Court finds the Magistrate Judge's Order was not clearly erroneous with regard to the timing of Defendants' Motion to Compel. For the same reason, the Court finds Plaintiffs have not met the high burden of showing the Magistrate Judge was clearly erroneous with regard to the stipulation regarding the number of depositions agreed to by the parties.

Judge Currault's Order specifically states "Defendants have ... provided enough information to establish that the proposed truncated depositions of the remaining opt-ins are warranted."[25] Accordingly, the Court finds the Order did, in fact, address Defendants' justifications for seeking leave to conduct the additional depositions and found them sufficiently convincing to warrant the "truncated" two-hour depositions.[26]

Moreover, Judge Currault considered whether the depositions would be cumulative and found "[g]iven the variety of positions, shifts, and supervisors among the opt-ins, this is not a case in which 'representative discovery would yield the same results as individualized discovery.'"[27] As such, the Court finds the Order was not clearly erroneous with regard to the argument that the depositions would be cumulative.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Emergency Motion is **DENIED** and the Order of the Magistrate Judge compelling additional depositions of the opt-in Plaintiffs is **AFFIRMED**.

---

[24] *See, e.g.,* R. Docs. 223, 252, 257, 258.
[25] R. Doc. 258 at 11.
[26] *Id*. at 11-12.
[27] *Id.* at 11 (quoting *Rivera v. UBM Enter., Inc.,* No. 12-496, 2014 WL 462586, at *2 (N.D. Tex. Feb. 5, 2014)).

New Orleans, Louisiana, this 5th day of December, 2023.

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**