UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AMY HAMM | * | CIVIL ACTION |
| VERSUS | * | NO. 20-1515 |
| ACADIA HEALTHCARE COMPANY, INC., ET AL. | * | SECTION "E" (2) |

**ORDER AND REASONS**

Pending before me is Defendants Acadia Healthcare's Motion for Sanctions for Plaintiffs' Discovery Misconduct.  ECF No. 301.  The parties timely filed Opposition and Reply Memoranda.  ECF Nos. 307, 309.  Although Plaintiffs requested oral argument, oral argument is unnecessary for resolution of the motion.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendants' Motion for Sanctions  (ECF No. 301) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

I.    **BACKGROUND**

On May 22, 2020, Plaintiff Amy Hamm brought suit on behalf of herself and all other similarly situated individuals who have worked for Defendants Acadia Healthcare Company, Inc., Red River Hospital, LLC, and Ochsner-Acadia, LLC, under the Fair Labor Standards Act and state law seeking payment for all hours worked, including overtime and meal periods.  ECF Nos. 1, 69 ¶¶ 1,4,7.  On July 13, 2022, the Court conditionally certified the collective action consisting of all current and former hourly, non-exempt employees directly involved with patient care at any facility owned/operated by Defendants during the three year period before and through resolution this case.  ECF No. 129 at 1, 11.  The collective action notice period closed on December 27, 2022, with 67 opt-ins.  ECF No. 161-1 at 1-2.  Plaintiff filed a motion for Rule 23 certification on January

1

10, 2024, and Defendant filed a Motion to De-Certify the Collective Action on January 12, 2024. ECF No. 270, 274.  These motions are currently pending.

Both the undersigned and Judge Morgan have resolved numerous discovery disputes in this matter, including disputes over jurisdictional discovery, written discovery obligations of the opt-in plaintiffs, class certification discovery, and deposition testimony.  ECF Nos.  38, 191, 223, 257, 258, 261.  Defendants now seek reimbursement of reasonable costs and fees incurred as a result of Plaintiffs' and their counsel's alleged discovery misconduct (e.g., refusal to cooperate in discovery, last minute cancellations without explanation, and repeated failures to appear for depositions) as sanctions under Federal Rules of  Civil Procedure 30 and 37.  ECF No. 301. Specifically, Defendants seek costs and fees incurred in (1) taking Plaintiff Hamm's reopened deposition; (2)  preparing for and attending 23 noticed opt-in depositions that were either cancelled with fewer than 24 hours' notice or for which an opt-in failed to attend altogether; and (3) in filing this motion for sanctions.  ECF No. 301-1 at 1.

## II.    APPLICABLE LAW AND ANALYSIS

### A.  Notices of Deposition

Rule 30(b)(1) provides that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party."  FED. R. CIV. P. 30(b)(1).  Although Rule 30(b)(1) does not define "reasonable written notice," courts within the Fifth Circuit have held that at least 10 days is usually required.[1]

---

[1] *Nat'l Rifle Assoc. of Am. v. Ackerman McQueen, Inc*., No. 22-1944, 2023 WL 9181587, at *2 (N.D. Tex. June 14, 2023) (Citing *Keybank Nat'l Ass'n v. Perkins Rowe Assocs., LLC*, 2010 WL 1252328, at *3 (M.D. La. Mar. 24, 2010) (holding that notices "served on February 8 for depositions to be taken on February 11–15" were not reasonable notice); *Tradewinds Envtl. Restoration, Inc. v. St. Tammany Park, LLC*, 2008 WL 449972, at *2 (E.D. La. Feb. 14, 2008) (noting the court previously held that four business days is not "reasonable written notice") (citing *Auto Club Family Ins. v. Provosty*, 2006 WL 2568054, at *2 (E.D. La. Sept. 5, 2006)); *Cleveland v. Coldwell Banker Real Est. Corp*, 2008 WL 141195, at *1 (N.D. Miss. Jan. 10, 2008) ("This court has routinely held that 'reasonable written notice' should be at least 10 calendar days."); *see also Reedy v. CITGO Petroleum Corp.*, 2011 WL 13350687, at *6 (S.D. Tex. Dec. 1, 2011) (holding that a 15-day notice of the depositions at issue was sufficient).

**B. <u>Sanctions</u>**

In support of their request, movants cite both Rule 30(g) and Rule 37. Under Federal Rule of Civil Procedure 30(g), a court may impose reasonable expenses on a party who notices a deposition but fails to either (1) attend and proceed with the deposition; or (2) serve a subpoena on a nonparty, who consequently did not attend. None of the requested sanctions involve the failure to appear by the party noticing the deposition. Accordingly, Rule 30(g) is inapposite.

Rule 37 empowers the district court to compel compliance with discovery procedures through a broad choice of remedies and penalties.[2] Under Rule 37, the Court may issue an order:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A). "The district court has authority, in its discretion, to impose sanctions against a party who fails to cooperate in discovery."[3] Rule 37(b)(2)(C) also authorizes imposition of a concurrent sanction of reasonable expenses, including attorneys' fees,[4] unless the failure was substantially justified, or other circumstances make an award of expenses unjust. FED. R. CIV. P.

---

[2] *Griffin v. Aluminum Co. of Am.*, 564 F.2d 1171, 1172 (5th Cir. 1977); *see also Bivins v. Miss. Reg'l Hous. Auth. VIII*, 770 F. App'x 241, 242 (5th Cir. 2020) (per curiam) (affirming dismissal of complaint pursuant to Rule 37(b) for failure to comply with discovery orders despite multiple opportunities to do so); *Sandoval v. Carrco Painting Contractors*, No. 16-00159, 2016 WL 8679288, at *1 (W.D. Tex. Nov. 16, 2016) (citing *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 289, 290 (5th Cir. 2002)) (upholding civil contempt order imposed as sanction for violation of a protective order)).
[3] *Bell v. Texaco, Inc.,* 493 F. App'x 587, 592 (5th Cir. 2012).
[4] *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (citation omitted).

