## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **AMY HAMM and JOYE WILSON, on behalf of themselves and all others similarly situated,** | § § § | |
| *Plaintiff,* | § | **Case No. 2:20-cv-01515-SM-DPC** |
| | § | |
| **v.** | § | **District Judge Susie Morgan** |
| | § | |
| **ACADIA LAPLACE HOLDINGS, LLC and OCHSNER-ACADIA, LLC** | § § | **Magistrate Judge Donna Phillips Currault** |
| | § | |
| *Defendants.* | § | |

## OPPOSITION TO DEFENDANTS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

**MAY IT PLEASE THE COURT:**

Plaintiffs Amy Hamm and Joye Wilson ("Plaintiffs") hereby oppose Defendants' Motion for Certification of Interlocutory Appeal ("Defendants' Motion"). The Motion comes on the heels of the Court's Order denying Defendants' Motion to Decertify the Fair Labor Standards Act ("FLSA") Collective Action ("Order"). That Order explained that once a FLSA collective action is certified under *Swale*s, with an opportunity to conduct preliminary discovery and fully brief the issues, there is no justification for a motion to decertify.

Defendants cannot meet the requirements for an interlocutory appeal under 28 U.S.C. § 1292(b) for three reasons. First, an immediate appeal from the Court's Order denying Defendants' Motion to Decertify will not materially advance the ultimate termination of the litigation because this Court already analyzed Defendants' arguments against a collective trial and found them meritless. Thus, even on remand from an appeal favorable to Defendants, the Parties and the Court will be in the exact same position: headed towards a collective trial. Conversely, even if this matter

were decertified after the appeal, these individual claims will be refiled in this Court, resulting in piecemeal litigation that would not lessen the burden on the Court and Parties. Second there is not a substantial ground for difference of opinion as to the impropriety of decertification under the one-step *Swales* FLSA certification procedure. Finally, the requested appeal does not involve a controlling question of law because Defendants fail to explain how a favorable appeal would make any difference here, let alone materially affect the course of litigation.

Defendants' Motion must therefore be denied because they cannot meet the criteria for interlocutory appeal under 28 U.S.C. § 1292(b).

## I.    BACKGROUND

This hybrid FLSA collective action and Fed. R. Civ. P. 23 class action was filed on May 22. 2020.[1] The Court certified this matter as a collective action on July 13, 2022, using the standard articulated by the Fifth Circuit in *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021).[2] *Swales* directed courts to rigorously  scrutinize the proposed group of similarly situated employees at the outset of the litigation, to make a full and final (rather than conditional) determination that plaintiffs are similarly situated to putative collective members. *See id.* at 434. This differed from the previous *Lusardi* standard, whereby courts made a conditional determination that plaintiffs are similarly situated to putative collective members, which would be revisited after discovery. *See id.* at 436-437. Post-*Swales*, there is a one step collective action procedure. *See id.* at 443.

---

[1] (ECF No. 1).

[2] (ECF No. 129).

Defendants moved to decertify the collective action on May 21, 2024,[3] despite previously vigorously advocating for the use of the one step *Swales* procedure.[4] Plaintiffs opposed Defendants' Motion, explaining that (a) the evidence did not support decertification; and (b) that the motion should be denied because this case was certified under *Swales*, meaning the court already rigorously scrutinized the realm of similarly situated workers.[5]

This Court denied Defendants' bid to decertify this FLSA collective action on September 6, 2024.[6] The Court therein explained that, post-*Swales*, "there is no justification for a motion to decertify and to allow such a motion would be a waste of judicial resources."[7] The Court also explained that it considered the applicable evidence and would deny the motion "[e]ven if the Defendants are correct and they should be allowed to move to decertify the collective similar to a motion to decertify a class under Rule 23."[8] Defendants then filed the instant motion for leave to file an interlocutory appeal under 28 U.S.C. § 1292(b).

## II.        STANDARD OF REVIEW

Orders typically must be final to be appealable. *See* 28 U.S.C. § 1291. However, in extraordinary circumstances, 28 U.S.C. § 1292(b) allows a district court to certify questions for interlocutory appeal. *See Byars v. Asbury Mgmt. Servs.*, No. 3:19-CV-660-KHJ-MTP, 2022 U.S. Dist. LEXIS 37412, *2 (S.D. Miss. Mar. 3, 2022) (quoting *Goree v. City of Verona*, No. 1:17-cv-

---

[3] (ECF No. 334).

