## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

AMY HAMM                                )
                                        )
    **Plaintiff,**                       )
                                        )    **Case No. 2:20-cv-1515**
**v.**                                  )
                                        )    **District Judge Susie Morgan (Sect. E)**
ACADIA LAPLACE HOLDINGS, LLC            )
AND OCHSNER-ACADIA, LLC                 )    **Magistrate Judge Donna Phillips Currault**
                                        )    **(Division 2)**
    **Defendants.**                      )

---

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

---

Defendants have asked the Court to certify the following question: whether the Fifth Circuit's opinion in *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021) precludes a defendant from filing a motion to decertify an FLSA collective or otherwise removed the plaintiff's burden to establish that he or she is "similarly situated" to an FLSA collective throughout the litigation after initial certification. As Defendants argued in their Motion (R. Doc. 340), all three of the factors enumerated in 28 U.S.C. § 1292(b) are present in this question, including: (1) the challenged ruling involves a controlling question of law, (2) there is substantial ground for difference of opinion on the ruling, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. Certification is therefore proper.

In their response brief, Plaintiffs assert: (1) "the proposed appeal does not involve a controlling question of law because Defendants fail to explain how a favorable appeal would make any difference"; (2) there is no substantial ground for difference of opinion because *Swales* "requires a one-step certification procedure, removing motions to decertify from the FLSA

collective action paradigm"; and (3) an immediate appeal will not materially advance the ultimate termination of the litigation because the Court previously found that Defendants "produced no evidence that decertification is appropriate" and "Plaintiffs will individually re-file their claims if the collective is decertified." (R. Doc. 341 at 6).[1] As explained below, each of these arguments to the three factors lack merit and does not support denial of Defendants' motion.

## ARGUMENT

### I.    The Certified Question Involves a Controlling Question of Law.

Plaintiffs argument for the first factor is that Defendants' proposed question is not controlling[2] because "Defendants fail to explain *how* a favorable ruling on appeal would make any difference." (R. Doc. 341 at 15) (emphasis in original). However, this assertion is both untrue and misunderstands what is relevant for determining whether a question is "controlling" for the purposes of certification. All that is needed in order to be a controlling question is that "the issue has 'potential to have some impact on the course of the litigation.'" *La. State Conf. of the NAACP v. Louisiana*, 495 F. Supp. 3d 400, 413 (M.D. La. 2020) (quoting *U.S. v. La. Generating LLC*, 2012 U.S. Dist. LEXIS 142349, *1 (M.D. La. Oct. 2, 2012)). "It is sufficient to satisfy the controlling question of law standard if resolution on appeal determines the future course of the litigation." *Id.* (internal quotations omitted). Resolution of the issue here will impact the future course of litigation.

As Defendants previously explained, whether this litigation proceeds as an FLSA collective with 16 plaintiffs or an individual lawsuit with only two plaintiffs has a substantial

---

[1] For the Court's convenience, Defendants have re-ordered Plaintiffs' arguments so as to parallel the order Defendants raised them in their initial Motion, which is also the order they are listed in by statute. *See* 28 U.S.C. § 1292(b).

[2] Plaintiffs do not appear to dispute that Defendants' proposed question is a question of law that may be resolved without the Fifth Circuit having to conduct a detailed review of the record in this case.

effect on the future course of the litigation. *See Salinas v. United States Xpress Enters.*, 2016 U.S. Dist. LEXIS 204386, *6–7 (E.D. Tenn. Dec. 13, 2016) (granting motion for certification of interlocutory appeal and finding controlling question of law where an appeal could "substantially reduce the certified class size"); *see also P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 359 (D.N.J. 2001) (discussing the same). Indeed, even if this Court were to deny a motion for decertification based on a finding that Plaintiffs are still similarly situated, whether Plaintiffs have a burden to maintain this similarly situated status throughout the entirety of the lawsuit on its own has a substantial effect on the future course of the litigation. *See Clarity Software, LLC v. Allianz Life Ins. Co. of N. Am.*, 2007 U.S. Dist. LEXIS 40861, *6 (W.D. Pa. June 5, 2007) ("The extent of a plaintiff's burden to prove causation under the Copyright Act is a controlling question of law."); *cf. La. State Conf. of the NAACP*, 495 F. Supp. 3d at 413 (finding that what venue a case is heard in will have a significant impact on subsequent proceedings and is sufficient to be a controlling question of law); *Stemple v. Zurich Am. Ins. Co.*, 2008 U.S. Dist. LEXIS 145656, *5 (D. Kan. Dec. 4, 2008) (finding that "whether the evidence submitted to the court was sufficient as a written rejection and selection of coverage limits pursuant to K.S.A. § 40-284(c)" to be a controlling question of law). Therefore, whether *Swales* bars defendants from moving to decertify a FLSA collective or otherwise removed the plaintiff's burden to establish that he or she is "similarly situated" to an FLSA collective throughout the litigation after initial certification is a controlling question of law.

