UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMY HAMM,**<br>     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1515** |
| **ACADIA HEALTHCARE CO., INC., ET AL.,**<br>     **Defendants** | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is Plaintiffs Amy Hamm and Joye Wilson's ("Plaintiffs") Motion for Review of Order of Magistrate Judge.[1] Defendants Acadia LaPlace Holdings, LLC and Ochsner-Acadia, LLC ("Defendants") filed an opposition.[2] Plaintiffs filed a reply.[3] For the following reasons, Plaintiffs' Motion is **DENIED** and the Order of the Magistrate Judge[4] is **AFFIRMED**.

## BACKGROUND

This is a Fair Labor Standards Act ("FLSA") case filed by Plaintiff Amy Hamm ("Plaintiff Hamm"), on behalf of herself and those similarly situated. On May 22, 2020, Plaintiff Hamm filed a complaint against Defendants as parent companies of the hospitals where she was employed.[5] Plaintiff Hamm was a nurse supervisor at Red River Hospital in Wichita Falls, Texas, for roughly eight years.[6] She then served as a nurse supervisor at River Place Behavioral Health in LaPlace, Louisiana for an additional eight months.[7] At

---

[1] R. Doc. 317.
[2] R. Doc. 320.
[3] R. Doc. 332.
[4] R. Doc. 313.
[5] R. Doc. 1.
[6] R. Doc. 101-1 at pp. 3-4.
[7] *Id.*

1

both of these locations, she alleges Defendants violated the FLSA and various state laws by failing to compensate nurses and other staff for work done during off-the-clock meal breaks and for other off-the-clock work.[8] Plaintiff brings causes of action for violations of 29 U.S.C. § 207 for failure to pay overtime compensation for on-duty meal periods and failure to pay overtime compensation for "off-the-clock" work, among other wage-based causes of action.[9]

Plaintiff brought her complaint as both a Rule 23 class action and as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of "[a]ll current and former hourly, non-exempt employees involved with patient care, including but not limited to nursing staff, nurses, nursing assistants, nurse aides, technicians, clerks, non-exempt therapists, or other non-exempt employees with similar job duties employed at any facility operated by Defendant Acadia Healthcare Company, Inc. during the time period three years prior to the filing of the original Complaint until resolution of this action."[10] On July 13, 2022, the Court granted in part and denied in part Plaintiff's motion to certify the collective action.[11] During the opt-in period, 67 Plaintiffs opted into the FLSA collective action.[12] The Court later dismissed fifty-one of these Plaintiffs (thirty-seven without prejudice and fourteen with prejudice) for failure to participate in discovery.[13] On January 10, 2024, Plaintiffs filed a Motion to Certify Class, which is currently pending.[14]

---

[8] *See* R. Doc. 69 at pp. 18-24.
[9] *See* R. Doc. 1.
[10] *Id.* at ¶ 48.
[11] R. Doc. 129.
[12] R. Doc. 190-1 at p. 2.
[13] R. Doc. 204; R. Doc. 208; 283.
[14] R. Doc. 270.

On March 7, 2024, Defendants filed a Motion for Sanctions for Plaintiffs' Discovery Misconduct.[15] Defendants seek reimbursement of costs and fees incurred as a result of Plaintiffs' and Plaintiffs' counsel's alleged discovery misconduct as sanctions under Federal Rules of Civil Procedure 30 and 37.[16] Specifically, Defendants seek costs and fees incurred in (1) taking Plaintiff Hamm's reopened deposition on April 5, 2022; (2) preparing for and attending 23 noticed opt-in depositions throughout September, October, and December of 2023 that were either cancelled with fewer than 24 hours' notice or for which an opt-in failed to attend; and (3) in filing the Motion for Sanctions for Plaintiffs' Discovery Misconduct.[17] Out of the 23 noticed opt-in depositions scheduled throughout September, October, and December of 2023, Defendants noticed 18 for December of 2023, all of which the opt-ins did not attend.[18] After considering the briefing, on April 4, 2024 Magistrate Judge Currault granted in part and denied in part Defendants' Motion for Sanctions for Plaintiffs' Discovery Misconduct.[19] In her order, Magistrate Judge Currault held that Plaintiffs were (1) liable for Defendants' attorneys' fees incurred in reopening Plaintiff Hamm's deposition on April 5, 2022; (2) not liable for sanctions related to last minute cancellations and/or no-shows to depositions in September and October of 2023; (3) liable for court reporter costs, but not attorneys' fees, for no-show depositions in December of 2023; and (4) liable for Defendants' fees incurred in bringing its Motion for Sanctions for Plaintiffs' Discovery Misconduct.[20]

---

[15] R. Doc. 301.
[16] R. Doc. 301-1.
[17] *Id.*; R. Doc. 122.
[18] R. Doc. 301-1 at pp. 4-5.
[19] R. Doc. 313.
[20] *Id.*

On April 17, 2024, Plaintiffs filed the instant Motion for Review of Order of Magistrate Judge.[21]

## LEGAL STANDARD

With the consent of the presiding district judge, a magistrate judge may adjudicate non-dispositive pre-trial motions.[22] The magistrate judge is afforded broad discretion in resolving such motions.[23] The district judge may reverse only if the ruling is "clearly erroneous or contrary to law."[24] In order to meet this high standard, the district judge must be "left with a definite and firm conviction that a mistake has been committed."[25]

## LAW AND ANALYSIS

### I. The Magistrate Judge's order granting in part and denying in part Defendant's motion for sanctions was not clearly erroneous.

