UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMY HAMM, ET AL.,<br>　　Plaintiffs | CIVIL ACTION |
| VERSUS | NO. 20-1515 |
| ACADIA HEALTHCARE<br>CO., INC., ET AL.,<br>　　Defendants | SECTION: "E" (2) |

## ORDER AND REASONS

Before the Court is a Motion to Stay pending appeal filed by Acadia LaPlace Holdings, LLC and Ochsner-Acadia, LLC ("Defendants").[1] Amy Hamm and Joye Wilson ("Plaintiffs") filed an opposition,[2] and Defendants filed a reply.[3]

## BACKGROUND

Plaintiff Amy Hamm ("Hamm") worked as a nurse at Red River Hospital in Wichita Falls, Texas, from February 2015 to December 2019, and then at River Place Behavioral Health in LaPlace, Louisiana ("River Place"), from December 2019 to September 2020.[4] Plaintiff Joye Wilson worked as a mental health technician at River Place from 2018 to January 2020.[5]

The Plaintiffs filed a Second Amended Complaint asserting claims against the Defendants, as parent companies of River Place, alleging the Defendants violated Section 207 of the Fair Labor Standards Act ("FLSA") by failing to properly compensate their

---

[1] R. Doc. 359.
[2] R. Doc. 364.
[3] R. Doc. 366.
[4] R. Doc. 202 at pp. 7-8.
[5] *Id.* at p. 8.

1

employees for work performed.[6] The Plaintiffs clarified in a letter to the Court that they "seek unpaid straight time wages for work they performed during unpaid meal breaks. They do not seek damages *ipso facto* for missed meal breaks."[7]

The Plaintiffs also assert two Louisiana law causes of action for conversion and unjust enrichment, on behalf of themselves and others similarly situated, as a Rule 23 class action, but only "to the extent [the claims] do not overlap with or duplicate the FLSA damages alleged."[8] Plaintiffs claim damages for unpaid "gap time" wages.[9]

The Court certified Plaintiffs' FLSA collective action on July 13, 2022 after the parties completed discovery on issues relevant to the FLSA collective certification.[10] On January 10, 2024, the Plaintiffs filed their Motion to Certify a putative class.[11] The Court held a hearing on the Plaintiffs' Motion to Certify a class on April 24, 2024 (the "April 24 Hearing"),[12] at which time the parties offered expert testimony.[13] At the conclusion of the April 24 Hearing, the Court took the parties' arguments on the Motion to Certify under advisement.[14] On September 13, 2024, the Court issued an order and reasons finding

---

[6] *Id.* at pp. 18-20. Section 216(b) of the FLSA allows employees to proceed in a collective action when they are "similarly situated." *See* 29 U.S.C. § 216(b). Section 207, the FLSA provision governing overtime compensation, generally requires employers pay their employees one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a week. 29 U.S.C. § 207(a)(1); *see also Samson v. Apollo Resources, Inc.*, 242 F.3d 629, 633 (5th Cir. 2001). After the completion of merits discovery, the Defendants moved to decertify the FLSA collective. R. Doc. 274. On September 6, 2024, the Court denied the Defendants' motion. R. Doc. 337. On November 18, 2024, the Court denied Defendants' motion for certification of interlocutory appeal on the question of whether a party maintains the ability to move for decertification post-*Swales* v. *KLLM Transport Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021). R. Doc. 345.
[7] R. Doc. 357-1.
[8] R. Doc. 202 at p. 21.
[9] R. Doc. 270-1 at p. 2. The Court held that the FLSA does not preempt Plaintiffs' state law unjust enrichment and conversion causes of action. R. Doc. 338 at pp. 6-9. The Court found that Plaintiffs' state law causes of action are related to "gap time," which the FLSA does not cover. *Id.* at pp. 8-9.
[10] R. Doc. 129.
[11] Plaintiffs clarified in a letter to the Court that "[w]hile the operative First Amended Complaint . . . asserted claims that class members engaged in pre- and post-shift 'off the clock' work, Plaintiffs abandoned this theory and move to certify only a class of employees who are owed straight time wages for unpaid meal breaks. R. Doc. 357-1.
[12] R. Doc. 319.
[13] *See* R. Doc. 303-1 (Petersen Report); R. Doc. 311-1 (Krock Report).
[14] R. Doc. 319.

