UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMY HAMM, ET AL.,**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **NO.  20-1515** |
| **ACADIA HEALTHCARE<br>CO., INC., ET AL.,**<br>    Defendants | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court is a Renewed Motion for Stay Pending Appeal filed by Acadia LaPlace Holdings, LLC and Ochsner-Acadia, LLC ("Defendants").[1] Amy Hamm and Joye Wilson ("Plaintiffs") filed an opposition,[2] and Defendants filed a reply.[3]

## LAW AND ANALYSIS

### I.  Stays pending the appeal of an interlocutory order are discretionary and rare.

The Defendants seek a stay pending the resolution of their appeal of this Court's interlocutory orders. Courts of Appeal have jurisdiction only over final decisions from district courts unless an exception allowing an interlocutory appeal applies.[4] Rule 23(f) provides one such exception, as it allows a party to seek permission to appeal an order granting or denying class certification within 14 days of its issuance. However, even if the Fifth Circuit grants permission to appeal under Rule 23(f), "[a] stay does not follow

---

[1] R. Doc. 374.
[2] R. Doc. 377.
[3] R. Doc. 378.
[4] 28 U.S.C. § 1291.

1

automatically from an interlocutory appeal."[5] In fact, stays issued pursuant to Rule 23(f) appeals are not only discretionary, but rare.[6]

An appellate court may hear an appeal of an interlocutory order regarding certification of an FLSA collective action only if the FLSA order is inextricably intertwined with the Rule 23(f) appeal such that pendant appellate jurisdiction exists.[7] Courts should exercise this form of jurisdiction only in "rare circumstances."[8]

## II. Defendant's Rule 23(f) class certification appeal does not warrant a stay at the district court level.

The Court will first address whether Defendant's Rule 23(f) class certification appeal warrants issuing a rare stay at the district court level. The Fifth Circuit provided four factors for consideration when determining whether to issue a stay pending appeal:

> (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest.[9]

The party moving for a stay bears the burden of establishing these elements.[10]

A movant may demonstrate a lesser standard of a substantial case on the merits, rather than a showing of likelihood of success on the merits (factor 1), only if "the balance of equities [factors 2, 3, and 4] weighs heavily in favor of granting the stay."[11] However, if

---

[5] *Nicholas v. Alcatel USA, Inc.*, No. 5:05-CV-43-DF, 2007 WL 972452, at *1 (E.D. Tex. June 19, 2007) (citing *Taylor v. Sterrett*, 640 F.2d 663, 668 (5th Cir. 1981)).
[6] *In re Cobalt Int'l Energy, Inc. Sec. Lit.*, No. CV H-14-3428, 2017 WL 3620590, at *4 (S.D. Tex. Aug. 23, 2017).
[7] *Thornton v. GMC*, 136 F.3d 450, 453 (5th Cir. 1998).
[8] *Woods v. Smith* 60 F.3d 1161, n.29 (5th Cir. 1995) (citing *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 51 (1995).
[9] *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981).
[10] *See id.*
[11] *Ruiz*, 650 F.2d at 565-66. When an appeal presents a serious legal question and the balance of equities weighs heavily in favor of granting a stay, the party moving for a stay may present a "substantial case on the merits" rather than the more stringent showing of likelihood of success on the merits. Because Defendants

the balance of equities does not heavily favor granting a stay, the Defendants must show a likelihood of success on the merits on the question of whether class certification was proper.[12]

This Court already has found that the three equitable factors do not weigh in favor of granting a stay.[13] First, Defendants have not shown they will suffer irreparable harm if the case is not stayed. While Defendants claim the class size has reached 1000 members,[14] this size is relatively small compared to other class action lawsuits in this circuit in which the district court has granted a stay.[15] The relatively small size of this class renders the financial risk of litigating class issues during Defendants appeal less significant.