37(b)(2)(C).  Recovery of attorneys' fees for both the motion to compel and later motion for Rule 37 sanctions is proper.[5]

Rule 37(d)(1)(A)(i) provides that a court may, on motion, order sanctions if a party fails, after being served with proper notice, to appear for that person's deposition.  The Court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expense unjust.  FED. R. CIV. P. 37(d)(1)(A)(i) and (3).[6]  Failure to appear for a properly noticed deposition is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for protective order under Rule 26(c).  FED. R. CIV. P. 37(d)(2).  Notably, unlike Rule 37(b)(2)(C), this provision does not include an exception to sanctions for violations based on substantial justification or when the failure to comply was harmless.[7]  Instead, this provision requires only non-compliance with a discovery order for imposition of sanctions.

## C.  Reopening Plaintiff Hamm's Deposition

### 1.  Costs and Fees Recoverable

On March 25, 2022, Judge Morgan ruled that Defendants could reopen Plaintiff Amy Hamm's deposition, at Plaintiff's expense, to address substantive changes on the errata sheet.  ECF No. 119 at 2.  In reaching that conclusion, Judge Morgan cited *Reilly v. TXU Corp.,* 230 F.R.D. 486, 491 (N.D. Tex. 2005), which imposed expenses (both costs and attorneys' fees) on the party causing the second deposition.  *Id.* at n.18.  Plaintiffs have reimbursed costs, but Defendants assert

---

[5] *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) ("[U]nder Rule 37, [plaintiff] may recover her attorney's fees for the motions to compel and seeking the original sanctions.").
[6] *See also Bell v. Texaco, Inc.,* 493 F. App'x 587, 592 (5th Cir. 2012).
[7] *Seven Arts Pictures, Inc. v. Jonesfilm*, 512 F. App'x 419, 422 n.4 (5th Cir. 2013) ("The court need not consider a litigant's 'substantial justification' except as a reason not to require the litigant to pay otherwise mandatory attorney's fees." (citing FED. R. CIV. P. 37(b)(2)(C)).

entitlement to associated attorneys' fees as well.  Plaintiffs argue that they complied with the district court's order, which awarded costs, without mention of attorneys' fees.  Although Judge Morgan did not explicitly state "costs and attorneys' fees" on page 3 of her Order and Reasons, her earlier reference to "expenses" and citation to *Reilly* reflects the intent to award all expenses, which includes both costs and attorneys' fees necessarily incurred to re-open the deposition to address the substantive changes from the errata sheet.  Accordingly, Plaintiffs must pay the reasonable attorneys' fees incurred in reopening Hamm's deposition in addition to the costs already paid.

Defendants assert that they incurred travel costs of $2,621.00, attorneys' fees of $6,202.35, and court reporter fees of $1,683.00 for the April 5, 2022 reopened deposition.  ECF Nos. 301-1 at 2; 301-2 ¶5, at 2.  Defendants acknowledge that Plaintiffs have reimbursed their travel expenses and court reporter fees, leaving for determination only the amount of reasonable attorneys' fees for the reopened deposition, which determination will be addressed below.  ECF No. 309 at 2 n.1.

### D.  **Pre-December 2023 Cancelled Depositions**

Defendants also seek sanctions under Rules 30(g)(1) and 37(d)(1)(A)(i) for Plaintiff's last-minute cancellations and/or no-shows to certain depositions scheduled for September 5, 2023 and October 16, 2023.[8]

Defendants contend that they served proper deposition notices and requested availability for the 29 opt-in plaintiffs who responded to written discovery on May 12, 2023,[9] but in the months that followed, Plaintiffs cancelled or "rescheduled" eight depositions with little to no advanced

---

[8] As discussed above, Defendants' reliance on Rule 30(g)(1) is misplaced given that *they* noticed the depositions, not Plaintiffs.  *Compare with Liberty Mut. Fire Ins. Co. v. Ford Motor Co.,* No. 15-5987, 2016 WL 7178482 (E.D. La. Dec. 9, 2016) (awarding sanctions in the form of reasonable expenses, including attorneys' fees, to defendant where plaintiff's counsel noticed a deposition and cancelled same on the eve of the deposition) (citing *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 593 n.12 (S.D. Tex. 2011)).

[9] The record also reflects that defense counsel emailed notices of deposition for "the remaining opt-ins responding to discovery" on July 20, 2023.  ECF No. 301-4 at 75.

notice and without explanation.  ECF No. 301-1 at 2.  Plaintiffs argue that counsel should not be held responsible for fees and costs associated with five depositions[10] because counsel is not culpable for the opt-ins' failure to appear and promptly informed Defendants once they had reason to believe an opt-in would not appear.  ECF No. 307.  Further, Plaintiffs argue, the court has already imposed the most severe sanction on several of the no-show plaintiffs when it dismissed with prejudice their claims for failure to participate in discovery.  *Id.* at 9-10.

Plaintiffs agreed to produce 15 opt-ins on August 22, 2023 (ECF No. 301-4 at 71) and reiterated their intent to provide dates for 15 opt-ins on October 2, 2023.  *Id.* at 59.  Michelle Joseph and Ebonie Jones were scheduled for September 5, 2023 depositions. On September 4, 2023 at 4:32 p.m., Plaintiffs' counsel cancelled both depositions due to "unforeseen circumstances."  ECF No. 301-4 at 66.  Counsel later indicated that Ebonie Jones "underwent some personal and financial difficulties that prevented her from attending her deposition," thus she would not be paying fees or expenses for failure to attend same.  *Id*. at 59.