[4] (ECF No. 81).

[5] (ECF No. 287).

[6] (ECF No. 337).

[7] *Id.* at 10.

[8] *Id.* at 10, n. 56.

93-SA-DAS, 2020 U.S. Dist. LEXIS 188779, 2020 WL 6051258, at *1 (N.D. Miss. Oct. 13, 2020)). ("[A]n interlocutory appeal is to be used only in extraordinary cases where a decision on interlocutory appeal . . .  is not intended merely to provide review of difficult rulings in hard cases.")

Courts may certify an issue for interlocutory appeal under 28 U.S.C. § 1292(b) only when (1) it involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Clark-Dietz & Assocs. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). The moving party must establish that each of these criteria are met. *See United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 813 (E.D. La. 2009) (citing *In re FEMA Formaldehyde Prods. Liab. Litig.*, No. MDL 07-1873, 2008 U.S. Dist. LEXIS 110868, 2008 WL 4923035, at *2 (E.D. La. Nov. 13, 2008)) ("The moving party bears the burden of demonstrating that interlocutory appeal is appropriate.") Courts also must strictly construe the statute, and only exceptional circumstances can justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment. *Mae v. Hurst*, 613 F. App'x 314 (5th Cir. 2015) (quoting *Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997) (per curiam)) ("'Interlocutory appeals are generally disfavored, and statutes permitting them must be strictly construed.'")

As for the first factor, "a question of law tends to control for purposes of § 1292(b) when resolving it 'could materially advance the ultimate termination of the litigation,' thereby 'saving time and expense for the court and the litigants." *Earl v. Boeing Co.*, Civil Action No. 4:19-cv-507, 2021 U.S. Dist. LEXIS 50844, *14 (E.D. Tex. Mar. 18, 2021) (quoting *In re Cobalt Int'l*

*Energy, Inc. Sec. Litig.*, No. CV H-14-3428, 2016 U.S. Dist. LEXIS 32173, 2016 WL 949065, at *3 (S.D. Tex. Mar. 14, 2016)).

The second factor – whether there is a substantial ground for difference of opinion – is satisfied only when the moving party shows there is substantial reason to doubt the correctness of the district court's ruling. This is high threshold to meet and requires more "than mere disagreement or even the existence of some contrary authority." *Coates v. Brazoria Cnty. Tex.*, 919 F. Supp. 2d 863, 868 (S.D. Tex. 2013) (citing *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 724 (N.D. Tex. 2006)). "**[S]imply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement**." *Ryan*, 444 F. Supp. 2d at 724 (emphasis added).

For the third factor, courts should ask whether the appeal promises to advance the time for trial or shorten the time required for trial. *See id.* at 723 (citation omitted) ("Stated another way, § 1292(b) is designed to minimize burdens 'by accelerating or . . . simplifying trial court proceedings.'"). This factor is not met where, as here, even a favorable ruling on appeal leaves the district court in same procedural posture it was in before remand. *See In re Cobalt Int'l Energy, Inc. Sec. Litig.*, 2016 U.S. Dist. LEXIS 32173 at *18-19.

### III.    ARGUMENT

Defendants cannot establish that any of 28 U.S.C. § 1292(b)'s three criteria are met. First, an immediate appeal of the court's order denying Defendants' motion to decertify will not materially advance the ultimate termination of the litigation because (a) this Court already found that Defendants produced no evidence that decertification is appropriate; and (b) an interlocutory appeal would not eliminate the need, or shorten the time for, trial because Plaintiffs will individually re-file their claims if the collective is decertified, resulting in piecemeal litigation.