## II.    Substantial Grounds for Difference of Opinion Exist.

Plaintiffs next contend that there is no substantial ground for difference of opinion because "*Swales* is clear that courts in the Fifth Circuit must use a one step FLSA certification procedure." (R. Doc. 341 at 11). Plaintiffs further note that a matter being of first impression

does not automatically create substantial grounds for a difference of opinion. (*Id.* at 5). Once again, however, Plaintiffs' objections misunderstand both the relevant legal standard and Defendants' argument.

"[T]he second element [for interlocutory appeal] is met where there is a genuine doubt as to the correct legal standard to be applied." *Ramsey v. Indep. Specialty Ins. Co.*, 2023 U.S. Dist. LEXIS 219694, *7 (E.D. La. Dec. 7, 2023) (internal quotation omitted); *see also Babcock & Wilcox Co. v. S. Ind. Gas & Elec. Co. (In re Babcock & Wilcox)*, 2004 U.S. Dist. LEXIS 5166, *2 (E.D. La. Mar. 29, 2004) ("Difference of opinion refers to an unsettled state of law or judicial opinion, not mere discontent by the appealing party."). "Doubt as to the correct legal standard is most often present with 'a new legal question,'" and that fact alone can be sufficient for finding a substantial ground for difference on opinion. *Id.*; *see e.g.*, *Produccion v. Seacor Holdings*, 2008 U.S. Dist. LEXIS 139925, *2 (S.D. Tex. Sept. 29, 2008) ("To date, no court in the Fifth Circuit has addressed this issue in a similar context. Therefore, there exists substantial grounds for a difference of opinion."). Additionally, an unsettled state of the law creating substantial ground for difference of opinion can also be shown through other means, including "where the litigation is of special consequence," *Ramsey*, 2023 U.S. Dist. LEXIS 219694 at *7 (internal quotations omitted), where "the controlling law is unclear," *Mitchell v. Hood*, 2014 U.S. Dist. LEXIS 61377, *15 (E.D. La. May 2, 2014), or where analogous cases have been treated differently. *Netto v. Atl. Specialty Ins. Co.*, 2018 U.S. Dist. LEXIS 119784, *3 (S.D. Miss. July 18, 2018)

Here, in addition to being a matter of first impression, substantial grounds for a difference of opinion exist for at least two other reasons. First, the Court's decision and Plaintiffs' arguments based upon it are not "clear[ly]" supported by anything the Fifth Circuit prescribed in *Swales* as Plaintiffs claim. In *Swales*, the Fifth Circuit criticized that, under the *Lusardi* approach,

courts did not apply a rigorous enough standard when assessing whether a plaintiff is "similarly situated" *at the outset of the case*. *Swales*, 985 F.3d at 434 ("In our view, a district court must rigorously scrutinize the realm of 'similarly situated' workers, and must do so from the outset of the case, not after a lenient, step-one 'conditional certification.'"). Nowhere in the decision, however, does the Fifth Circuit take issue with decertifying a FLSA collective or even so much as hint that decertification of an FLSA collective would be inappropriate should discovery from those who opt in reveal they are not similarly situated. Nor does the Fifth Circuit say the certification issue must be determined in one single step, after which the issue is resolved definitively for the rest of the litigation. In fact, the Fifth Circuit appears to indicate the opposite—that a decertification motion would still be proper—because it expressly states that the part of the *Lusardi* process it is rejecting is the first "conditional certification" step. *See id.* at 439 ("The real issue *Lusardi* creates occur not at decertification, but from the beginning of the case."). This lack of any express support in the binding law for holding that decertification is no longer permissible for FLSA collectives further indicates an unsettled question of law for which substantial ground exists for a difference of opinion. *See In re Mesaros*, 2023 U.S. App. LEXIS 22690, *7 (5th Cir. Aug. 28, 2023) (finding substantial ground for a difference of opinion where "it is unclear whether the [statute at issue] creates new substantive rights or merely supplies a remedy for violations of rights found elsewhere"); *D.H. Griffin Wrecking Co. v. 1031 Canal Dev., LLC*, 2020 U.S. Dist. LEXIS 242377, *14–15 (E.D. La. July 13, 2020) (noting that an unsettled question of law exists for purposes of an interlocutory appeal inquiry where "the issue involves complex or novel issues" about which other courts have not weighed in).