Plaintiffs argue the Magistrate Judge's Order was clearly erroneous for two reasons: 1) the sanctions were not appropriate because the December 2023 depositions were not properly noticed, and 2) the Court's March 25, 2022 Order only required reimbursement of costs and not fees.[26]

First, the Court already has found that the Magistrate Judge's order allowing Defendants leave to take the December 2023 opt-in depositions was not clearly erroneous.[27] The Magistrate Judge filed an order on November 30, 2023 allowing Defendants leave to take depositions of opt-in Plaintiffs in December 2023.[28] Also on November 30, 2023, after the Magistrate Judge's order issued, Defendants noticed the

---

[21] R. Doc. 317.
[22] 28 U.S.C. § 636(b)(1)(A).
[23] *McCallon v. BP Am. Prod. Co.*, Nos. 05–597, C/W 05–700, 2006 WL 3246886, at *2 (E.D. La. Nov.8, 2006).
[24] 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).
[25] *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 376 (E.D. La. 2012) (internal quotation marks omitted).
[26] R. Doc. 317.
[27] R. Doc. 261.
[28] R. Doc. 258.

4

depositions for between December 4, 2023 and December 8, 2023, the discovery deadline.[29] Plaintiffs objected to the Magistrate Judge's November 30, 2023 order allowing the December depositions by filing a Motion for a Protective Order, Stay, and Review of Order of Magistrate Judge on December 1, 2023, which this Court denied.[30] Plaintiffs then motioned to the Magistrate Judge for clarification on whether they must participate in the opt-in depositions by the December 8, 2023 discovery deadline.[31] The Magistrate Judge held that Plaintiffs must participate and extended the discovery deadline to December 22, 2023.[32]

Given the Magistrate Judge's involvement in the discovery dispute related to the December 2023 depositions and the impending deadlines when the Magistrate Judge issued the November 30, 2023 order, the Court finds the Magistrate Judge was not clearly erroneous in implicitly finding that the December 2023 depositions were properly noticed. Likewise, the Magistrate Judge's imposition of sanctions related to the December depositions was not clearly erroneous.[33]

Second, having reviewed this Court's March 25, 2022 order allowing Defendants to reopen Plaintiff Hamm's deposition "at Plaintiff's expense,"[34] the Court finds that the Magistrate Judge was not clearly erroneous in awarding Defendants attorneys' fees and costs related to the re-opened deposition.[35] In the Court's March 25, 2022 order, the Court allowed Defendants to reopen Plaintiff Hamm's deposition "at Plaintiff's expense."[36] The

---

[29] R. Doc. 313 at pp. 7-8; R. Doc. 211 at p. 2.
[30] R. Doc. 259; R. Doc. 261.
[31] R. Doc. 262.
[32] R. Doc. 263. This extension of the discovery deadline was "solely for the limited purpose of conducting the authorized depositions." *Id.*
[33] R. Doc. 313.
[34] R. Doc. 119.
[35] R. Doc. 313 at pp. 4-5.
[36] R. Doc. 119 at p. 2.

5

Magistrate Judge interpreted this as the Court awarding Defendants attorneys' fees for the re-opened deposition because the Court cited to *Reilly v. TXU Corp.*, 230 F.R.D. 486, 491 (N.D. Tex. 2005) in deciding to re-open Plaintiff Hamm's deposition at Plaintiff's expense. In *Reilly*, the court ordered a party that caused a deposition to be re-opened to pay attorneys' fees for the party taking the re-opened deposition.[37] The Magistrate Judge's interpretation of the Court's citation to *Reilly* and reference to "expense" as indicating the Court's intent to award attorneys' fees and costs was reasonable.[38] Absent any indication that the Court intended not to award attorneys' fees, the Court upholds the Magistrate Judge's finding under this Court's deferential review.

## II. Defendants are not entitled to attorneys' fees for having to respond to Plaintiffs' appeal of the Magistrate Judge's order.

In Defendants' opposition to Plaintiffs' Motion for Review of Order of Magistrate Judge, Defendants seek an award of costs for having to respond to Plaintiff's Motion for Review of Order of Magistrate Judge.[39] The Magistrate Judge did not previously rule on this issue and Defendants raised it for the first time in opposition to Plaintiffs' motion. This Court has previously remarked:

> While a frivolous appeal from a Magistrate Judge's . . . order is an appropriate basis for Rule 11 sanctions, Rule 11(c)(1)(A) requires that motions for sanctions be made separately from other motions and that the party who engaged in allegedly sanctionable behavior be given 21 days to remedy its conduct before the motion for sanctions is presented to the court.[40]

---

[37] 230 F.R.D. 486, 491.
[38] The Court intended to award attorneys' fees and costs.
[39] R. Doc. 320 at p. 7.
[40] *Lischka v. Tidewater Servs., Inc.*, No. 96-296, 1997 WL 27066, at *4 (E.D. La. Jan. 22, 1997) (internal citations omitted) (first citing *Reid v. St. Luke's Roosevelt Hosp. Ctr.*, 1995 WL 125387 at *2 (S.D.N.Y. Mar. 22, 1995); then FED. R. CIV. P. 11(c)(1)(A)).

Defendants, however, did not comply with Rule 11. Defendants did not (1) separately file a motion for sanctions for having to respond to Plaintiff's Motion for Review of Order of Magistrate Judge or (2) serve such a motion on Plaintiffs at least 21 days before filing it with the Court. Defendants did not provide on-point binding authority showing that Plaintiffs' appeal of a magistrate judge's order entitles Defendants to fees for having to respond to that appeal when the Defendants did not comply with Rule 11.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Review of Order of Magistrate Judge is **DENIED** and the Order of the Magistrate Judge is **AFFIRMED**.

**New Orleans, Louisiana, this 13th day of November, 2024.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**