2

Plaintiffs had satisfied the requirements of Rule 23(a) but deferred determination of the remaining portions of the Motion to Certify.[15] On September 2, 2025, after supplemental briefing, the Court issued an order and reasons granting the Motion to Certify in its entirety and defining the class as:

> All current and former hourly, non-exempt Mental Health Technicians ("MHTs"), Behavioral Health Associates ("BHAs"), nurses, non-exempt therapists, and intake coordinators employed by any Defendants at the River Place Behavioral Health Hospital at any time until the date of the Court's order granting certification.[16]

Defendants then filed a Rule 23(f) petition with the United States Fifth Circuit Court of Appeals, requesting permission to appeal four certification orders:[17] the Order granting FLSA collective certification,[18] the Order denying Defendants the opportunity to decertify the FLSA collective,[19] the Order finding Plaintiffs satisfied the Rule 23(a) factors,[20] and the Order certifying the Rule 23 class.[21] On September 16, 2025, Defendants filed this present motion, requesting the Court stay all proceedings at the trial level pending their appeal.[22]

## **LAW**

Courts of Appeal have jurisdiction only over final decisions from district courts unless an exception allowing an interlocutory appeal applies.[23] Rule 23(f) provides such an exception, as it allows a party to seek permission to appeal an order granting or denying class certification within 14 days of its issuance.

---

[15] R. Doc. 338.
[16] R. Doc. 357.
[17] R. Doc. 364-1 at n.1.
[18] R. Doc. 129.
[19] R. Doc. 337.
[20] R. Doc. 338.
[21] R. Doc. 357.
[22] R. Doc. 359.
[23] 28 U.S.C. § 1291.

3

However, even if the Fifth Circuit grants permission to appeal, "[a] stay does not follow automatically from an interlocutory appeal."[24] In fact, stays issued pursuant to Rule 23(f) appeals are not only discretionary, but rare.[25] The Fifth Circuit provided four factors for consideration when determining whether to issue a stay pending appeal:[26]

> (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest.[27]

The party moving for a stay bears the burden of establishing these elements.[28]

With respect to the first factor, a movant must demonstrate a substantial case on the merits,[29] rather than a showing of likelihood of success on the merits, only if "a serious legal question is involved and the balance of equities (factors 2, 3, and 4) weighs heavily in favor of granting the stay."[30] Serious legal questions are those that have "'far-reaching effects' or are matters of 'public concern' that go well beyond the interests of the parties."[31] Whether a court correctly applied established legal standards to the facts of the case does not constitute a serious legal question.[32]

If the appeal does not raise serious legal questions and the balance of equities does not heavily favor granting a stay, the movant must show a likelihood of success on the

---

[24] *Nicholas v. Alcatel USA, Inc.*, No. 5:05-CV-43-DF, 2007 WL 972452, at *1 (E.D. Tex. June 19, 2007) (citing *Taylor v. Sterrett*, 640 F.2d 663, 668 (5th Cir. 1981)).
[25] *In re Cobalt Int'l Energy, Inc. Sec. Lit.*, No. CV H-14-3428, 2017 WL 3620590, at *4 (S.D. Tex. Aug. 23, 2017).
[26] *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981).
[27] *Id.*
[28] *See Id.*
[29] R. Doc. 359-1 at p. 3.
[30] *Ruiz*, 650 F.2d at 565-66.
[31] *Hernandez v. Eraso*, No. 23-50281, 2023 WL 3175471, at *5 (5th Cir. May 1, 2023) (quoting *Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 24 (5th Cir. 1992)).
[32] *Hernandez*, 2023 WL 3175471, at *5.

merits.[33] To achieve this, the movant must demonstrate "more than a mere possibility of relief."[34] Courts in this circuit have expressed reluctance at finding an appeal likely to succeed when the appeal simply reiterates facts and reasoning the court has previously addressed,[35] especially when the appellate court must afford the district court's decision some discretion.[36]

There is no exception to 28 U.S.C. § 1291 that allows an appeal of a court's certification of a collective action in an FLSA case. An appellate court may hear an appeal of an interlocutory order regarding certification of a collective action only if pendant appellate jurisdiction exists. Pendant appellate jurisdiction applies only when a final appealable order is inextricably intertwined with an unappealable order or where review of the unappealable order is necessary to ensure meaningful review of the appealable order;[37] it "is not to be used for the appeal of normally unappealable interlocutory orders that happen to be related, even closely related, to the appealable order."[38] Moreover, courts should only exercise this form of jurisdiction in "rare circumstances."[39]