In addition, further delaying this case will prejudice Plaintiffs. This case is five years old, and a stay further increases the risk of witnesses' memories failing them when litigation resumes.[16] While Defenadants cite *Earl v. Boeing Company* for the proposition that generalized concerns about spoliation of evidence and delaying resolution of a claim do not demonstrate prejudice,[17] the Court's concern regarding additional delay of these proceedings is not generalized. Plaintiffs' claims have gone unresolved for five years. Such a long length of time creates a concrete risk that relevant witnesses may not remember

---

do not show that the balance of equities weighs heavily in favor of granting a stay, the Court need not address whether their appeal presents a serious legal question.

[12] *Id.*
[13] R. Doc. 367 at pp. 10-11.
[14] R. Doc. 378 at p. 6.
[15] *See Pena v. Taylor Farms Pacific, Inc.*, No. 2:13-CV-01282-KJM-AC, 2015 WL 5103157, at *5 (E.D. Cal. Aug. 31, 2015) ("[t]he class includes several thousand current and former employees...."); *Cruson v. Jackson Nat'l Life Ins. Co.*, No. 4:16-CV-00912, 2018 WL 2937471, at *5 (E.D. Tex. June 12, 2018) ("[t]he class in this matter numbers in the thousands or tens of thousands....").
[16] See *Star Sys. Int'l v. Neology, Inc.*, Civil Action No. 4:18-CV-00574, 2019 WL 679138, at *7 (E.D. Tex. Feb. 19, 2019); *see Neonode Smartphone LLC v. Samsung Elecs. Co. Ltd.*, No. 6:20-cv-00507-ADA, 2023 WL 11915742, at *7 (W.D. Tex. Mar. 22, 2023) (finding that "a stay risks the loss of testimonial and documentary evidence potentially valuable to [the non-movant's] case"); *Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, 2015 WL 11110606, at *6 (E.D. Tex. Apr. 2, 2015) ("the longer this matter persists, the more likely it is that evidence and witnesses' memories will disappear or deteriorate.").
[17] 21 F.4th 895, 898 (5th Cir. 2021).

3

specific events related to the case. In addition, further delay of this case will prejudice Plaintiffs because they already have experienced significant delay in the resolution of their claims. Considering these factors, the Court finds that declining the stay will not cause Defendants irreparable harm, while staying the case will prejudice Plaintiffs.

Finally, Defendants have not shown a stay is in the public interest. It is in the interest of judicial economy for the Court to proceed with Plaintiffs' claims rather than further delaying a case that has been pending before this Court for five years. Furthermore, if the Fifth Circuit reverses this Court and de-certifies the class, the members of the putative class may simply be notified of the court's decision to de-certify at that time.[18]

None of the equitable factors supports granting Defendants' Motion to Stay. Because Defendants have not shown the balance of equities weighs heavily in favor of granting a stay, Defendants must demonstrate their appeal is likely to succeed on the merits. To demonstrate a likelihood of success on the merits, the movant must demonstrate "more than a mere possibility" of relief.[19] Courts in this circuit have been reluctant to find an appeal likely to succeed when the appeal simply reiterates facts and reasoning the court has previously addressed, especially when the appellate court must afford the district court's decision some discretion.[20]

---

[18] *Rosen v. J.M. Auto Inc.*, No. 07-61234-CIV, 2009 WL 7113827, at *1 (S.D. Fla. May 20, 2009).
[19] *Quintanilla v. United States*, 582 Fed.Appx. 412, 414 (5th Cir. 2014) (citing *Nken v. Holder* 556 U.S. 418, 434 (2009)).
[20] *See A. A. by & through P.A. v. Phillips*, No. CV 19-00770-BAJ-SDJ, 2021 WL 2589180, at *2 (M.D. La. June 24, 2021) (stating a Rule 23(f) petition was unlikely to succeed partially because defendants "merely repackage the same arguments soundly rejected in the Certification Order"); *see also Innovention Toys, LLC v. MGA Ent., Inc.*, No. CV 07-6510, 2010 WL 11538657, at *2 (E.D. La. Apr. 14, 2010) ("[h]aving previously found against defendants, the Court is not persuaded that the defendants have a strong probability of success on the merits. The defendants assert the same arguments previously advanced…[t]he Court considered these arguments in its prior rulings") ("because some of the Court's underlying rulings will be afforded some discretion on appeal, the defendants' success on the merits is correspondingly diminished").