On October 3, 2023, Plaintiffs' counsel agreed to produce Wilbert "Wilnishia" Marcell for an October 16, 2023 deposition, and Defense counsel issued a corresponding notice that same day. ECF No. 301-4 at 57-58.  On Friday October 13, 2023 at 11:00 pm, Plaintiffs' counsel notified Defendants that they would "need to reschedule the Marcell depo" without any further context. *Id*. at 52.  The parties agreed to reschedule the deposition for October 27, 2023.  *Id*. at 51. Plaintiffs' counsel later communicated that Marcell would need accommodations for the deposition because of a hearing impairment.  Defense counsel proposed an accommodation, which was originally accepted, but on October  23, 2023, after close of business, Plaintiff's counsel indicated that the proposed accommodation would not work.  *Id.* at 45.  After a few exchanges,

---

[10] Those of Tracy Cook, Wilbert Marcell, Winnesha Harrison, Ebonie Jones, and Michelle Joseph.

counsel did not timely reach an agreement and the deposition was cancelled the night before the scheduled date. *Id*. at 43. In other words, Marcell's deposition did not proceed as scheduled because counsel for both parties refused to meaningfully confer regarding the accommodation.

Counsel agreed to produce Tracy Cook for an October 10, 2023 deposition. *Id*. at 70. It is unclear whether a notice of deposition was issued and/or whether that deposition was cancelled last minute. The record contains an October 23, 2023 e-mail from Plaintiffs' counsel indicating a need to "reschedule" Cook's deposition. On December 29, 2023, Plaintiffs' counsel agreed to produce Winnesha Harrison for 3:30 p.m. deposition on January 3, 2024 deposition. ECF No. 307-3 at 2-3. On Tuesday, January 2, 2024, Plaintiffs' counsel indicated that Harrison could no longer attend the deposition because her employer would not accommodate her absence as initially anticipated. *Id*. at 2.

The claims of all five of these opt-ins (Michelle Joseph, Ebonie Jones, Wilbert Marcell, Tracy Cook, and Winnesha Harrison) were dismissed with prejudice for failure to participate in discovery on January 29, 2024. ECF No. 283. Imposition of additional monetary sanctions would therefore be duplicative and unnecessary considering the district court has already addressed the opt-ins' discovery failures by dismissing their claims with prejudice.

### E. December Depositions and Motion for Sanctions

Defendants also seek monetary sanctions of $9,943 for attorneys' fees and court reporter fees incurred for the 18 "no-show" opt-in depositions in December 2023 and $10,800.50 in attorneys' fees incurred in preparing this sanctions motion. ECF Nos. 301-2 ¶5 at 2; 301-3 at 2.

#### 1. December Depositions

On November 30, 2023, the undersigned enforced Plaintiffs' August 22, 2023 written stipulation to the depositions of 15 opt-in plaintiffs and granted Defendants' motion to compel and

for leave to depose each of the remaining opt-ins.  ECF No. 258 at 10, 13-14.  That night, Defendants issued amended notices of deposition for 18 opt-ins, which depositions were set to occur between December 4, 2023, and December 8, 2023, the discovery deadline.  ECF No. 301-5 at 13.  The next day, Friday, December 1, 2023, Plaintiffs filed an "Emergency Motion for an *Ex Parte* Protective Order, Emergency Stay, and Review of Order of Magistrate Judge."  ECF No. 259.  In the meantime, Defendants claim that Plaintiffs' counsel did not respond to the amended notices of deposition until close of business on Friday, December 1, 2023, preventing Defendants from cancelling court reporters in time to avoid late cancellation fees.  Plaintiffs' counsel's December 1, 2023 e-mail indicated that they would "not be appearing in accordance with [their] motion."  ECF No. 301-5 at 11.

On Tuesday, December 5, 2023, Judge Morgan denied Plaintiffs' motion and affirmed the undersigned's November 30, 2023 Order.  ECF No. 261.  Two days later, and only after the district court affirmed this Court's Order, Plaintiffs sought clarification on whether they must produce each of the opt-ins before the December 8, 2023 discovery deadline.  ECF No. 262.  On December 8, 2023, the undersigned granted the motion for clarification, confirmed that Plaintiffs were expected to comply with the discovery order within the governing deadline, and granted a brief extension of said deadline through December 22, 2023 for the limited purpose of conducting the additional opt-in depositions.  ECF No. 263.  During a December 18, 2023 status conference, Judge Morgan issued scheduling order continuing the deadline for the opt-ins' depositions to January 5, 2024.  ECF No. 265. On January 29, 2024, the district court granted in part Defendants' motion to dismiss claims of opt-in plaintiffs who refused to participate in discovery.  ECF No. 283.

Plaintiffs evidently did not even attempt to comply with the court's November 30, 2023 Order.  Rather, Plaintiffs apparently mistakenly believed that the mere filing of their "Emergency

Motion for an *Ex Parte* Protective Order, Emergency Stay, and Review of Order of Magistrate Judge" relieved them of the obligation to comply with my order.  Of course, the operative effect of a magistrate judge's order is not automatically stayed upon the filing of an objection.[11]  In the absence of a stay, a party remains obligated to comply with the court's order unless and until the order is set aside.[12]  Moreover, the mere act of filing a motion to quash or motion for a protective order does not relieve a party of the duty to appear.  As the Fifth Circuit has made clear, a party is obliged to appear for a properly noticed deposition until a court order excuses attendance.[13]

Courts within this circuit have held that Rule 37(b)(2)(A) sanctions are only appropriate where a party violates a specific portion of a discovery order.[14]  However, Rule 37(d)(1)(A)(i) authorizes the court to impose sanctions against a party if the party "fails, after being served with proper notice, to appear for that person's deposition."[15] Such sanctions may include attorneys' fees caused by the failure unless same was "substantially justified" or an award of expenses would be unjust.[16]  "Parties may not escape sanctions simply by notifying the attorney who noticed the deposition that they will not appear."[17]

---

[11] *Blessey Marine Servs., Inc. v. Jeffboat, LLC*, No. 10-1863, 2011 WL 3349844, at *4 (E.D. La. Aug. 3, 2011) (Fallon, J.) (collecting cases).

[12] *Id*. (citing *Maness v. Meyers*, 419 U.S. 449, 458 (1975) (("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal.")).