Second, *Swales* clearly requires a one step certification procedure, removing motions to decertify from the FLSA collective action paradigm. There is thus no substantial ground for difference of opinion warranting 28 U.S.C. § 1292(b) certification. Finally, the proposed appeal does not involve a controlling question of law because Defendants fail to explain how a favorable appeal would make any difference here.

        a.  <u>An Immediate Appeal of the Court's Order Denying Defendants' Motion to Decertify Will Not Materially Advance the Ultimate Termination of the Litigation</u>

Defendants' Motion fails for many reasons. However, they most glaringly fail to establish that an immediate appeal from the Order will materially advance the ultimate termination of the litigation. That is because it will not. Even a favorable ruling on appeal leaves the Court and the Parties in in same posture they are presently in as (a) the Court already found that Defendants produced no evidence that decertification is appropriate; and (b) an interlocutory appeal resulting decertification will increase the burden on the Parties and the Court as the opt-in claims will be litigated in piecemeal fashion before this Court.

        i.  *This Court already found that Defendants produced no evidence that decertification is appropriate.*

Defendants' Motion should be denied because even if they are successful on appeal, the Parties will be in the same procedural posture as they were before remand. Defendants want the Fifth Circuit to hold that, contrary to this Court's well-reasoned order, they have a right to move for decertification under the one-step *Swales* certification framework. But even if the Fifth Circuit agrees with Defendants, it will have no impact on the course of this litigation.

This Court expressly found that

**[e]ven if the Defendants are correct and they should be allowed to move to decertify the collective similar to a motion to decertify a class under Rule 23, the motion in this case**

-6-

**would be denied.** The Court has already found "[t]here is no dispute that the policies in question appl[ied] equally to each member of the proposed collective." In their opposition to Plaintiffs' Motion to Certify, the Defendants argued Hamm was not similarly situated to other potential members of the collective action because she was a supervisor at River Place. However, in the July 2022 Order, the Court held "Hamm and her supervisees were subject to the same possibility of break interruption. They were therefore similarly situated." The parties' briefing on the instant Motion to Decertify does not raise any new arguments that challenge the Court's prior findings. Indeed, the arguments now raised by the Defendants were raised during the collective certification stage. **Accordingly, the Court finds that the Defendants' arguments that the members of the collective are not similarly situated are without merit. The Defendants have produced no evidence that proceeding on a collective basis is inappropriate.**[9]

Thus, even if Defendants prevail on appeal and the Fifth Circuit finds they have a right to move for decertification under *Swales*, nothing changes at the district level because the Court already determined that decertification was substantively inappropriate; the Parties will still proceed to a collective trial on remand. And Defendants cannot challenge this determination – that they produced no evidence that proceeding on a collective basis is inappropriate – on interlocutory appeal as that is a factual determination inappropriate for certification under 28 U.S.C. § 1292(b). *Williams v. Taylor*, No. 15-321, 2015 U.S. Dist. LEXIS 105290, *5 (E.D. La. Aug. 10, 2015) (quoting *Link v. Mercedes-Benz of North America, Inc.*, 550 F.2d 860, 863 (3d Cir. 1977)) ("'28 U.S.C. §1292(b) is not designed for review of factual matters but addresses itself to a 'controlling question of law.'"). Simply put, Defendants' Motion must be denied because regardless of the outcome of an interlocutory appeal, the result will not eliminate the need for a collective trial. *See Marathon Oil Co. v. Koch Energy Servs., LLC*, No. 4:21-CV-1262, 2023 U.S. Dist. LEXIS 141787, *9-10 (S.D. Tex. July 27, 2023).

---

[9] Order (ECF No. 337) at 10, n. 56 (internal citations omitted and emphasis added).

Defendants try to sidestep this fact by arguing that the applicable standard may be changed on appeal. That is, Defendants claim that the Court only considered Defendants' arguments against certification, and not whether the evidence warrants decertification. This is wrong for one simple reason: the Court **did** consider the post-certification evidence and concluded that "Defendants have produced no **evidence** that proceeding on a collective basis is inappropriate."[10] Defendants may not like the Court's view of the evidence, and they can appeal pursuant to the normal procedures.[11] However, this is no basis for interlocutory appeal. *Ambler v. Nissen*, No. 23-50696, 2024 U.S. App. LEXIS 23001, *27 (5th Cir. Sep. 10, 2024) ("[Defendant] fails to raise pure legal issues and instead challenges the district court's factual findings. [Defendant] has therefore failed to invoke this court's limited interlocutory jurisdiction . . .")