Second, it is well-settled law in the Fifth Circuit that in analogous Rule 23 class cases, courts are "charged with the duty of monitoring [their] class decisions in light of the evidentiary

development of the case" and that the "district judge must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts." *Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir. 1983); *see also Zaragoza v. Union Pac. R.R. Co.*, 112 F.4th 313, 319 (5th Cir. 2024) (citing the same and recognizing that the "onus falls on the district court" to make sure class treatment remains appropriate throughout the litigation); *Slocum v. Int'l Paper Co.*, 2020 U.S. Dist. LEXIS 40940, *12 (E.D. La. Mar. 9, 2020) (discussing the same). Precluding Defendants from moving to decertify an FLSA collective once it is certified is thus antithetical to the Fifth Circuit's express instructions about how district courts are to treat Rule 23 class certification, where a motion for decertification is proper and should be granted if post-certification discovery unearths evidence establishing that class treatment is inappropriate. *See Richardson*, 709 F.2d at 1019; *see also Angell v. GEICO Advantage Ins. Co.*, 67 F.4th 727, 739 n.6 (5th Cir. 2023) ("While many of GEICO's arguments [opposing Rule 23 class certification] have been rejected for being too speculative or underdeveloped, the district court may of course decertify the class if evidence supporting GEICO's arguments is unearthed at a later date."); *Slade v. Progressive Sec. Ins. Co.*, 856 F.3d 408, 414 (5th Cir. 2017) ("And if the number of plaintiffs opting out demonstrated a cogent conflict, the district court could decertify the class.").

Plaintiffs' argument that "FLSA collective actions are not class actions" while strictly true does not undermine the point that how the similar Rule 23 process is treated supports a finding of substantial grounds for a difference of opinion. (R. Doc. 341 at 13). The inherent conflict between the Court's ruling for FLSA collectives and the Fifth Circuit's instructions for the treatment of decertification in the analogous case of Rule 23 classes demonstrates a substantial ground for a difference of opinion on the question of whether a defendant may move

for decertification of an FLSA collective post-*Swales*. *See Netto*, 2018 U.S. Dist. LEXIS 119784 at *3 (granting motion for certification of interlocutory appeal and finding substantial ground for difference of opinion where courts have applied different treatment to analogous situations); *EEOC v. Bass Pro Outdoor World, LLC*, 2014 U.S. Dist. LEXIS 161053, *6 (S.D. Tex. Nov. 17, 2014) (same).

Accordingly, a substantial ground for difference of opinion exists as to the legal question at issue because it is a matter of first impression, the ruling in *Swales* does not on its face support a prohibition on moving for decertification of an FLSA collective or the removal of a Plaintiff's burden to maintain similarly situated status throughout the litigation, and the Fifth Circuit has expressly instructed district courts to "decertify as appropriate in response to the progression of the case from assertion to facts" in the analogous Rule 23 process. *Richardson*, 709 F.2d at 1019.

### III.    An Immediate Appeal will Materially Advance the Ultimate Termination of the Litigation.

Plaintiffs' final argument is that an immediate appeal would not materially advance the ultimate termination of the litigation because: (1) "the Court already found that Defendants produced no evidence that decertification is appropriate"; and (2) "an interlocutory appeal resulting [in] decertification will increase the burden on the Parties and the Court as the opt-in claims will be litigated in piecemeal fashion before this Court." (R. Doc. 341 at 6). These arguments, however, misconstrue the applicable law and the potential for an immediate appeal to advance the termination of this litigation. In determining whether an appeal will materially advance the ultimate issues for trial, courts examine whether the appeal "would . . . simplify the issues for trial." *David v. Signal Int'l, LLC*, 37 F. Supp. 2d 836, 839 (E.D. La. 2014). It is not necessary that the question be dispositive to the litigation as even the "[a]voidance of a post-trial

appeal can be sufficient to satisfy the third prong of § 1292." *Napoleon v. Shows, Cali & Walsh, LLP*, 2022 U.S. Dist. LEXIS 42437, *16 (E.D. La. March 10, 2022).