---

[33] *See Ruiz*, 650 F.2d at 565-66.
[34] *Quintanilla v. United States*, 582 Fed.Appx. 412, 414 (5th Cir. 2014) (citing Nken v. Holder 556 U.S. 418, 434 (2009)).
[35] *See A. A. by & through P.A. v. Phillips*, No. CV 19-00770-BAJ-SDJ, 2021 WL 2589180, at *2 (M.D. La. June 24, 2021) (stating a Rule 23(f) petition was unlikely to succeed partially because defendants "merely repackage the same arguments soundly rejected in the Certification Order"); *see also Innovention Toys, LLC v. MGA Ent., Inc.*, No. CV 07-6510, 2010 WL 11538657, at *2 (E.D. La. Apr. 14, 2010) ("[h]aving previously found against defendants, the Court is not persuaded that the defendants have a strong probability of success on the merits. The defendants assert the same arguments previously advanced…[t]he Court considered these arguments in its prior rulings"); Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Nebara, 264 F. Supp. 2d 484, 487 (S.D. Tex. 2002) (declining to find an appeal likely to succeed because the "Motion to Stay Preliminary Injunction raises the same arguments that the Court considered and rejected in deciding to grant a Preliminary injunction…[this] motion is in effect an untimely motion for reconsideration").
[36] *See also Innovention Toys, LLC v. MGA Ent., Inc.*, No. CV 07-6510, 2010 WL 11538657, at *2 (E.D. La. Apr. 14, 2010)("because some of the Court's underlying rulings will be afforded some discretion on appeal, the defendants' success on the merits is correspondingly diminished").
[37] *Thornton v. GMC*, 136 F.3d 450, 453 (5th Cir. 1998).
[38] *See Silver Star Enterprises, Inc. v. M/V Saramacca* 19. F.3d 1008, 1014 (5th Cir. 1984) (quoting *People of State of Illinois v. Peters*, 861 F.2d 164, 166 (7th Cir. 1988)).
[39] *Woods v. Smith* 60 F.3d 1161, n.29 (5th Cir. 1995) (citing *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 51 (1995).

**ANALYSIS**

**I.     The Court will not stay this action pending the Defendants' appeal of the Court's certification of the class action.**

Defendants seek permission to appeal the Order finding Plaintiffs satisfied the Rule 23(a) factors[40] and the Order certifying the Rule 23 class.[41] Rule 23(f) requires parties to seek permission to file an appeal of an order granting or denying class certification within 14 days of issuance. This Court issued the Order regarding the Rule 23(a) factors over a year ago.[42] However, given that the Rule 23(a) order was not a final order granting or denying class certification, and the fact that Defendants filed their petition within 14 days of the most recent order certifying the class,[43] the Court finds Defendants' appeal of both orders is timely.

**A.     Defendants' appeal is unlikely to succeed.**

The Court first will consider whether Defendants must demonstrate a likelihood of success on the merits or must demonstrate only a substantial case on the merits. This determination hinges on whether Defendants' appeal poses a serious legal question and whether the equitable factors articulated in *Ruiz* (factors 2, 3, and 4) weigh heavily in favor of granting a stay.[44] Defendants claim their appeal raises significant legal issues that will impact employers throughout this circuit.[45] However, Defendants' appeal focuses on the adequacy of the Court's Rule 23 analysis. The application of established legal

---

[40] R. Doc. 338.
[41] R. Doc. 357.
[42] R. Doc. 338.
[43] R. Doc. 357, 364-1.
[44] *Ruiz*, 650 F.2d at 565-66.
[45] R. Doc. 364-1 at p. 16. Defendants also claim their Rule 23(f) petition raises novel legal questions, justifying a stay. R. Doc. 359-1 pp. 3-4. However, the novel issue they raise relates to their motion to decertify the collective action, not the Court's orders regarding class certification. With respect to the class certification, Defendants raise issues they claim involve significant legal issues, but not novel legal issues.

6

principles is not a serious legal question.[46] While Defendants disagree with the Court's analysis, that does not transform the issue into a serious legal question.[47] Accordingly, the Court finds the appeal will not raise serious legal issues.

Defendants also must show the balance of equities weighs heavily in favor of granting a stay.[48] As discussed *infra* Section I.B., these factors do not weigh in favor of Defendants at all, let alone *heavily* in favor. As a result, the Defendants must show their appeal regarding class certification is likely to succeed on the merits.