Defendants' arguments that the appeal is likely to succeed on the merits simply reiterate facts and reasoning this Court already has addressed. This Court has laid out its reasons for certifying the class in multiple orders. Defendants have failed to present new arguments not already addressed by the Court. In fact, Defendants' appeal focuses largely on the merits of Plaintiffs' claims, rather than on whether the class should have been certified which is the issue on appeal. For this and other reasons discussed in previous orders, the Court finds Defendants have not met their burden of showing their appeal is likely to succeed on the merits.[21]

Finally, as statistical evidence of their appeal's likely success, Defendants argue that, nationally, 25% of Rule 23(f) appeals are granted and of these, national reversal rates are 54%.[22] However, as Plaintiffs point out, this is the national average of reversals.[23] The rate of reversals for Rule 23 appeals before the Fifth Circuit is 43%; not even half of the Rule 23 appeals in this circuit are successful.[24] These figures do not demonstrate the certainty of reversal that Defendants seem to believe exists.

---

[21] Defendants vehemently argue this Court improperly ignored the predominant benefit test in its certification analysis. R. Doc. 374-1 at pp. 4-5. It is correct the Court did not address the predominant benefit test in its certification analysis because that test focuses on merits-based questions which should not be addressed at the class certification stage. *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996). In making the argument that the Court should have considered the predominant benefit test, Defendants rely on *Dean v. Akal Sec., Inc.*, which lays out four factors for determining whether a meal break constitutes a predominant benefit for the employer. 3 F.4th 137, 144 (5th Cir. 2021) (citing *Bernard v. IBP, Inc. of Nebraska*, 154 F.3d 259, 265 (5th Cir. 1998)). The *Dean* and *Bernard* cases hold only that the frequency of actual interruptions is a factor in determining whether the predominant benefit is to the employer or the employee. The *Bernard* case did not involve an FLSA collective action nor a class action. Instead, *Bernard* addressed an appeal after a jury trial of individual FLSA claims. The *Dean* case concerned the appeal of a summary judgment ruling in favor of the employer in a collective action. The issues in both cases were the merits of the FLSA claims rather than the certification of a class action. Whether there were actual break interruptions will impact who gets the predominant benefit, but there is no indication in these cases that this question impacts whether a class should be certified. The Defendants overstate the support for their argument. The predominant benefits test will be considered on the merits of the case but not whether the class should be certified.
[22] R. Doc. 374-1 at p. 3.
[23] R. Doc. 377 at n.7.
[24] R. Doc. 374-1, Exh. A, p. 311.

5

Accordingly, Defendants have not met their burden of showing that a stay of the class action is warranted.

### III. The Fifth Circuit does not have jurisdiction to hear an interlocutory appeal of the certification of the collective action or the denial of the Defendants' right to move for decertification of the collective action.

The Court will now address whether the Fifth Circuit has pendant jurisdiction over Defendants' FLSA collective action interlocutory appeal. In its previous order denying Defendant's motion to stay, the Court held the Fifth Circuit did not have jurisdiction over Defendants' FLSA collective action appeal.[25] Defendants argue their FLSA appeal warrants a stay because it presents a novel legal question. Even if true, this is not the relevant analysis. Instead, the issue is whether pendant appellate jurisdiction exists.