[13] *See King v. Fidelity Nat'l Bank of Baton Rouge*, 712 F.2d 188, 191 (5th Cir. 1983) (per curiam); *Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979).

[14] *See, e.g., Greinstein v. Granite Servs. Int'l Inc.*, No. 18-208, 2023 WL 3681702, at *2-*3 (N.D. Tex. Jan. 17, 2023) (declining to impose Rule 37(b)(2)(A) sanction of dismissal where defendant did not show that FLSA opt-in plaintiff failed to comply with a discovery order because the order in question did not order that specific opt-in to appear for deposition on a specific date).

[15] *See, e.g., Resol. Tr. Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993).

[16] *Greinstein*, 2023 WL 3681702, at *3 (citing *Jorge v. Atl. Hous. Found., Inc.*, No. 20-2782, 2022 WL 1082345, at *5 (N.D. Tex. Apr. 11, 2022) (quoting FED. R. CIV. P. 37(d)(3))).

[17] *Rangel*, 274 F.R.D. at 592 (cleaned up) (citation omitted).

Plaintiffs' failure to appear, even with a pending motion for protective order, is not substantially justified.[18]   That said, the depositions were eventually scheduled and conducted. Therefore, the preparation work was ultimately put to use by defense counsel.  For that reason, the Court declines to award any attorney's fees incurred in relation to the December depositions.  The court reporter cancellation fees incurred for "no-show" depositions of opt-in plaintiffs who remain in the case, however, must be reimbursed.  Accordingly, Plaintiff's counsel must pay $2,250.00 in connection with the December depositions.[19]

### 2.  Motion for Sanctions

Defendants seek to recover $10,800.50 of attorneys' fees incurred in preparing this motion for sanctions.

### F.  Fee Awards

Defendants seek $6,202.35 in attorneys' fees for the re-opened deposition and $10,800.50 in attorneys' fees for preparation of this motion.  This fee amount is comprised of 20.1 hours worked by Frederick "Trip" L. Conrad, III at $346.50 an hour and 0.3 hours by Andrew S. Naylor[20] at $472.50 an hour.  ECF Nos. 301-3 at 1; 301-3 at 46-50.  Defendants failed to attach an affidavit from Naylor or otherwise argue the reasonableness of his charge.  The 0.3 hour fee is also duplicative of Conrad's time.  Therefore, Naylor's charges will not be included in the fee award. Defendants' $10,800.50  in  fees for the sanctions motion is comprised of 6.2 hours of time spent by Conrad at $380 an hour and 18.6 hours of time spent by Matthew A. Caplan at $375.00 an hour. ECF No. 301-7. Defendants failed to attach an affidavit from Caplan.

---

[18] *Barnes v. Madison*, 79 F. App'x 691, 707 (5th Cir. 2003).  "A motion to quash must be not only made but granted before the scheduled deposition to excuse compliance.  *King*, 712 F.2d at 191 (emphasis in original).
[19] *See* ECF No. 301-3 at 2 (setting forth court reporter fees incurred for each December deposition).
[20] Naylor recently retired and withdrew from this matter.  *See* ECF Nos. 278, 280.

### G.  Lodestar Calculations

The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation of the hours reasonably expended and demonstrating the use of billing judgment.[21]   Courts routinely use the "lodestar method" to determine attorneys' fee awards in cases brought under federal statutes, which "provides an objective basis on which to make an initial estimate of the value of a lawyer's services."[22]   Indeed, the Supreme Court has recognized that it is the "most useful starting point" for determining the award for attorney's fees.[23]

The lodestar method entails a two-step process: calculation of the lodestar amount and consideration of the *Johnson* factors to assess any adjustment request.  "[T]he district court is not required 'to achieve auditing perfection,' as '[t]he essential goal in shifting fees (to either party) is to do rough justice.'"[24]   Thus, the court need not explicitly calculate the lodestar to make a reasonable award.[25]

### 1.  Reasonable Hourly Rate

In determining the reasonable hourly rate, the court is not bound by the amount charged by the attorney.[26] Rather, the "appropriate hourly rate . . . is the market rate in the community for this work."[27]   The rate must be calculated "at the 'prevailing market rates in the relevant community

---

[21] *Creecy v. Metro. Prop. & Cas. Ins. Co*., 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins.*, 129 F.3d 814, 822 (5th Cir. 1997)); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (stating party seeking fee bears burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought).

[22] *Hensley*, 461 U.S. at 433.

[23] *Id.*; *Jimenez v. Wood Cty., Tex.*, 621 F.3d 372, 379 (5th Cir. 2010) ("The determination of a fees award is a two-step process.  First, the court calculates the 'lodestar'. . .") *on reh'g en banc*, 660 F.3d 841 (5th Cir. 2011).

[24] *DeLeon v. Abbott*, 687 F. App'x 340, 343 (5th Cir. 2017) (citations omitted).

[25] *No Barriers, Inc. v. Brinker Chili's Tex., Inc.*, 262 F.3d 496, 500–01 (5th Cir. 2001) (citing *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990); *Wegner*, 129 F.3d at 822-23).

[26] *Village Shopping Ctr. P'ship v. Kimble Dev. LLC.*, 287 So.3d 882, 19-238 (La. App. 5 Cir. 12/30/19); [26] *St. Blanc v. Stabile*, 114 So. 3d 1158, 1160 (La. App. 5 Cir. 4/24/13) (citing *Jackson Square Towne House Home Ass'n, Inc. v. Hannigan*, 867 So. 2d 960, 965–66 (La. App. 2 Cir. 3/3/04)).