Acadia also suggests that this action may be decertified by the appellate court on interlocutory appeal,[12] ostensibly materially advancing the ultimate termination of the litigation. This argument is legally wrong and betrays a misunderstanding of the very issue Defendants want

[10] Order (ECF No. 337) at 10, n. 56 (emphasis added). Defendants also blatantly misrepresent some of the pertinent factual background when making this demonstrably wrong assertion. For example, Defendants claim that the Court's initial Order granting FLSA certification was based solely on Ms. Hamm's testimony. This is false. The Court certified this action based on a wealth of evidence that the collective members are similarly situated, including Defendants' human resources policies, meal break policies, and Code of Conduct. (ECF No. 129) at 5-6.

[11] Acadia also claims that the Court did "not conduct any significant analysis of the merits of Defendants' arguments." This is yet another attempt to shoehorn Defendants' challenges to the Court's factual findings into a certifiable question under 28 U.S.C. § 1292(b). *See Stoffels v. SBC Communs., Inc.*, 572 F. Supp. 2d 809, 811 (W.D. Tex. 2008) (citing *Lou. Patients' Comp. Fund Overnight Bd. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 585, 588 (5th Cir. 2005)) ("The Fifth Circuit requires that the question of law be a pure question of law; permissive interlocutory appeals are not proper for determinations that involve applications of law to fact.")

[12] (ECF No. 340-1) at 7. ("An immediate appeal could materially advance the termination of this litigation by transforming the case from one involving 16 plaintiffs and opt-ins to one involving only two plaintiffs.")

to appeal. Defendants seek an immediate appeal as to whether *Swales* precludes a decertification motion. Therefore, the appeal will only determine whether such a motion is allowed, and will not decide the merits of such a motion. If the appellate court grants Defendants the requested relief, all that would happen is that the motion would be remanded for consideration on the merits. This would not advance the case in any way. As noted above, the Court already found that even if a decertification motion was permissible, Defendants failed to meet their burden to decertify the collective.

In sum, even a favorable appeal for Defendants will not result in decertification of the collective; it will just require the Court to engage in a decertification analysis (which it already did). At the end of the day, this is just a poor attempt to rehash arguments that this Court already rejected in the Order denying decertification.[13] The Court rejected these arguments once before, and it should do so again.

> *ii. An interlocutory appeal would not eliminate the need, or shorten the time for, trial because Plaintiffs will individually re-file their claims if the collective is decertified, resulting in piecemeal litigation.*

An interlocutory appeal would also not materially advance the instant litigation because plaintiffs will individually re-file their claims if the collective is decertified. If this matter is

---

[13] Defendants also use their Motion to parrot their prior arguments that Named Plaintiff Wilson is not similarly situated to the collective. The Court already outright rejected this argument: "The Court already has found that '[t]here is no dispute that the policies in question appl[ied] equally to each member of the proposed collective.' Likewise, while Defendants previously argued 'Hamm is not similarly situated to the other potential members of the collective because she was a supervisor at River Place,' the Court held 'Hamm and her supervisees were subject to the same possibility of break interruption. They were therefore similarly situated.' Therefore, Defendants' argument that an opt-in class member would not be similarly situated such that the Court must reevaluate its determination as to FLSA certification is without merit.") Order Granting Plaintiff's Motion to Amend the Scheduling Order (ECF No. 188) at 4, n. 29 (internal citations omitted).

decertified, these claims will be refiled in the same court, with the same attorneys, conducting the

same discovery, with the same parties, litigating the same theories based on the same facts that

have been explored here since 2020. Courts thus decline to certify FLSA decertification decisions

for interlocutory appeal for this very reason. As one court explained,

> [w]hat's more, it is possible that decertification would not lessen the
> burden on the court and parties at all. Plaintiffs have indicated that
> 'if [defendants] were to prevail in an interlocutory appeal and
> secure decertification of the collective, the result would be
> individualized trials for both the three named plaintiffs *and* for up to
> the more than one-hundred fifty party plaintiffs in
> the FLSA collective action.' If that were to occur, the court likely
> would consolidate the cases for proceedings . . . leaving the court
> (and the parties) in no different position.