Here, although the Court dropped a footnote saying it would deny a motion for decertification, that footnote does not analyze the decertification issue on the merits. Instead, it states that it would deny the motion because it "has already found '[t]here is no dispute that the policies in question appl[ied] equally to each member of the proposed collective,'" and Defendants do not "raise any new arguments that challenge the Court's prior findings." (ECF No. 337 at 10 n. 56). Whether the "policies in question appl[ied] equally to each member of the proposed collective," however, is not the dispositive question for the similarly situated analysis as those policies as written alone do not and cannot establish Plaintiffs' claims. (*See* R. Doc. 342 at 2, 7; R. Doc. 271-4 at 16–22). Moreover, the Court's original certification decision simply could not have considered the substantial evidence collected in post-certification discovery— including 22 depositions and voluminous written discovery—or made any determination at all with respect to Named Plaintiff Wilson, who was not even in the case at the time. Therefore, there is at least some chance that if the Fifth Circuit were to resolve the legal question at issue in Defendants' favor, then the Court upon considering this substantial new evidence would grant Defendants' motion and simplify the litigation by removing the collective members and limiting the FLSA claims to Plaintiffs Hamm and Wilson only. This potential for removing the collective and limiting the lawsuit to only the two Named Plaintiffs is enough to materially advance the ultimate termination. *See Salinas v. United States Xpress Enters.*, 2016 U.S. Dist. LEXIS 204386, *5 (E.D. Tenn. Dec. 13, 2016) (discussing impact on the size of the collective as a factor to consider in whether an appeal would materially advance the litigation); *see also La. State Conf. of the NAACP*, 495 F. Supp. 3d at 416 ("28 U.S.C. § 1292(b) does not require the appeal to

certainly advance the termination of the litigation. It only requires such appeal may advance the ultimate termination of the litigation if permitted."). Moreover, Plaintiffs assertion that this decertification will result in more piecemeal litigation by having the opt-in plaintiffs file separate lawsuits is irrelevant.  The current opt in plaintiffs may file their own separate lawsuits if they wish, but regardless of such filings, they will no longer be parties to this lawsuit and this lawsuit will be materially advanced. *See Salinas*, 2016 U.S. Dist. LEXIS 204386, at *11 (finding that appeal would materially advance litigation where "[a] reversal of the Order would terminate this lawsuit for a third of the plaintiff class").

Further, even if it were certain that Defendants' motion would be denied on the merits, the mere fact that Defendants will appeal any judgment at trial in favor of an FLSA collective on this exact issue, which if then found in Defendants' favor would necessitate a new ruling on Defendants' motion and possibly a new trial, means that resolving the question now before trial and ruling on Defendants' Motion for Decertification on the merits will materially advance the ultimate termination of the litigation. *Napoleon*, 2022 U.S. Dist. LEXIS 42437 at *16 ("Avoidance of a post-trial appeal can be sufficient to satisfy the third prong of § 1292.")

Accordingly, a ruling by the Fifth Circuit would materially advance the litigation.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the Motion for Certification of Interlocutory Appeal. (R. Doc. 340).

Respectfully submitted:


/s/ *Philip J. Giorlando*
Philip J. Giorlando (La. Bar No. 38234)
BREAZEALE, SACHSE & WILSON, LLP
First Bank & Trust Tower, Suite 1500
909 Poydras Street
New Orleans, LA 70112
Phone: 504-680-5244
philip.giorlando@bswllp.com

Frederick L. Conrad III (admitted *pro hac vice*)
Matthew A. Caplan (admitted *pro hac vice*)
HOLLAND & KNIGHT, LLC
Nashville City Center
511 Union Street, Suite 2700
Post Office Box 198966
Nashville, Tennessee 37219-8966
Phone: 615-244-6380
trip.conrad@hklaw.com
matthew.caplan@hklaw.com

*Counsel for Defendants Acadia LaPlace Holdings,*
*LLC and Ochsner-Acadia, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing Reply in Support of Motion for

Certification of Interlocutory Appeal has been served via CM/ECF to:

Joseph C. Peiffer (La. Bar No. 26459)
Daniel Centner (La. Bar No. 33055)
PEIFFER WOLF CARR KANE & CONWAY, APLC
1519 Robert C. Blakes, Sr. Drive
New Orleans, Louisiana 70130
Tel: 504-523-2434
JPeiffer@pwcklegal .com
DCentner@pwcklegal.com

Carolyn H. Cottrell (CA Bar No. 166977) (admitted *pro hac vice*)
Ori Edelstein (CA Bar No. 265409) (admitted *pro hac vice*)
Robert E. Morelli, III (TN Bar No. 037004) (admitted *pro hac vice*)
SCHNEIDER WALLACE COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorelli@schneiderwallace.com

*Counsel for Plaintiff*

on this the 21st day of October, 2024.

/s/ *Philip J. Giorlando*_____

11