Defendants argue they have done this.[49] In support, Defendants largely re-assert their arguments against the motion to certify the class.[50] Specifically, Defendants claim this Court erred because Plaintiffs did not satisfy Rule 23(a)'s typicality and adequacy requirements, individual questions predominated over collective inquires, and Plaintiffs' trial plan did not meet Rule 23(b)'s superiority requirement.[51] The Court does not find Defendants likely to succeed on any of these issues.

First, in accordance with Rule 23, Plaintiffs have demonstrated that the claims of the representatives are typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. "Courts have found typicality if the claims or defenses of the representatives and the members of the class stem from a single event or a unitary course of conduct, or if they are based on the same legal or remedial theory."[52] The named Plaintiffs and proposed class members all assert conversion and

---

[46] *See Hernandez v. Eraso*, No. 23-50281, 2023 WL 3175471, at *5 (5th Cir. May 1, 2023).
[47] *Id.*
[48] *See Ruiz*, 650 F.2d at 565-66. *(*"[o]f course, if the balance of equities (i.e. consideration of the other three factors) is not heavily tilted in the movant's favor, the movant must then make a more substantial showing of likelihood of success on the merits in order to obtain a stay pending appeal").
[49] R. Doc. 359-1 at p. 3.
[50] R. Doc. 359-1 at pp. 4-5.
[51] R. Doc. 364-1 at p. 5.
[52] *Leon v. Diversified Concrete, LLC,* 15-6301, 2016 WL 6247674, at *5 (E.D. la. Oct. 26, 2016) (citing *In re Pool Prods. Distribution Mkt. Antitrust Litig.*, 310 F.R.D. 300, 310 (E.D. La. 2015)). The commonality and

7

unjust enrichment claims based on Defendants' failure to compensate them for non-overtime wages earned for work done during unpaid meal breaks.[53] The representative Plaintiffs and the class members all bring the same claims arising from the same alleged conduct.[54] Furthermore, despite representative Plaintiff Hamm's role as a supervisor, she was subject to the same policy as her supervisees.[55] It is clear Plaintiffs satisfy Rule 23(a)'s typicality and adequacy requirements, rendering the appeals' success unlikely.

Defendants also are unlikely to succeed in appealing the Court's orders based on its Rule 23(b) analysis. The Defendants argue this Court erred in finding common issues predominated over individual ones.[56] However, this Court articulated sufficient reasons to justify this finding. In both orders, the Court referenced *Chavez v. Plan Benefit Servs., Inc.*, which states "the necessity for individual damages calculations does not preclude class certification under Rule 23(b)."[57] In that case, the Fifth Circuit ruled that common issues predominated over individualized issues for purposes of Rule 23(b)(3) because all of the class's claims involved concepts of duty breach, causation, and loss that stemmed from Defendants' conduct.[58] Similarly in this case, Plaintiffs seek to demonstrate that Defendants breached a duty to pay the class the wages owed, and all of Plaintiffs' claims stem from the same alleged conduct, resulting in predominance.[59] Because *Chavez*

---

typicality "requirements tend to merge," as "[b]oth serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 n.5 (2011).
[53] R. Doc. 357-1.
[54] R. Doc. 338 at pp. 15-17.
[55] *Id.* at p. 19.
[56] R. Doc. 359-1 at p. 4.
[57] 108 F.4th 297, 316 (5th Cir. 2024) (citing Fed R. Civ. P. 23(b)(3)).
[58] R. Doc. 357 at p. 19.
[59] *Id.* at 20.

provides authority from this Circuit to justify a finding of predominance, Defendants are unlikely to succeed on their appeal on this point.

Finally, Defendants claim Plaintiffs failed to satisfy Rule 23(b)(3)'s superiority requirements. They argue Plaintiff's trial plan creates manageability issues while not explaining how Plaintiffs will establish class-wide liability.[60] The Court found that Plaintiffs may establish liability and damages through survey data, representative testimony, documentary evidence, meal break data, and expert testimony.[61] Plaintiffs claim such evidence will demonstrate that class members were subject to common policies and were effectively "'On call' during their meal breaks."[62] Contrary to the Defendants argument, the trial plan consists of far more than a "proposal to bifurcate liability from damages."[63] Defendants have not produced a case that deems the Court's trial plan improper.[64] Furthermore, the case presents "no unique jurisdictional, choice-of-law, or liability issues" that could create manageability concerns.[65] Once again, Defendants fail to demonstrate how this Court erred.