An order certifying a collective action under the FLSA is not immediately appealable. The Fifth Circuit has jurisdiction to hear Defendant's FLSA appeal only if pendant appellate jurisdiction exists. Pendant appellate jurisdiction applies only when a final appealable order is inextricably intertwined with an unappealable order or where review of the unappealable order is necessary to ensure meaningful review of the appealable order;[26] it "is not to be used for the appeal of normally unappealable interlocutory orders that happen to be related, even closely related, to the appealable order."[27] As this Court did not find Defendants' FLSA appeal inextricably intertwined with its Rule 23 appeal, the Court held that the Fifth Circuit did not have jurisdiction over Defendants' FLSA appeal.[28] Defendants have offered no new substantive arguments refuting this analysis.

---

[25] *Id*. at pp. 12-13.
[26] *Thornton v. GMC*, 136 F.3d 450, 453 (5th Cir. 1998).
[27] *See Silver Star Enterprises, Inc. v. M/V Saramacca* 19. F.3d 1008, 1014 (5th Cir. 1984) (quoting *People of State of Illinois v. Peters*, 861 F.2d 164, 166 (7th Cir. 1988)).
[28] R. Doc. 367 at pp. 10-11.

Instead, the only argument Defendants offer as to why the Fifth Circuit has jurisdiction to hear their FLSA appeal is the fact that the Fifth Circuit granted their Rule 23(f) petition. Defendants argue that the Fifth Circuit's granting of their Rule 23(f) petition indicates the Fifth Circuit has affirmatively found it has jurisdiction over Defendants' FLSA claims. However, the Fifth Circuit's order merely states "[i]t is ordered that the motion for leave to appeal under Fed. R. Civ. P. 23(f) is granted." The order does not mention the FLSA claims, nor does it state that the court intends to hear Defendant's appeal "in full." Defendants cite cases for the proposition that, if the Fifth Circuit did *not* intend to hear Plaintiff's FLSA claims, it would have specified that the appeal was only of the Rule 23(f) order. The cases Defendants cite do not support this argument. In *Powers v. Clay*, the Magistrate Judge held that when a group of prisoners filed a Rule 23(f) appeal, the separate issue of whether the prisoners had to pay separate filing fees was non-appealable. This case does not support Defendant's argument that the Fifth Circuit would have specified in its order that it intended only to hear Defendants' Rule 23 appeal, if it believed it did not have pendant jurisdiction to hear Defendants' FLSA appeal. The second case cited, *Hawkland v. Hall*, merely states that the Fifth Circuit has pendant jurisdiction when an appealable order is inextricably intertwined with an unappealable order.[29] In that case, the Fifth Circuit exercised pendant jurisdiction over the issue of qualified immunity when the district court denied a defendant's motion to dismiss a First Amendment retaliation claim.[30] The *Hawkland* case did not deal with whether an order certifying a collective action is inextricably intertwined with an order certifying a class action. Likewise, *Hawkland* does not support Defendants' argument that, if the Fifth

---

[29] 860 Fed. Appx. 326, 328–29 (5th Cir. 2021).
[30] *Id.*

7

Circuit believed it did not have jurisdiction to hear Defendants' FLSA appeal, it would have expressly stated so in its order granting Defendants' Rule 23(f) petition.

The Fifth Circuit's order states only that Defendants' "motion for leave to appeal under Fed. R. Civ. P. 23(f) is granted." The order does not indicate that the Fifth Circuit will hear Defendants' FLSA collective action certification claims. This Court believes the Fifth Circuit does not have pendant jurisdiction over Defendants' FLSA appeal. As a result, this Court finds there is no basis for it to grant a stay of the FLSA collective action.

## CONCLUSION

**IT IS ORDERED** that Defendants' Renewed Motion for Stay Pending Appeal is **DENIED**.[31]

**IT IS FURTHER ORDERED** that Defendants produce the class contact information to Plaintiff's on or before **January 5, 2026**.

**New Orleans, Louisiana, this 17th day of December, 2025.**

*[signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[31] R. Doc. 374. Additionally, R. Doc. 375 is **DENIED AS MOOT**.