[27] *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co*., 685 F.3d 486, 490 (5th Cir. 2012)); *McClain v. Lufkin Indus., Inc*., 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)) (stating that "'reasonable' hourly rates 'are to be calculated according to

for similar services by attorneys of reasonably comparable skills, experience, and reputation.'"[28]
Conrad is a Tennessee-barred partner at Holland & Knight LLP with 11 years' experience who
has focused primarily on labor and employment litigation, including collective actions under the
Fair Labor Standards Act.  ECF No. 301-2 at 1.  Defendants submitted no supporting affidavit
from Matthew Caplan regarding his education, experience, or specialization.  His e-mail signature
reflects that he is an associate at Holland & Knight LLP.  *See, e.g.,* ECF No. 301-5 at 8.

Satisfactory evidence of the reasonableness of the rate includes an affidavit of the attorney
performing the work and information of rates actually billed and paid in similar lawsuits.[29]
Although  Conrad's affidavit in support of the fee request does not provide his hourly rate, the
attached billing records reflect that he charged $346.50 per hour in 2022 and $380 per hour in
2023.[30]  The records further reflect that Caplan charged $375 per hour for his work on the motion
for sanctions.  Counsel fails to provide any information of rates actually billed and paid in similar
lawsuits.

When  the hourly rate is not opposed, however, it is *prima facie* reasonable.[31]  In this case,
while Plaintiffs object to any attorneys' fee award and alternatively argue for a reduction due to
excessive hours and block billing, Plaintiffs does not contest Conrad's or Caplan's hourly rates.
ECF No. 307 at 15.  Given Plaintiff's failure to oppose the hourly rate charged, those rates are
deemed *prima facie* reasonable.  The court, however, expressly notes that it makes no
determination of whether the $346.50/$380 hourly rate charged by an attorney of Conrad's

---

the prevailing market rates in the relevant community'")); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th
Cir. 1995) ("To determine reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates.").
[28] *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, No. 13-454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013)
(quoting *Blum,* 465 U.S. at 895).
[29] *Blum*, 465 U.S. at 895 n.11; *Int'l Transp. Workers Fed'n*, 2013 WL 5329873, at *3; *Creecy.,* 548 F. Supp. 2d at
279.
[30] *See* ECF No. 301-3 at 46.  Conrad's rate increased to $380 per hour after the re-opened deposition.  *See id.* at 56.
[31] *La. Power & Light Co.*, 50 F.3d at 328; *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990) (citation omitted).

experience level or the \$375 hourly rate for an attorney of Caplan's experience level is reasonable within the greater New Orleans legal community.

## 2. Documentation of Hours Reasonably Expended and Billing Judgment

The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation of the hours reasonably expended and demonstrating the use of billing judgment.[32]  Only work of a legal nature is compensable.[33]  Travel time is allowed at 50% of the hourly rate in the absence of documentation that any legal work was accomplished during travel time.[34]

The use of "block billing" makes "it impossible for the court to determine the reasonableness of the hours spent on each task," justifying a percentage reduction of the claimed award.[35]  The court must also exclude excessive, duplicative, or inadequately documented time.[36] "If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized."[37]  Likewise, unsuccessful, futile or wasteful litigation efforts are typically not allowed because such fees cannot be characterized as reasonable.[38]

---

[32] *Creecy,* 548 F. Supp. 2d at 286 (citing *Wegner,* 129 F.3d at 822; *Walker v, U.S. Dep't of Housing & Urban Dev.,* 99 F.3d 761, 770 (5th Cir. 1996)); *see also Hensley,* 461 U.S. at 433 (stating party seeking fees bears burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought).

[33] Work of a legal nature includes "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence."  *Missouri v. Jenkins,* 491 U.S. 274, 288 n.10 (1989).

[34] *See, e.g., Watkins v. Fordice,* 7 F.3d 453, 459 (5th Cir. 1993).

[35] *Source Prod. & Equip. Co., Inc. v. Schehr,* No. 16-17528, 2020 WL 6075895, at *6 (E.D. La. Oct. 15, 2020) (citing *Rodney v. Elliot Sec. Sols., LLC,* No. 19-11890, 2020 WL 4756490, at *8 (E.D. La. July 30, 2020) (quoting *Canon U.S.A., Inc. v. S.A.M., Inc.,* No. 07-1201, 2009 WL 35334, at *4 (E.D. La. Jan. 6, 2009))).

[36] *Jimenez,* 621 F.3d at 379–80; *see also Hensley,* 461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, and otherwise unnecessary . . . .").

[37] *Abrams v. Baylor Coll. of Med.,* 805 F.2d 528, 535 (5th Cir. 1986) (citation and quotation omitted); *accord Phila. Indem. Ins. Co. v. SSR Hosp., Inc.,* 459 F. App'x 308, 317 (5th Cir. 2012); *Riley v. City of Jackson,* 99 F.3d 757, 760 (5th Cir. 1996).

[38] *See, e.g., Jason D.W. v. Houston Indep. Sch. Dist.,* 158 F.3d 205, 211 (5th Cir. 1998) (finding court did not abuse discretion in reducing fees for time spent pursuing unsuccessful claim and to reflect limited success on other issues); *Randolph v. Dimension Films,* 634 F. Supp. 2d 779, 799–800 (S.D. Tex. 2009) (deducting for defendants' attorneys' time spent pursuing claims that did not overlap with successful claim), *aff'd,* 381 F. App'x 449 (5th Cir. 2010).

Indeed, the Fifth Circuit has affirmed an award that reflected such deductions.[39]

The party seeking fees must also demonstrate the exercise of billing judgment, which refers to the usual practice of writing off unproductive, excessive, or redundant hours.[40]  "Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but also hours written off."[41]  The burden is on the party seeking the fee award to prove that they exercised billing judgment.[42]  "The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment."[43]  As an alternative to a percentage reduction, the court may exclude hours that were not reasonably expended and/or conduct a line-by-line analysis of billings.[44]  "[T]he district court is not required 'to achieve auditing perfection,' as '[t]he essential goal in shifting fees (to either party) is to do rough justice.'"[45]  The court need not explicitly calculate the lodestar to make a reasonable award.[46]

a.   Reopened Deposition

Defendants seek to recover $6,202.35 of attorneys' fees incurred in preparing for and taking the reopened deposition of Amy Hamm.  Although the supporting affidavit does not state

---

[39] *See Raspanti v. Caldera*, No. 01-31236, 2002 WL 494939 (5th Cir. Mar. 15, 2002); *see also Leroy v. City of Houston*, 906 F.2d 1068, 1084 (5th Cir. 1990) (reducing award because of hours allocable to issues on which plaintiffs were unsuccessful).