*Harris v. Med. Transp. Mgmt.*, No. 17-cv-1371 (APM), 2021 U.S. Dist. LEXIS 224439, at *14-15

(D.D.C. Nov. 22, 2021) (internal citations omitted). *See also Ruffin v. Avis Budget Car Rental,*

*LLC*, Civil Action No. 11-01069-SDW-MCA, 2014 U.S. Dist. LEXIS 128596, at *10 (D.N.J. Sep.

15, 2014) ("An interlocutory appeal would not materially advance the instant litigation. First, an

interlocutory appeal would not eliminate the need for trial because plaintiffs can individually re-

file their claims if the class is decertified. This piecemeal approach would expend greater judicial

time and resources.")

   The Court should therefore deny Defendants' Motion based on this fact alone.  Even if an

immediate appeal resulted in decertification (which, by definition, it cannot, *see infra* at 8-9), the

Court and the Parties would spend more time and expenses litigating these claims absent the

appeal. Thus, if interlocutory appeals are intended to save "time and expense for the court and the

litigants," then Defendants' Motion must be denied. *See Earl*, 2021 U.S. Dist. LEXIS 50844 *14

(quoting *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, 2016 U.S. Dist. LEXIS 32173 at *3).

      b.  <u>There is Not a Substantial Ground for Difference of Opinion</u>
<u>as to the Impropriety of Decertification under the One-Step</u>
<u>*Swales* FLSA Certification Procedure.</u>

Defendants' Motion also must be denied because *Swales* is clear that courts in the Fifth Circuit must use a one step FLSA certification procedure. As this Court recognized, *Swales* requires courts to "rigorously scrutinize the realm of 'similarly situated' workers . . . from the outset of the case" so that it can "ensure the requested opt-in notice will go to those who are actually similarly situated to the named plaintiffs." *Swales*, 985 F.3d at 434. This differs from the historic *Lusardi* procedure whereby courts made only a preliminary determination that plaintiffs were similarly situated and revisited that determination after discovery. *See id.* at 436-437. *Swales* consolidated these steps into a single analysis and required courts to fully and finally determine that the plaintiffs are similar situated before notice is sent. *See id.* at 443 ("the FLSA's similarity requirement is something that district courts should rigorously enforce at the outset of the litigation.")

This Court applied *Swales* and made the determination, informed by robust discovery, that the Plaintiffs were similarly situated. Nothing in *Swales* requires, or even suggests, that this decision should be revisited after additional discovery. As this Court explained, *Swales* explicitly rejected "'*Lusardi's* two-step certification rubric' in favor of determining whether a group of employees are 'similarly situated' "as early as possible,' emphasizing that "this analysis should occur 'at the outset of litigation.'"[14] Ironically, after advocating for this stricter, preliminary certification standard,[15] Defendants now ask the Court to ignore *Swales* and apply a two step certification framework. Defendants want to increase employees' burden to send notice to

---

[14] Order (ECF No. 337) at 9-10 (quoting *Swales*, 985 F.3d at 433, 434, 441-443).

[15] (ECF No. 81 at 1-2).

similarly situated individuals, while having a second bite at the apple and moving for decertification. In essence, Defendants want to apply *Lusardi*, but with both stages requiring heightened showings from Plaintiffs.

This does not comport with the plain language of *Swales*. The Fifth Circuit was very clear that courts should engage in an exacting analysis at the **outset** of the litigation **in a one-step** procedure to ensure that notice is sent to employees who are, in fact, similarly situated. *Swales*, 985 F.3d at 434. Moreover, the *Swales* court did not approve (or even discuss) of courts subsequently decertifying collective actions after this preliminary determination, despite understanding such procedure exists under *Lusardi*. *See id.* at 437, 441 (discussing decertification under *Lusardi* framework).

Defendants nonetheless try to create a substantial ground for difference by pointing to the Fifth Circuit's treatment of Fed. R. Civ. P. 23 class actions and by framing the question for appeal as one of first impression. Neither helps their cause.