In conclusion, Defendants merely re-hash unconvincing arguments this Court has thoroughly addressed, both in its previous orders and again in this one. Furthermore,

---

[60] R. Doc. 359-1 at p. 5.
[61] R. Doc. 357 at p. 25, 28.
[62] *Id.* at p. 27.
[63] R. Doc. 364-1 at p. 3.
[64] Defendants cite *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 579 (E.D. La. 2008) for the proposition that representative testimony is not representative of a class's experience and does not show that Plaintiffs are similarly situated. Although Plaintiffs claim this broadly prohibits representative testimony to establish liability, Johnson does not hold this. Instead, the trial judge in that case found that the evidence of opt-in plaintiffs' job experiences presented at trial, in particular the...survey results and plaintiffs' testimony, reveal[ed] substantial variations among the opt-in plaintiffs."
[65] *Musmec v. Schwegmann Giant Super Mkts.*, No. 97-2757, 2000 WL 1010254, at *6 (E.D. La. July 20, 2000) (finding that superiority was met in the absence of unique jurisdiction, choice-of-law, and liability issues); *see also Mullen v. Treasure Chest Casino, LLC,* 186 F.3d 620, 628 (5th Cir. 1999) (affirming a district court's ruling that superiority was met where the class was not a "million-person class," there were no complex choice-of-law issues, and there was no novel cause of action).

given that the Fifth Circuit will afford this Court's decisions some discretion,[66] Defendants appeal is unlikely to succeed on the merits.

### B. The equitable factors do not weigh in Defendants' favor.

Regardless of whether the Court considers Defendants' appeal likely to succeed, it also must consider (1) whether the movant will suffer irreparable harm absent a stay; (2) whether the non-movant will suffer injury if the stay is granted; and (3) whether a stay serves the public interest. Defendants fail to demonstrate that any of these factors weigh in favor of issuing a stay.

Defendants claim the stay would prevent injury to them and cause no prejudice to Plaintiffs, as a stay will prevent a potentially unnecessary expenditure of time and resources.[67] Plaintiffs dispute that Defendants will suffer irreparable harm without a stay. Instead, Plaintiffs claim they will suffer harm if the Court *does* grant a stay.[68]

The Court is not persuaded the Defendants will suffer irreparable harm absent a stay. As Plaintiffs note, the cases Defendants cite for the proposition that unnecessary pre-trial litigation constitutes irreparable harm involved much larger classes than the one in this case.[69] Those cases involved classes numbering in the thousands, while the present case consists of only a few hundred class members, at most.[70] The small size of this class renders the financial risk of litigating class issues during Defendants appeal less significant. Furthermore, this case is five years old, and a stay further increases the risk

---

[66] *See Innovention Toys, LLC v. MGA Ent., Inc.*, No. CV 07-6510, 2010 WL 11538657, at *2 (E.D. La. Apr. 14, 2010).
[67] R. Doc. 359-1 at pp. 6-7.
[68] R. Doc. 364 at pp. 9-10.
[69] *See Pena v. Taylor Farms Pacific, Inc.*, No. 2:13-CV-01282-KJM-AC, 2015 WL 5103157, at *5 (E.D. Cal. Aug. 31, 2015) ("[t]he class includes several thousand current and former employees...."); *Cruson v. Jackson Nat'l Life Ins. Co.*, No. 4:16-CV-00912, 2018 WL 2937471, at *5 (E.D. Tex. June 12, 2018) ("[t]he class in this matter numbers in the thousands or tens of thousands....").
[70] R. Doc. 364 at p.10.

10

of witnesses' memories failing them when litigation resumes.[71] Considering these factors, the Court finds that proceeding with this case will not cause Defendants irreparable harm, while its delay would prejudice Plaintiffs.

Finally, Defendants claim the stay is in the public interest because preventing needless litigation furthers judicial economy.[72] Defendants have not shown a stay is in the public interest. Granting Defendants' Motion will delay the resolution of claims that Plaintiffs initiated five years ago. It is in the interest of judicial economy for the Court to conclude Plaintiffs' lawsuit sooner, not to indefinitely extend it. In addition, while Defendants claim it is in the public interest to delay sending class notice before a court of appeals potentially de-certifies the class, the members of that class may simply be notified of the court's decision to de-certify in the event that occurs.[73] As a result, the Court finds that none of the equitable factors support granting Defendants' Motion to Stay.