[40] *Walker v. H.U.D.*., 99 F.3d at 770.

[41] *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990) (citation omitted), *vacated in part on other grounds*, 903 F.2d 352 (5th Cir. 1990).

[42] *Walker v. H.U.D.*, 99 F.3d at 770 (citation omitted).

[43] *Id.*; *see also United States ex rel McNeil v. Jolly*, 451 F. Supp. 3d 657, 670 (E.D. La. 2020) ("If a party fails to provide sufficient evidence of billing judgment, the proper remedy is 'a reduction of the award by a percentage intended to substitute for the exercise of billing judgment.'") (citing *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)); *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. H.U.D.*, 99 F.3d 761, 770 (5th Cir. 1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'").

[44] *See Fleming,* 2021 WL 4908875, at *5 (citing *Hensley*, 461 U.S. at 434; *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642 (5th Cir. 2002)).

[45] *DeLeon v. Abbott*, 687 F. App'x 340, 343 (5th Cir. 2017) (quotation and citations omitted).

[46] *No Barriers, Inc.*., 262 F.3d at 500–01 (citing *Wegner,* 129 F.3d at 822-23).

14

the number of hours worked, a review of the attached billing records reflects 20.1 hours actually

billed:

| Date | Entry | Time Billed |
|---|---|---|
| 3/25/22 | Review order granting Motion to Exclude Errata Sheet and reopening Plaintiff's deposition; email with [co-counsel] re: court order and reopened deposition; email with [counsel] re: scheduling reopened deposition. | 0.80 hours |
| 3/26/22 | Begin assembling documents for reopened deposition. | 1.40 hours |
| 3/27/22 | Continue drafting outline for reopened deposition; continue assembling documents for reopened deposition. | 1.40 hours |
| 3/28/22 | Draft Deposition Notice for Plaintiff's Reopened Deposition, email [counsel] re: Deposition Notice for Plaintiff's Reopened Deposition; email [counsel] re: deposition logistics; continue drafting outline for reopened deposition; continue assembling documents for reopened deposition. | 0.20 hours |
| 3/29/22 | Revise Deposition Notice . . . email [counsel] re: deposition logistics. | 0.30 hours |
| 3/30/22 | Email with [counsel] re: logistics for Plaintiff's Reopened Deposition; continue drafting outline for reopened deposition. | 0.10 hours |
| 4/01/22 | Email with [counsel] regarding result of Motion to Exclude Errata Sheet; continue drafting outline for reopened deposition. | 1.70 hours |
| 4/03/22 | Finish drafting outline for Plaintiff's reopened deposition; finish preparing exhibits for [same]. | 3.20 hours |
| 4/04/22 | Email with local counsel [ ] regarding deposition logistics and exhibit preparations; travel to New Orleans; review deposition outline and exhibits. | 3.40 hours |
| 4/05/22 | Email with local counsel [ ] regarding deposition logistics; review outline and exhibits I preparation for deposition; depose Plaintiff; email with [counsel] regarding deposition exhibits. | 5.10 hours |
| 4/06/22 | Travel from New Orleans to Nashville. | 2.50 hours |

It is unclear how Defendants reached the $6,202.35 figure. Conrad's billing records reflect

20.1 hours of work at a rate of $346.50, but a mathematical calculation results in $6,964.65,

$762.30 more than Defendants seek to recover. Conrad notes that the fees billed are "at least" the

amounts requested, and the actual amounts are "almost certainly more" because Defendants have been "very conservative" in estimating the time expended.  ECF No. 301-2 ¶ 5.  In their Reply, Defendants assert that "12.8 hours of attorney time associated with preparing for the reopened deposition. . . is reasonable. . . . "  ECF No. 309 at 7.  But the lodestar calculation for 12.8 hours worked at a rate of $346.50 amounts to $4,435.20, which is approximately $1,800 less than the amount sought.

Contradictions notwithstanding, the court will begin with the lodestar calculation—20.1 hours at a rate of $346.50, which totals $6964.65.  Next, the 2.5 hours spent traveling must be reduced by 50%, bringing the total down to $6,531.53.  In addition, the billing records reflect multiple instances of block billing.  Further, counsel billed 12.5 hours for preparing to re-depose Hamm, several of which hours were spent preparing an outline for the continued deposition.[47]  The parties dispute whether this number of hours is reasonable.  Citing no supporting authority, Defendants assert that the time spent preparing for the reopened deposition is reasonable given the "substantial, improper errata sheet changes."  ECF No. 309 at 7.

In determining the reasonableness of the 12.5 hours sought, the court finds informative *Knoth v. Keith*, No. 18-49, 2020 WL 5821975 (S.D. Miss. Sept. 30, 2020), in which the defendant sought attorneys' fees for the time spent reopening the plaintiff's deposition after she made 26 substantive changes to her deposition on an errata sheet.  Among other entries, defendant billed 2.4 hours for drafting a deposition outline for the reopened deposition.  *Id*. at *1.  Noting that the deposition was limited in scope, the court found the number of hours expended drafting an outline

---

[47] The court cannot determine precisely how many hours were spent creating the outline given the block billed entries.

excessive and reduced the time to 1.0 hours, which resulted in a fee award for 4.3 hours preparing for the re-opened deposition and 3.1 hours for attending the deposition. *Id*. at *2.[48]

Here, Plaintiff made thirteen changes to her deposition testimony.[49]  Given the limited scope of the reopened deposition, the court finds the 12.5 hours expended in preparing for same is excessive, warranting a reduction to 5 hours for preparation in addition to the 5.1 hours expended on the day of the re-opened deposition and 2.5 hours of travel time billed at 50% of the rate.  This reduction also addresses Defendants' use of block billing.