First, "**simply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement**." *Ryan*, 444 F. Supp. 2d at 724 (emphasis added); *Casanova v. Gold's Tex. Holdings Grp., Inc.*, No. 5:13-CV-1161-DAE, 2016 U.S. Dist. LEXIS 48411, at *8 (W.D. Tex. Apr. 11, 2016) ("Nor is the fact that this Court was the first to rule on [an issue] in this circuit a sufficient ground to find a substantial ground for difference of opinion."); *Adhikari v. Daoud & Partners*, No. 09-cv-1237, 2010 U.S. Dist. LEXIS 26240, at *17 (S.D. Tex. Mar. 1, 2010) (same); The fact that an issue may be one of first impression is even less important where, as here, issue is not exceedingly complex, and the case law is clear. *See Lucas v. Bell Trans*, No. 2:08-cv-01792-RCJ-RJJ, 2009 U.S. Dist. LEXIS 101836, at *14-15 (D. Nev. Oct. 14, 2009) ("This is an issue of

first impression, but the relevant law of statutory construction is clear, and the issue is not exceedingly complex. There are no substantial grounds for differences of opinion.")

Second, FLSA collective actions are not class actions. *Lopez-Gonzales v. Ramos*, No. 2:20-CV-061-Z, 2021 U.S. Dist. LEXIS 140943 n.1 (N.D. Tex. July 28, 2021). Unlike Fed. R. Civ. P. 23 class certification, where a class with independent legal status is created, "[t]he sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 75 (internal citations omitted). *See also De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 306 (3d Cir. 2003) ("Rule 23 is inapplicable to class proceedings under the FLSA.")

Class action precedent is simply irrelevant, and Defendants' attempts to analogize the two are misplaced. Other than the obvious procedural differences (i.e., opt in versus opt-out procedures), Fed. R. Civ. P. 23 explicitly provides for interlocutory appeals of certification orders. Fed. R. Civ. P 23(f); *See also Marlo v. UPS*, No. CV 03-04336 DDP (RZx), 2008 U.S. Dist. LEXIS 129089, at *5 (C.D. Cal. Dec. 11, 2008) (discussing the use of Fed. R. Civ. P 23(f) for interlocutory appeal of decertification order). However, the FLSA contains no such similar provision; "[w]hile it's true Congress saw fit to provide for interlocutory appeal of Rule 23 class-action certifications, it did not do so for FLSA claims." *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-cv-00363, 2013 U.S. Dist. LEXIS 5352, at *8 (E.D. Va. Jan. 11, 2013). As the Fifth Circuit noted, Fed. R. Civ. P. 23(f) "specifically allows for interlocutory review of class certification decisions at the discretion of the respective courts of appeals under rule 23 [sic]. But . . . this case involves a 'garden-variety' § 216(b) FLSA action and is not a rule 23 [sic] class action, so rule 23(f) is inapplicable." *Baldridge v. SBC Communs., Inc.*, 404 F.3d 930, 932 (5th Cir. 2005).

Moreover, Defendants' attempts to compare *Swales* with class action precedent is misplaced because the certification standards are inherently different. Class certification requires "plaintiffs to satisfy all requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy—and at least one of the three requirements listed in Rule 23(b)." *Sampson v. United Servs. Auto. Ass'n*, 83 F.4th 414, 418 (5th Cir. 2023) (citation omitted). None of these are required, or even suggested as relevant factors, by *Swales*. In fact, *Swales* **criticized** other courts for employing Fed. R. Civ. P. 23 standards in the collective action context. *Swales,* 985 F.3d at 437 (quoting *Campbell v. City of L.A.*, 903 F.3d 1090, 1111 (9th Cir. 2018) (one line of cases "rest[] improperly on an analogy to Rule 23 lacking in support in [] the FLSA.'"); *id.* at 440 (emphasis added) ("The FLSA, and § 216(b) in particular, says nothing about 'conditional certification' **or any of the requirements of Rule 23**.")