The movants have not met their burden of establishing the four *Ruiz* factors. The Court will deny their Motion to Stay Pending Appeal of the orders certifying the class action.[74]

---

[71] See *Star Sys. Int'l v. Neology, Inc.*, Civil Action No. 4:18-CV-00574, 2019 WL 679138, at *7 (E.D. Tex. Feb. 19, 2019); *see Neonode Smartphone LLC v. Samsung Elecs. Co. Ltd.*, No. 6:20-cv-00507-ADA, 2023 WL 11915742, at *7 (W.D. Tex. Mar. 22, 2023) (finding that "a stay risks the loss of testimonial and documentary evidence potentially valuable to [the non-movant's] case"); *Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, 2015 WL 11110606, at *6 (E.D. Tex. Apr. 2, 2015) ("the longer this matter persists, the more likely it is that evidence and witnesses' memories will disappear or deteriorate.").
[72] R. Doc. 359-1 at p. 7.
[73] *Rosen v. J.M. Auto Inc.*, No. 07-61234-CIV, 2009 WL 7113827, at *1 (S.D. Fla. May 20, 2009).
[74] R. Docs. 338, 357.

## II. The Fifth Circuit does not have jurisdiction to hear an interlocutory appeal of the certification of the collective action or the denial of the Defendants' right to move for decertification of the collective action.

Defendants also seek to appeal this Court's orders certifying a collective action under the FLSA[75] and denying Defendants the opportunity to move for decertification of the collective using the *Lusardi* approach.[76] Rule 23 does not provide the Fifth Circuit jurisdiction over these appeals as the orders appealed do not grant or deny class certification.[77] Defendants claim the Fifth Circuit may still hear this appeal because these issues are inextricably intertwined with the Rule 23 class certification Order, creating pendant appellate jurisdiction.[78] Although the FLSA collective action and the Rule 23 class action arise from much of the same alleged conduct, this is not sufficient for the Fifth Circuit to exercise pendant jurisdiction.[79]

Plaintiffs cite *Gros v. City of Grand Prairie*, in which a party requested that the Fifth Circuit exercise pendant appellate jurisdiction over an interlocutory appeal because it arose from the same set of facts and practices as an appealable order.[80] The Court declined to do so, stating "despite the fact that these claims do overlap, they were treated separately by the district court; each has unique elements and relevant facts."[81] In addition, in *Woods v. Smith*, the Fifth Circuit again refused to assert pendant appellate jurisdiction despite the claims arising from the same set of facts.[82] The Court reasoned that such jurisdiction is proper only in rare circumstances when the issues are

---

[75] R. Doc. 129.
[76] R. Doc. 337. In their opposition to the Plaintiffs' Motion to Apply a Lenient Two-Step Certification Process, the Defendants argue that *Swales* does not allow district courts to continue to apply the *Lusardi* approach. R. Doc. 81 at pp. 1-2.
[77] FED R. CIV. P. 23(f).
[78] R. Doc. 364-1 at pp. 6-7.
[79] *See Silver Star Enterprises, Inc. v. M/V Saramacca* 19. F.3d 1008, 1014 (5th Cir. 1984).
[80] 209 F.3d 431, 437 (5th Cir. 2000); (R. Doc. 364-2 at p.12.)
[81] *Gros*, 209 F.3d at 437.
[82] 60 F.3d 1161, 1166 (5th Cir. 1995).

"inextricably intertwined," and the parties had not advanced a compelling enough justification to exercise it.[83]

In this case, Plaintiffs' state law claims in the class action for unjust enrichment and conversion have entirely different elements from their unpaid overtime FLSA claims.[84] Due to the distinct nature of the class action claim and the FLSA claim and the fact that Courts must apply different standards for certification, the Court does not consider these appeals inextricably intertwined. As a result, the Fifth Circuit has no jurisdiction to hear an appeal of the order certifying the collective action or denying the motion to decertify, and there is no basis for a stay of the collective action.

## CONCLUSION

**IT IS ORDERED** Defendants' Motion to Stay is **DENIED**.

**New Orleans, Louisiana, this 14th day of October, 2025.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[83] *Id.* at n. 29.
[84] R. Doc. 364 at pp. 6-7.