This reduction in compensable hours results in an attorneys' fee award of $3,932.78 for the reopened deposition.

b.   Motion for Sanctions

Defendants seek to recover $10,800.50 of attorneys' fees incurred in preparing their motion for sanctions.  Although the supporting affidavit does not state the number of hours worked, a review of the attached billing records reflects 24.8 hours billed for drafting the motion.  Caplan billed 18.6 hours:

| Date | Entry | Time Billed |
|------|-------|-------------|
| 12/18/23 | [Redacted]; Draft motion for sanctions; [Redacted]. | 1.0 (reduced from 4.0) |
| 12/19/23 | [Redacted]; Draft motion for sanctions; draft deposition outline and binder for opt-in plaintiffs [ ]. | 0.5 (reduced from 4.5) |
| 12/20/23 | Take deposition of opt-in plaintiff [ ]; draft motion for sanctions; [Redacted]. | 0.5 (reduced from 7.4) |
| 12/21/23 | Draft motion for sanctions | 1.0 |
| 12/22/23 | [Redacted]; Draft motion for sanctions; [Redacted]. | 0.5 (reduced from 1.4) |

---

[48] The court also permitted 1.4 hours for review of errata sheet and transcript, 1.2 hours for legal research, 0.4 hours to prepare and organize exhibits, and 0.3 hours for correspondence with opposing counsel. *Id*. at *1-*2.
[49] *See* ECF No. 119 at 1.

| 1/3/24 | Draft deposition outline for opt-in plaintiff [ ]; take deposition of [ ]; draft deposition outline for [ ]; draft motion for sanctions; [redacted]; confer with T. Conrad regarding motion to dismiss and motion for sanctions; draft correspondence to opposing counsel regarding fees incurred for cancelled depositions. | 1.5 (reduced from 8.00) |
| 1/12/24 | [Redacted]; Draft motion for sanctions; confer with T. Conrad regarding the same. | 0.5 (reduced from 2.6) |
| 1/18/24 | [Redacted]; confer with H. Winigar regarding Motion for Sanctions; [Redacted]. | 0.1 (reduced from 5.2) |
| 1/19/24 | [Redacted]; confer with H. Winigar regarding attorneys' fees in support of motion for sanctions. | 0.2 (reduced from 1.2) |
| 1/25/24 | Draft motion for sanctions; draft email to T. Conrad regarding attorney fees in support of motion for sanctions. | 0.5 |
| 1/31/24 | Draft motion for sanctions and invoice supporting the same. | 0.5 |
| 2/15/24 | Confer with T. Conrad regarding motion for sanctions; review the same; draft correspondence with opposing counsel regarding deposition cancellation. | 1.7 |
| 2/16/24 | Draft correspondence with opposing counsel regarding deposition cancellation fees in support of motion for sanctions; confer with T. Conrad regarding the same. | 0.8 |
| 2/23/24 | Draft motion for sanctions and declaration in support; confer with T. Conrad regarding the same. | 1.10 |
| 2/26/24 | Draft motion for sanctions. | 2.50 |
| 2/27/24 | Draft motion for sanctions. | 2.20 |
| 2/28/24 | Draft motion for sanctions; draft declaration by T. Conrad in support of the same. | 1.40 |
| 2/29/24 | Draft motion for sanctions. | 2.10 |

Conrad billed 6.2 hours:

| Date | Entry | Time Billed |
| --- | --- | --- |
| 12/20/23 | Email with [counsel] re: scheduling opt-in plaintiff depositions. | 0.1 |

| 12/21/23 | Email with [counsel] re: scheduling opt-in plaintiff depositions. | 0.1 |
| 12/22/23 | Email with [counsel] re: scheduling opt-in plaintiff depositions. | 0.1 |
| 1/2/24 | Review and revise Motion for Sanctions and Memorandum in Support. | 0.9 |
| 1/3/24 | Review and revise Memorandum in Support of Motion for Sanctions. | 1.6 |
| 2/23/24 | Review and revise Memorandum in Support of Motion for Sanctions | 0.6 |
| 2/23/24 | Review and revise Declaration in Support of Motion for Sanctions. | 0.2 |
| 2/27/24 | Review and revise Motion for Sanctions and Memorandum in Support. | 2.10 |
| 2/27/24 | Review and revise Declaration in Support of Motion for Sanctions. | 0.3 |
| 2/28/24 | [Redacted] | 0.2 |

The lodestar calculation for Caplan's 18.6 hours at a $375 per hour rate equals $6,975. For Conrad, the lodestar calculation for 6.2 hours of work at a $380 hourly rate equals $2,356, for a total of $9,331. The party seeking fees bears the burden of supporting the reasonableness of all time expenditures for which compensation is sought.[50] Any time that is excessive, duplicative, or inadequately documented will not be considered. Likewise, unsuccessful, futile, or wasteful litigation efforts are typically not allowed because such fees cannot be characterized as reasonable.[51] Indeed, the Fifth Circuit has affirmed an award that reflected such deductions.[52]

---

[50] *Hensley*, 461 U.S. at 437.

[51] *See, e.g., Rubio v. C.R. Contractors, LLC,* No. 16-13908, 2017 WL 3521567, at *2 (E.D. La. Aug. 16, 2017) ("When using the lodestar method to award attorney fees, courts routinely deduct time spent on unsuccessful, unfounded or unnecessary pleadings, motions, discovery requests and memoranda.") (citing *White v. Imperial Adjustment Corp.,* No. 99-3804, 2005 WL 1578810, at *11 (E.D. La. June 28, 2005)); *see also W. ex rel. W. v. Houston Indep. Sch. Dist.,* 158 F.3d 205, 211 (5th Cir. 1998) (finding court did not abuse discretion in reducing fees for time spent pursuing unsuccessful claim and to reflect limited success on other issues).