Thus, given the absence of Congressional pronouncement to specifically authorize interlocutory appeals for FLSA certification decisions or to bypass the Final Judgment Rule,[16] and *Swales'* clear mandate of a one-step certification procedure, the Court should decline Defendants' invitation to turn this garden-variety FLSA case into an extraordinary matter requiring immediate appeal. *See Gottfried Corp. v. Travelers Cas. & Sur. Co. of Am.*, No. 03-2570, 2004 U.S. Dist. LEXIS 16537, at *2 (E.D. La. Aug. 17, 2004) ("Certifications of interlocutory appeals are extraordinary remedies. . .") Defendants are unable to show any substantial reason to doubt the correctness of the Court's ruling.  The Court must therefore deny Defendants' Motion. *See Coates*, 919 F. Supp. 2d at 868 (certification under 28 U.S.C. § 1292(b) is inappropriate where the movant

---

[16] "This final judgment rule requires 'that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits.'" *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)).

is unable to demonstrate any substantial reason to doubt the correctness of the district court's ruling).

        c.   <u>The Proposed Appeal Does Not Involve a Controlling Question of Law.</u>

Defendants' proposed appeal does not involve a **controlling** question of law. A question controls when it is "one 'that would require reversal on appeal from a final judgment or would materially affect the outcome of the case.'" *Ictech-Bendeck v. Waste Connections Bayou, Inc.*, No. 18-7889, 2023 U.S. Dist. LEXIS 93156, at *36 (E.D. La. Feb. 2, 2023) (J., Morgan) (quoting *Adams v. Walker*, No. 20-2794, 2022 U.S. Dist. LEXIS 26686, at *5 (E.D. La. Feb. 14, 2022)) (denying motion for leave to file interlocutory appeal).

Defendants fail to explain **how** a favorable ruling on appeal would make any difference here, let alone "materially affect the course of litigation." Defendants' Motion just conflates the "controlling" and "legal" requirement yet fails to explain how it the proposed question controls . Moreover, Defendants cannot establish the proposed appeal involves a controlling question because, as explained above, even a favorable ruling will not change or materially affect the outcome of the case,as this Court already analyzed the evidence and rejected Defendants' decertification arguments. The Court must therefore deny the Motion for failing to identify a controlling question of law. *See Harris*, 2021 U.S. Dist. LEXIS 224439 at *7 (denying motion for leave to file interlocutory appeal of order denying FLSA decertification motion in part because the defendant failed to explain how an immediate appeal "would make any difference here, let alone 'materially affect the course of litigation.'") *See also Ruffin*, 2014 U.S. Dist. LEXIS 128596 at *6 denying motion for leave to file interlocutory appeal of order denying FLSA decertification motion for failure to identify a controlling question of law).

## IV. CONCLUSION

Defendants' Motion must be denied because they failed to establish one – let alone all three – requirements for 28 U.S.C. § 1292(b) certification. An immediate will not materially advance the ultimate termination of the litigation because this Court already considered the evidence and decided a collective trial was appropriate.  A favorable appeal thus leaves the Court and Parties in the same position they are already in. Conversely, even if this matter were decertified after the appeal, the opt-ins' claims will end up back in this Court, resulting in piecemeal litigation that increases, rather than lessens, the burden on the Court and Parties.  There is also not a substantial ground for difference of opinion as to the one-step *Swales* FLSA certification procedure as the Fifth Circuit was clear that the certification analysis is done at the outset of the litigation and rejected attempts to analogize to class actions. Finally, the requested appeal does not involve a controlling question of law as Defendants fail to explain how a favorable appeal would make any difference here.

Dated: October 11, 2024

Respectfully submitted,

*/s/ Robert E. Morelli, III*
Joseph C. Peiffer (La. Bar No. 26459)
Daniel Centner (La. Bar No. 33055)
PEIFFER WOLF CARR KANE
& CONWAY, APLC
1519 Robert C. Blakes, Sr. Drive
New Orleans, Louisiana 70130
T: 504-523-2434
JPeiffer@pwcklegal.com
DCentner@pwcklegal.com

Carolyn H. Cottrell (CA Bar No. 166977)
Admitted *pro hac vice*
Ori Edelstein (CA Bar No. 268145)
Admitted *pro hac vice*
Robert E. Morelli, III (TN Bar No. 037004)
Admitted *pro hac vice*
SCHNEIDER WALLACE

COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorelli@schneiderwallace.com

*Counsel for Plaintiffs, Class, and Collective Members*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2024, I served a true and correct copy of the foregoing

Motion on all parties and/or their counsel of record via the Court's CM/ECF filing system in

accordance with the Federal Rules of Civil Procedure.

*/s/ Robert E. Morelli, III*