[52] *See Raspanti v. Caldera*, No. 01-31236, 2002 WL 494939 (5th Cir. Mar. 15, 2002); *see also Leroy*, 906 F.2d at 1084 (reducing award because of hours allocable to issues on which plaintiffs were unsuccessful).

Caplan's billing records include several block billed entries. Although Defendants exercised at least some billing judgment in voluntarily reducing some hours, the block billing prevents the court from closely analyzing each entry. Moreover, Defendants fail to justify the 24.8 hours' worth of time sought for drafting a relatively straightforward motion for sanctions and 12.5-page memorandum in support. While the memorandum contained a detailed timeline of events and roughly 200 pages of attachments, the issues briefed were not particularly complex. Further, some of Conrad's entries appear irrelevant to motion drafting (i.e., e-mail correspondence about scheduling) and one contains no description whatsoever. To account for the vague, duplicative, and block-billed entries, Caplan's time will be reduced to 12 hours and Conrad's time will be reduced to 4 hours.

This results in a fee award of $6,020.00.

Further, Defendants' motion for sanctions was not wholly successful. Given the lack of specificity in Defendants' billing records, the court cannot discern how much time was spent on the successful versus unsuccessful portions of this motion; therefore, a percentage reduction is appropriate. Defendants raised three main issues in their motion: (1) fees incurred by re-opening Hamm's deposition; (2) fees and costs for pre-December cancellations; and (3) fees and costs for December deposition issues. Defendants prevailed on the first issue. However, as Plaintiffs pointed out, they should not be severely punished for following the plain language of the district court's order. Defendants' arguments regarding the second issue proved unsuccessful given the prior dismissal with prejudice of the "no-show" opt-ins. On the final issue, Defendants achieved only partial success, receiving court reporter costs, but not attorneys' fees, for the December depositions. In sum, Defendants will receive a favorable ruling on roughly half of their motion for

sanctions.  As such, a 50% reduction in the lodestar is appropriate and results in an award of $3,010.00.[53]

## H.  Adjustments to the Lodestar Amount

After the lodestar has been determined, the court must consider the weight and applicability of the factors delineated in *Johnson v. Georgia Highway Express, Inc.*[54]  The twelve *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[55]

The lodestar calculation is presumptively reasonable and should be modified only in exceptional circumstances.[56]  Only in the rare circumstances in which lodestar does not adequately take into account a factor is this "strong presumption" of reasonableness overcome.[57]  The novelty and complexity of the issues, special skill and experience of counsel, quality of representation, and results obtained are presumably fully reflected in the lodestar amount, and thus should not serve

---

[53] *See Yousuf v. UHS of De La Ronde, Inc.,* 110 F. Supp. 2d 482, 491 (E.D. La. 1999) (reducing attorneys' fees award 33% to reflect billings for clerical and administrative tasks, work on unsuccessful claims, and unnecessary and excessive hours); *Prejean v. Ochsner Clinic,* 669 F. Supp. 146, 149 (E.D. La. 1987) ("Because of the interrelated nature of plaintiff's claims, it would be impractical to attempt to identify specific hours that should be eliminated to reflect plaintiff's limited success. Therefore, the Court has concluded that the award should be reduced . . .  by a factor of 25%.").
[54] 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989); *see also Watkins,* 7 F.3d at 457.
[55] *See Johnson*, 488 F.2d at 717-19.
[56] *Watkins*, 7 F.3d at 457 (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).  *Accord Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542,546, 552 (2010) (cleaned up); *Cooper Tire & Rubber Co.*, 685 F.3d at 490; *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 415 (5th Cir. 2022).
[57] *Combs v. City of Huntington*, 829 F.3d 388, 393 (5th Cir. 2016) (citation omitted).

as independent bases for increasing the basic fee award.[58]  Enhancements based upon the *Johnson* factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts[59] and may not be based on a factor already subsumed in the lodestar calculation.[60]  Thus, double-counting is impermissible, so the lodestar may not be adjusted due to a *Johnson* factor if creation of the lodestar award already accounted for that factor.[61]

Defendants do not seek any adjustments, and while Plaintiffs generally contest the fees contested, they do not argue for downward adjustments under *Johnson*.[62]  As this Court's lodestar calculation already reflected a reduction for excess hours, block billing, and the mere partial success of the motion, a further reduction under *Johnson* would be improper.  Accordingly, after careful evaluation of the *Johnson* factors, neither exceptional nor rare circumstances justify a further reduction of the lodestar in addition to the deductions applied in arriving at the lodestar as outlined herein.

## III.   **CONCLUSION**

For the reasons set forth above, Plaintiffs and/or Plaintiffs' counsel must reimburse Defendants $3,932.78 for the attorneys' fees incurred in re-opening Amy Hamm's deposition.  In addition, Plaintiffs' counsel is ordered to pay $2,250.00 in relation to the improper failure to appear for the December depositions and $3,010.00 for the fees incurred by Defendants in bringing this motion.

Accordingly, for the foregoing reasons,

---

[58] *Walker v. H.U.D.*, 99 F.3d at 771–72 (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) ("'[N]ovelty [and] complexity of the issues,' 'the special skill and experience of counsel,' the 'quality of representation,' and the 'results obtained' from the litigation are presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award.") (quoting *Blum*, 465 U.S. at 898-900; *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993)).
[59] *Walker v. H.U.D.*, 99 F.3d at 771–72 (citations omitted); *Shipes*, 987 F.2d at 322).
[60] *Perdue*, 559 U.S. at 553 (citations omitted).
[61] *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citation omitted).
[62] *See* ECF No. 307.

IT IS ORDERED that Defendants' Motion for Sanctions (ECF No. 301) is GRANTED IN PART AND DENIED IN PART and that Defendants are awarded $9,192.78.

New Orleans, Louisiana, this _____3rd_____ day of April, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE